**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
IMERYS TALC AMERICA, INC.,                                   :   Case No. 19-_____ (__)
                                                             :
            Debtor.                                          :   Tax I.D. No. 84-1196358
                                                             :
------------------------------------------------------------ x


------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
IMERYS TALC VERMONT, INC.,                                   :   Case No. 19-_____ (__)
                                                             :
            Debtor.                                          :   Tax I.D. No. 03-0119050
                                                             :
------------------------------------------------------------ x


------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
IMERYS TALC CANADA INC.,                                     :   Case No. 19-_____ (__)
                                                             :
            Debtor.                                          :   Tax I.D. No. 98-1306748
                                                             :
------------------------------------------------------------ x

**DEBTORS' MOTION FOR ORDER**
**UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1**
**AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The debtors and debtors-in-possession in the above-captioned cases (collectively, the
"**Debtors**") hereby file this motion (the "**Motion**") for entry of an order, substantially in the form
attached hereto as Exhibit A (the "**Order**"), under Rule 1015 of the Federal Rules of Bankruptcy
Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy
Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the
"**Local Rules**"), authorizing the joint administration of the Debtors' chapter 11 cases for
procedural purposes only.  In support of the Motion, the Debtors rely upon and incorporate by

reference the *Declaration of Alexandra Picard, Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings*, filed with the Court concurrently herewith (the "**Picard Declaration**").  In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

**JURISDICTION**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

**BACKGROUND**

2.      On the date hereof (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases (the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The factual background regarding the Debtors, including their business operations and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the Picard Declaration and is fully incorporated herein by reference.

3.      The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

**RELIEF REQUESTED**

4.      By this Motion, the Debtors seek entry of the Order, substantially in the form of Exhibit A, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Chapter 11 Cases for procedural purposes only.

2

**BASIS FOR RELIEF**

5.    Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates.  Fed. R. Bankr. P. 1015(b)(4). Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate" in pertinent part, as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;
>
> (C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

6.    Further, Local Rule 1015-1 provides that:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

Del. Bankr. L.R. 1015-1.

7.    The Debtors in the Chapter 11 Cases include Imerys Talc America, Inc. and two of its affiliates: Imerys Talc Vermont, Inc. and Imerys Talc Canada Inc.  Imerys Talc Vermont, Inc. is a direct wholly-owned subsidiary of Imerys Talc America, Inc.  Imerys Talc America, Inc.

and Imerys Talc Canada Inc. are both indirect wholly-owned subsidiaries of non-debtor Imerys S.A.  As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).  Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

8.    The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect all of the Debtors.  The failure to jointly administer these cases would result in duplicative filings, which would then be served upon separate service lists.

9.    Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file the papers in one case only. Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for all of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates.

10.    As a result, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Also, joint administration will ease the burden on the office of the United States Trustee for the District of Delaware in supervising these bankruptcy cases. Finally, joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in the Chapter 11 Cases.

11.    The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights.  Each creditor and other party in interest

will maintain whatever rights it has against the particular estate in which it asserts a claim or

right.    Thus, all creditors will benefit from the reduced costs as a result of such joint

administration.

12.    Accordingly, the Debtors request that the official caption to be used by all parties

on all pleadings and other filings in the jointly administered cases be as follows:

```
------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
IMERYS TALC AMERICA, INC., et al.,[1]                        :    Case No. 19-_____ (____)
                                                             :
              Debtors.                                       :    Jointly Administered
                                                             :
------------------------------------------------------------ x
```

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

As reflected in the above caption, footnote 1 will set forth a complete listing of the Debtors'

names, as well as the last four digits of each Debtor's tax identification number and the Debtors'

mailing address.[1]

13.    The Debtors submit that use of this simplified caption, without reference to their

full respective tax identification numbers and other detail specified by section 342(c) of the

Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing

procedures and ensure a uniformity of pleading identification.    Further, such case-specific

information will be listed in the petitions for each Debtor, which are publicly available to parties

in interest or will be provided by the Debtors upon request.  In addition, this information will be

[1]    The current principal place of business for Imerys Talc America, Inc. and Imerys Talc Vermont, Inc. is 1732 North First Street, Suite 450, San Jose, California 95112.  Notwithstanding, the Debtors currently conduct business at 100 Mansell Court East, Suite 300, Roswell, Georgia 30076, and Imerys Talc America, Inc. and Imerys Talc Vermont, Inc. intend to move their principal place of business from the San Jose address to the Roswell address shortly after the Petition Date.

US-DOCS\105941825.1RLF1 20803789v.1

included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n) have been satisfied.

14.     In addition, the Debtors request that the Court make a separate docket entry on the docket of each of the Debtors' cases (except that of Imerys Talc America, Inc.), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Imerys Talc America, Inc., Case No. 19-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 19-_____ (___) should be consulted for all matters affecting this case.

15.     In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

16.     An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Del. Bankr. L.R. 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights. Indeed, the relief requested herein is commonly granted by numerous courts, including this Court. *See, e.g.*, *In re Claire's Inc.*, Case No. 18-10583 (MFW) (Bankr. D. Del. Mar. 20, 2018); *In re Aerogroup International, Inc.*, Case No. 17-11962 (KJC) (Bankr. D. Del. Sep. 18, 2017); *In re True Religion Apparel, Inc.*, Case No. 17-11460 (CSS) (Bankr. D. Del. Jul. 6, 2017); *In re TK Holdings Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Jun. 27, 2017); *In re Nuverra Environmental Solutions, Inc.*, Case No. 17-10949 (KJC) (Bankr. D. Del. May 2, 2017); *In re*

*BIND Therapeutics, Inc.*, Case No. 16-11084 (BLS) (Bankr. D. Del. May 3, 2016); *In re Venoco, Inc.*, Case No. 16-10655 (KG) (Bankr. D. Del. Mar. 21, 2016); *In re SDI Solutions LLC*, Case No. 16-10627 (CSS) (Bankr. D. Del. Mar. 16, 2016); *In re Paragon Offshore plc*, Case No. 16-10386 (CSS) (Bankr. D. Del. Feb. 17, 2016); *In re Verso Corporation*, Case No. 16-10163 (KG) (Bankr. D. Del. Jan. 27, 2016).

17.    For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

### CONSENT TO JURISDICTION

18.    Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

### NOTICE

19.    Notice of this Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; (d) the firms listed on the Debtors' consolidated list of the top thirty law firms with the most significant representations of parties asserting talc claims against the Debtors; (e) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims (excluding talc claims); (f) counsel to the prepetition representative for future talc claimants; (g) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (h) all parties entitled to notice pursuant to Local Rule 9013-1(m).  The Debtors submit that, under the circumstances, no other or further notice is required.

20.     A copy of this Motion is available on (a) the Court's website: www.deb.uscourts.gov, and (b) the website maintained by the Debtors' proposed Claims and Noticing Agent, Prime Clerk LLC, at https://cases.primeclerk.com/imerystalc.

**NO PRIOR REQUEST**

21.     No previous request for the relief sought herein has been made to this Court or any other court.


*[The remainder of this page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: February 13, 2019
       Wilmington, Delaware

/s/ Mark D. Collins

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  collins@rlf.com
      merchant@rlf.com
      steele@rlf.com

- and -

**LATHAM & WATKINS LLP**

Jeffrey E. Bjork (*pro hac vice* admission pending)
Helena G. Tseregounis (*pro hac vice* admission pending)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:  jeff.bjork@lw.com
      helena.tseregounis@lw.com

- and -

Richard A. Levy (*pro hac vice* admission pending)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  richard.levy@lw.com

- and -

George A. Davis (*pro hac vice* admission pending)
Keith A. Simon (*pro hac vice* admission pending)
Annemarie V. Reilly (*pro hac vice* admission pending)
885 Third Avenue
New York, New York 10022
Telephone:  (212) 906-1200
Facsimile:  (212) 751-4864
E-mail:  george.davis@lw.com
            keith.simon@lw.com
            annemarie.reilly@lw.com


*Proposed Counsel for Debtors and Debtors-in-Possession*

# **EXHIBIT A**

Proposed Order

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
------------------------------------------------------------ x
In re:                                        :    Chapter 11
                                              :
IMERYS TALC AMERICA, INC.,                    :    Case No. 19-_____ (__)
                                              :
              Debtor.                         :    Tax I.D. No. 84-1196358
                                              :
------------------------------------------------------------ x


------------------------------------------------------------ x
In re:                                        :    Chapter 11
                                              :
IMERYS TALC VERMONT, INC.,                    :    Case No. 19-_____ (__)
                                              :
              Debtor.                         :    Tax I.D. No. 03-0119050
                                              :
------------------------------------------------------------ x


------------------------------------------------------------ x
In re:                                        :    Chapter 11
                                              :
IMERYS TALC CANADA INC.,                      :    Case No. 19-_____ (__)
                                              :
              Debtor.                         :    Tax I.D. No. 98-1306748
                                              :
------------------------------------------------------------ x
```

## ORDER UNDER FED. R. BANKR. P. 1015 AND DEL. BANKR. L.R. 1015-1 AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion (the "**Motion**")[1] of the Debtors for an order under Bankruptcy Rule

1015 and Local Rule 1015-1, authorizing the joint administration of their Chapter 11 Cases; and

the Court having reviewed the Motion and the Picard Declaration; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

---

[1]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Case 19-10289-LSS    Doc 2    Filed 02/13/19    Page 13 of 15


*Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and it appearing that proper and adequate notice of the Motion has been given and that

no other or further notice is necessary; and upon the record herein; and after due deliberation

thereon; and the Court having determined that there is good and sufficient cause for the relief

granted in this order, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is GRANTED, as set forth herein.

2.      All objections to the entry of this Order, to the extent not withdrawn or settled, are

overruled.

3.      The above-captioned cases are consolidated for procedural purposes only and

shall be administered jointly under Case No. 19-_____ (____) in accordance with the

provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

4.      The caption of pleadings and other documents filed in the jointly administered

cases shall read as follows:

```
------------------------------------------------------- x
In re:                                                  :   Chapter 11
                                                        :
IMERYS TALC AMERICA, INC., et al.,[1]                   :   Case No. 19-_____ (____)
                                                        :
                 Debtors.                               :   Jointly Administered
                                                        :
------------------------------------------------------- x
```

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal tax
identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and

2

Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

As reflected in the above caption, footnote 1 shall set forth a complete listing of the Debtors' names, as well as the last four digits of each Debtor's tax identification number and the Debtors' address.

5.      The caption set forth above shall be deemed to satisfy any applicable requirements of section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n).

6.      All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Imerys Talc America, Inc., Case No. 19-_____ (___).

7.      A docket entry shall be made in the Chapter 11 Cases of the Debtors, other than Imerys Talc America, Inc., substantially as follows:

> An order has been entered in this case consolidating this case with the case of Imerys Talc America, Inc., Case No. 19-_____ (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 19-_____ (___) should be consulted for all matters affecting this case.

8.      Any creditor filing a proof of claim against any of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

9.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

10.      The procedural consolidation shall be for administrative purposes only and shall not be a substantive consolidation of the respective estates.

11.      This Order shall take effect immediately upon entry.

3

12.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2019
         Wilmington, Delaware

         _____
         UNITED STATES BANKRUPTCY JUDGE

4