# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------- x
In re:                                                        :    Chapter 11
                                                              :
IMERYS TALC AMERICA, INC., *et al.*,[1]                       :    Case No. 19-10289 (LSS)
                                                              :
         Debtors.                                             :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x    Re: Docket No. 16

## ORDER PURSUANT TO 11 U.S.C. § 105 ENFORCING
## THE PROTECTIONS OF 11 U.S.C. §§ 362, 365, 525, AND 541(c)

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order enforcing the protections of sections 362, 365, 525, and 541(c) of the Bankruptcy Code; and the Court having reviewed the Motion and the Picard Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. Pursuant to and to the extent set forth in section 362 of the Bankruptcy Code, the commencement of these Chapter 11 Cases shall operate as a stay, applicable to all persons (including individuals, partnerships, corporations, and all those acting for or on their behalf) and all foreign and domestic governmental units (and all those acting for or on their behalf) of:

   a. The commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Chapter 11 Cases, or an act to recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

   b. The enforcement, against the Debtors or against property of their estates, of a judgment obtained before the commencement of the Chapter 11 Cases;

   c. Any act to obtain possession of property of the estates or of property from the estates or to exercise control over property of the Debtors' estates;

   d. Any act to create, perfect, or enforce any lien against property of the Debtors' estates;

   e. Any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of the Chapter 11 Cases;

   f. Any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of the Chapter 11 Cases;

   g. The setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases, except as allowed under section 553 of the Bankruptcy Code; and

   h.  The commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of the Debtors for a taxable period the bankruptcy court may determine.

  3.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

  4.  Pursuant to and to the extent set forth in section 365(e) of the Bankruptcy Code, and notwithstanding a provision in an executory contract or unexpired lease, or in applicable law, an executory contract or unexpired lease of the Debtors may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on (i) the insolvency or financial condition of any or all Debtors or (ii) the commencement of the Chapter 11 Cases.

  5.  Pursuant to and to the extent set forth in section 525 of the Bankruptcy Code, a foreign or domestic governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, the Debtors or the Debtors' affiliates on account of (i) the commencement of the Chapter 11 Cases; (ii) the Debtors' insolvency; or (iii) the fact that the Debtors have not paid a debt that is dischargeable in Chapter 11 Cases.

  6.  Pursuant to and to the extent set forth in section 541(c) of the Bankruptcy Code, any interest of the Debtors in property becomes property of the estates, notwithstanding any provision in any agreement, transfer instrument, or applicable nonbankruptcy law, that: (a) restricts or conditions transfer of such interest by the Debtors, or (b) is conditioned on the insolvency or financial condition of the Debtors or on the commencement of the Debtors'

Chapter 11 Cases, and that effects or gives an option to effect a forfeiture, modification, or termination of the Debtor's interest in property.

7. This Order is intended to be declarative of and coterminous with, and shall neither abridge, enlarge nor modify, the rights and obligations of any party under sections 362, 365, 525, 541(c), and 553 of the Bankruptcy Code or any other provision of the Bankruptcy Code.

8. Nothing in the Motion or this Order, or any action taken by the Debtors in implementing this Order, shall be deemed or construed as (a) an admission as to the validity or priority of any claim against the Debtors or any lien on the Debtors' properties, or (b) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code, or (c) a waiver of the right of the Debtors, or shall impair the ability of the Debtors, to contest the validity and amount of any claim.

9. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any person to whom any claim may be owed.

10. Neither the provisions contained herein, nor any actions made by the Debtors pursuant to this Order, shall be deemed an admission as to the validity of any underlying obligation or a waiver of any rights the Debtors may have to dispute such obligation on any ground that applicable law permits.

11. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: **February 14th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

5