# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | Jointly Administered |
| | Hearing Date: March 20, 2019 at 2:00 p.m. (ET)<br>Objection Deadline: March 13, 2019 at 4:00 p.m. (ET) |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE PROPOSED FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY YOUNG CONAWAY STARGATT & TAYLOR, LLP AS HIS ATTORNEYS, *NUNC PRO TUNC* TO THE PETITION DATE

James L. Patton, Jr., as the proposed legal representative (the "Future Claimants' Representative") for persons that have not yet asserted an talc-related personal injury claim against the debtors and debtors-in-possession (the "Debtors") in the above-captioned chapter 11 cases (these "Chapter 11 Cases") but may in the future assert such a claim (the "Future Claimants"), submits this application (this "YCST Application") for entry of an order, pursuant to sections 105(a), 524(g) and 1103 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and substantially in the form attached hereto as Exhibit C (the "Proposed Order"), authorizing the Future Claimants' Representative to retain and employ Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as his attorneys, *nunc pro tunc* to the Petition Date. In support of this YCST Application, the Future Claimants' Representative relies upon the Declaration of Edwin J. Harron (the "Harron Declaration"), attached hereto as Exhibit A, and represents as follows:

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050) and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

## BACKGROUND

1. On February 13, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors continue in possession of their properties and continue to operate as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. No party has requested the appointment of a trustee or examiner in these cases, and no statutory committee has been appointed.

3. On February 27, 2019, the Debtors submitted to this Court a motion for entry of an order appointing James L. Patton, Jr. as the Future Claimants' Representative in these Chapter 11 Cases, *nunc pro tunc* to the Petition Date [Docket No. 100] (the "FCR Appointment Motion").

4. Contingent upon the Court entering an order appointing Mr. Patton as the Future Claimants' Representative, *nunc pro tunc* to the Petition Date, Mr. Patton seeks to retain Young Conaway as his counsel, *nunc pro tunc* to the Petition Date.

## JURISDICTION

5. The Court has jurisdiction over this YCST Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. The statutory bases for the relief requested herein are sections 105(a), 524(g) and 1103 of the Bankruptcy Code and Bankruptcy Rule 2014.

**RELIEF REQUESTED**

7. By this YCST Application, the Future Claimants' Representative respectfully requests the entry of the Proposed Order authorizing him to retain and employ as his attorneys the law firm of Young Conaway, *nunc pro tunc* to the Petition Date.

**BASIS FOR THE RELIEF SOUGHT**

8. Section 1103(a) of the Bankruptcy Code provides, in relevant part, as follows:

> At a scheduled meeting of a committee appointed under section 1102 of this title, at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

11 U.S.C. § 1103(a).

9. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtors, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

10. Relying upon section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014, courts in chapter 11 cases in many districts have authorized legal representatives for future claimants to retain counsel to assist them in performing their duties in the bankruptcy proceedings.  See, e.g., In re Duro Dyne Nat'l Corp., Ch. 11 Case No. 18-27963 (MBK) (Bankr. D. N.J. 2018); In re Bestwall LLC, Ch. 11 Case No. 17-31795 (LTB) (Bankr. W.D.N.C. 2017); In re Sepco Corp., Ch. 11 Case No. 16-50058 (AMK) (Bankr. N.D. Ohio 2016); In re Kaiser Gypsum Co., Ch. 11 Case No. 16-31602 (JCW) (Bankr. W.D.N.C. 2016); In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013); In re Rapid-Am. Corp., Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y. 2013); In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); In re United Gilsonite Labs., Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Garlock Sealing Techs., Ch. 11 Case No. 10-31607 (GRH) (Bankr. W.D.N.C. 2010); In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In re Specialty Prods. Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re The Flintkote Co., Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re Met-Coil Sys., Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003); In re Glob. Indus. Techs., Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re N. Am. Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Kaiser Aluminum Corp., Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re ACandS, Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re USG Corp., Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del. 2001); In re Federal-Mogul Glob. Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); In re The

Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Keene Corp., Ch. 11 Case No. 93-B-46090 (SMB) (Bankr. S.D.N.Y. 1994); and In re Johns-Manville Corp., Ch. 11 Case No. 82-B-11656 (BRL) (Bankr. S.D.N.Y. 1984). As disclosed below and in the accompanying Harron Declaration, Young Conaway is counsel to the legal representative in certain of these cases, among others.

11. Young Conaway is a general practice, litigation-oriented firm that maintains national, regional and local practices in the areas of corporate, bankruptcy, commercial, real estate, personal injury, employment, and environmental law. Young Conaway's Bankruptcy and Corporate Restructuring section has extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Moreover, Young Conaway has substantial experience in bankruptcy cases affecting the rights of asbestos and other mass-tort claimants:

(a) Young Conaway represented the legal representative for future claimants in the following asbestos bankruptcy cases that reached confirmation:[2] In re Yarway Corp., Ch. 11 Case No. 13-11025 (BLS) (Bankr. D. Del. 2013); In re Metex Mfg. Corp., Ch. 11 Case No. 12-14554 (BRL) (Bankr. S.D.N.Y. 2012); In re United Gilsonite Labs., Ch. 11 Case No. 11-2032 (Bankr. M.D. Pa. 2011); In re Specialty Prods. Holding Corp., Ch. 11 Case No. 10-11780 (JKF) (Bankr. D. Del. 2010); In re Leslie Controls, Inc., Ch. 11 Case No. 10-12199 (CSS) (Bankr. D. Del. 2010); In re Durabla Mfg. Co., Ch. 11 Case No. 09-14415 (MFW) (Bankr. D. Del. 2009); In re Porter-Hayden Co., Ch. 11 Case No. 02-54152-SD

---

[2] Mr. Patton was the future claimants' representative in the following bankruptcy cases: In re Yarway Corp., In re United Gilsonite Labs., and In re Leslie Controls, Inc.

(Bankr. D. Md. 2006); In re The Flintkote Co., Ch. 11 Case No. 04-11300 (JKF) (Bankr. D. Del. 2004); In re Mid-Valley, Inc., Ch. 11 Case No. 03-35592 (JKF) (Bankr. W.D. Pa. 2003); In re ACandS Inc., Ch. 11 Case No. 02-12687 (RJN) (Bankr. D. Del. 2002); In re Kaiser Aluminum Corp., Ch. 11 Case No. 02-10429 (JKF) (Bankr. D. Del. 2002); In re N. Am. Refractories Co., Ch. 11 Case No. 02-20198 (JKF) (Bankr. W.D. Pa. 2002); In re Glob. Indus. Techs., Inc., Ch. 11 Case No. 02-21626 (JKF) (Bankr. W.D. Pa. 2002); In re Federal-Mogul Glob. Inc., Ch. 11 Case No. 01-10578 (Bankr. D. Del. 2001); In re USG Corp., Ch. 11 Case No. 01-2094 (RJN) (Bankr. D. Del 2001); In re Armstrong World Indus., Inc., Ch. 11 Case No. 00-4471 (Bankr. D. Del. 2000); In re The Babcock & Wilcox Co., Ch. 11 Case No. 00-10092 (Bankr. E.D. La. 2000); In re Owens Corning, Ch. 11 Case No. 00-3837 (Bankr. D. Del. 2000); In re Pittsburgh Corning Corp., Ch. 11 Case No. 00-22876 (JKF) (Bankr. W.D. Pa. 2000); and In re The Celotex Corp., Ch. 11 Case No. 90-100016-8B1 (Bankr. M.D. Fla. 1996). In addition, Young Conaway represented the legal representative for future claimants exposed to tetrochloroethylene in In re Met-Coil Sys. Corp., Ch. 11 Case No. 03-12676 (MFW) (Bankr. D. Del. 2003).

(b)    Young Conaway currently represents the legal representative for future claimants in the pending bankruptcy cases of In re Duro Dyne Nat'l Corp., Ch. 11 Case No. 18-27963 (MBK) (Bankr. D. N.J. 2018), In re Bestwall LLC, Ch. 11 Case No. 17-31795 (LTB) (Bankr. W.D.N.C.

01:24196166.2

2017), In re Kaiser Gypsum Co., Ch. 11 Case No. 16-31602 (JCW) (Bankr. W.D.N.C. 2016), In re Rapid-Am. Corp., Ch. 11 Case No. 13-10687 (SMB) (Bankr. S.D.N.Y. 2013), and In re Sepco Corp., Case No. 16-50058 (AMK) (Bankr. N.D. Ohio 2016).[3]

(c)     Young Conaway represents the legal representative for future claimants in connection with asbestos personal injury settlement trusts[4] established from the ACandS, Babcock & Wilcox, Celotex, Federal-Mogul, Kaiser Aluminum, Porter-Hayden, Pittsburgh Corning, Flintkote, SPHC, UGL, Durabla, Leslie Controls, APG, NARCO, Metex, and Yarway bankruptcy cases.  In addition, Young Conaway represents the legal representative for future claimants in connection with the asbestos and silica settlement trusts established from the Mid-Valley (DII Industries, LLC) bankruptcy case, the legal representative for future claimants in connection with the asbestos settlement trust established from the bankruptcy case of In re Quigley Co., Ch. 11 Case No. 04-15739 (SMB) (Bankr. S.D.N.Y. 2004), and the legal representative for future claimants in connection with the Met-Coil TCE Trust.  Young Conaway also represents the State Insulation Corporation Asbestos Personal Injury Trust, of which Mr. Harron serves as the trustee.

---

[3] Motions are pending to appoint Mr. Patton as the future claimants' representative in the cases of In re The Fairbanks Co., Ch. 11 Case No. 18-41768-PWB (Bankr. N.D. Ga.) and In re Maremont Corp., Ch. 11 Case No. 19-10118-KJC (Bankr. D. Del.). If appointed, Mr. Patton will seek to retain Young Conaway as his counsel in those matters.

[4] Mr. Patton is the future claimants' representative for the Celotex, UGL, Leslie Controls, and Yarway trusts.

01:24196166.2

(d)     Young Conaway represented the debtor in the asbestos-related chapter 11 case of In re Fuller-Austin Insulation Co., Ch. 11 Case No. 98-2038 (JJF) (Bankr. D. Del. 1998), for which a plan was confirmed in 1998.

Accordingly, the Future Claimants' Representative believes that Young Conaway is well qualified to represent him in these Chapter 11 Cases.

## SERVICES TO BE PROVIDED

12.     The services that Young Conaway will perform will enable the Future Claimants' Representative to execute his duties and responsibilities in connection with these Chapter 11 Cases.  Subject to further orders of the Court, Young Conaway will render the following services, among others, to the Future Claimants' Representative:

(a)     Providing legal advice with respect to the Future Claimants' Representative's powers and duties as Future Claimants' Representative for the Future Claimants;

(b)     Taking any and all actions necessary to protect and maximize the value of the Debtors' estates for the purpose of making distributions to Future Claimants and to represent the Future Claimants' Representative in connection with negotiating, formulating, drafting, confirming and implementing a plan(s) of reorganization, and performing such other functions as are set forth in section 1103(c) of the Bankruptcy Code or as are reasonably necessary to effectively represent the interests of the Future Claimants;

(c)     Appearing on behalf of the Future Claimants' Representative at hearings, proceedings before the Court, and meetings and other proceedings in these Chapter 11 Cases, as appropriate;

(d)     Preparing and filing, on behalf of the Future Claimants' Representative, all applications, motions, objections, answers, orders, reports, and other legal papers as may be necessary and as may be authorized by the Future Claimants' Representative in connection with these cases;

(e)     Representing and advising the Future Claimants' Representative with respect to any contested matter, adversary proceeding, lawsuit or other proceeding in which the Future Claimants' Representative may become a party or otherwise appear in connection with these Chapter 11 Cases; and

(f)     Performing any other legal services and other support requested by the Future Claimants' Representative in connection with these cases.

The services listed above are necessary and essential to the Future Claimants' Representative. Young Conaway has agreed to act on the Futures Claimants' Representative's behalf in all of these respects upon the terms set forth in this YCST Application.

13.     Young Conaway intends to apply for compensation for professional services rendered in connection with these cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.  The attorneys and paralegals

presently designated to represent the Future Claimants' Representative and their current standard hourly rates are:

| | |
|---|---|
| Robert S. Brady (Partner) | $975 per hour |
| Edwin J. Harron (Partner) | $905 per hour |
| Sharon M. Zieg (Partner) | $785 per hour |
| Sara Beth A.R. Kohut (Counsel) | $600 per hour |
| Casey S. Cathcart (Paralegal) | $285 per hour |
| Lisa M. Eden (Paralegal) | $285 per hour |

The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Future Claimants' Representative in connection with the matters herein described.

14. The hourly rates set forth above are Young Conaway's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate Young Conaway for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. It is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and facsimile toll and other charges, mail and express mail charges, special or hand delivery charges, document processing, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the firm to outside copying services for use in mass mailings, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Young Conaway will charge for these expenses in a manner and at rates consistent with charges made generally to Young Conaway's other clients. Young

Conaway believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

15. Young Conaway understands that its fees and expenses in these Chapter 11 Cases will be subject to the requirements of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and any order entered by this Court establishing procedures for interim compensation and reimbursement of expenses of professionals.

16. As described in the FCR Appointment Motion, the Debtors provided to Young Conaway a retainer of $250,000 to pay the pre-petition fees and expenses of the Future Claimants' Representative and Young Conaway incurred while conducting due diligence of the Debtors and their talc-related personal injury claims. After reconciling, the balance of the retainer remaining is $233,970.19 as of the Petition Date. Attached hereto as <u>Exhibit B</u> is a summary of the pre-petition invoices and payments.

17. Young Conaway has informed the Future Claimants' Representative that, except as set forth in the Harron Declaration and other than Young Conaway's service as counsel to Mr. Patton in connection with his role as the pre-petition future claimants' representative and Mr. Patton's proposed role as the post-petition Future Claimants' Representative, Young Conaway represents no other entity in connection with these cases, and is disinterested as that term is defined in section 101(14) of the Bankruptcy Code.

**BEST INTERESTS OF THE ESTATE**

18. As set forth in the FCR Appointment Motion, prior to the Petition Date, the Debtors engaged Mr. Patton to act as a pre-petition legal representative for future claimants for the purpose of representing the interests of individuals who may in the future assert talc-

related demands against the Debtors. In connection with his pre-petition representation of Future Claimants, Mr. Patton retained Young Conaway to act as his counsel.

19. As counsel to the pre-petition future claimants' representative, Young Conaway engaged in extensive due diligence with representatives of the Debtors. This diligence process included, among other things, an analysis of the historical talc operations of the Debtors and their predecessors, the nature and extent of past and pending talc litigation against the Debtors, including the types of claims asserted, the legal issues raised, and any resolution of such claims, the projected value of present and future Talc Claims as well as the availability of insurance and third-party indemnification assets to manage such liabilities, and a valuation of the Debtors' assets. Young Conaway also assisted Mr. Patton with assessing the Debtors' corporate and transactional history and whether there was any potential for recovery from current or former affiliates of the Debtors based upon a variety of derivative liability theories, including alter ego, successor liability, and/or fraudulent conveyance.

20. Based on its pre-petition representation of Mr. Patton and the extensive diligence performed by Young Conaway, Young Conaway is already familiar with the Debtors, their corporate history, financial posture, and talc-related liabilities and litigation. Mr. Patton's retention of Young Conaway as his counsel will serve the interests of the Future Claimants and the Debtors' estates because the Future Claimants' Representative and Young Conaway can utilize the knowledge and experience gained from the firm's pre-petition service to efficiently represent and protect the interests of the Future Claimants. The retention of a law firm other than Young Conaway as counsel to the Future Claimants' Representative would be inefficient and require the Debtors' estates to incur additional costs as the law firm would have to perform duplicative work to learn about and become familiar with, *inter alia*, the Debtors, their corporate

history, financial posture, talc-related liabilities, and insurance assets. Such additional costs would only serve to unnecessarily deplete the Debtors' assets and delay these cases.

21. Since the Petition Date, the Future Claimants' Representative has continued to, among other things, engage in discussions with the Debtors and other parties in interest in connection with the administration of these cases. Accordingly, the FCR Appointment Motion seeks the appointment of the Future Claimants' Representative *nunc pro tunc* to the Petition Date. Because Young Conaway has assisted the Future Claimants' Representative in his efforts since the Petition Date, the proposed Future Claimants' Representative believes it appropriate that Young Conaway's retention be approved *nunc pro tunc* to the Petition Date.

22. Young Conaway's bankruptcy and restructuring attorneys are, in the Future Claimants' Representative's view, highly skilled. Further, as noted above, Young Conaway has already developed a detailed and substantial understanding of the Debtors and their history, business, claims posture, and assets and liabilities. The Future Claimants' Representative therefore believes that the retention of Young Conaway, effective as of the Petition Date, is in the best interest of the Debtors, their estates and creditors, as well as in the best interest of the Future Claimants.

## **NOTICE**

23. Notice of this YCST Application will be provided to (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; (d) the firms listed on the Debtors' consolidated list of the thirty law firms with the most significant representations of parties asserting talc claims against the Debtors; (e) the creditors listed on the Debtors' consolidated list of thirty creditors holding the largest unsecured claims (excluding talc claims); (f) counsel to the

prepetition representative for future talc claimants; and (g) those parties that have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Future Claimants' Representative submits that no other or further notice need be provided.

## **NO PREVIOUS REQUEST**

24. No previous request for the relief sought in this YCST Application has been made to this or any other Court.

WHEREFORE, the Future Claimants' Representative requests entry of the Proposed Order, authorizing him to employ and retain the firm of Young Conaway to represent him in these Chapter 11 Cases effective as of the Petition Date, and granting such other and further relief as is just and proper.

Dated: February 27, 2019   YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Edwin J. Harron*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Sara Beth A.R. Kohut (No. 4137)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
          eharron@ycst.com
          szieg@ycst.com
          skohut@ycst.com

*Proposed Counsel to the Proposed Future Claimants' Representative*