IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*, | Case No. 19-10289 (LSS) |
| Debtors. | (Jointly Administered) |

**CERTAIN EXCESS INSURERS LIMITED JOINDER TO CYPRUS' EMERGENCY MOTION FOR (I) INTERIM AND FINAL ORDERS GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER BANKRUPTCY CODE § 362(d) TO USE INSURANCE COVERAGE UNDER CYPRUS HISTORICAL POLICIES OR, IN THE ALTERNATIVE, (II) ADEQUATE PROTECTION UNDER BANKRUPTCY CODE §§ 361 AND 363(e) AND OBJECTION TO DEBTORS PROPOSED MODIFICATION TO AUTOMATIC STAY**

Certain Excess Insurers[1] join in asking that Cyprus be granted adequate protection in the form of temporary injunctive relief regarding the Asbestos Lawsuits and object to the modifications to the automatic stay proposed by the Debtors.

The bankruptcy law principles that apply to this issue are simple and straightforward. The Debtors do not have the option under the Bankruptcy Code to revise pre-petition insurance contracts to their satisfaction by using the automatic stay to effectively disregard some provisions while insisting that others must be honored. Nor do they have the option of breaching those agreements and simultaneously expecting the insurers to perform as if there had been no breach. There is no authority to support the Debtors' apparent position that Congress intended the automatic stay to be employed as a sort of line-item veto allowing debtors to modify the

---

[1] "Certain Insurers" as the term is used herein means Columbia Casualty Company, Continental Casualty Company, the Continental Insurance Company, as successor to CNA Casualty of California and as successor in interest to certain insurance policies issued by Harbor Insurance Company, Lamorak Insurance Company (formerly known as OneBeacon America Insurance Company), as successor to Employers' Surplus Lines Insurance Company, and Stonewall Insurance Company (now known as Berkshire Hathaway Specialty Insurance Company to the extent that they issued policies to Cyprus Mines Corporation prior to 1981).

automatic stay strategically to excuse what they consider to be undesirable or burdensome portions of pre-petition insurance contracts while simultaneously insisting that their counterparties perform under the unilaterally modified contract.

The Debtors must honor the pre-petition insurance contracts completely in order to obtain any of the benefits under them. Here, the pre-petition insurance contracts impose on the insured obligations not the least of which is that the insured must cooperate in the defense and settlement of claims. In none of the various proposed orders that the Debtors have circulated have they included language authorizing them to satisfy their obligations under the prepetition insurance contracts to cooperate in the ongoing defense and settlement of claims. Nor have they offered or agreed to modify the stay to allow them to do so.

It is not hard to understand why the Debtors' duty to cooperate in the defense is an essential material term of the prepetition insurance contracts. The Debtors have information, witnesses and documents vital to the ongoing defense. On an even more basic level, the Debtors cooperation is vital to ensure that they not do or say anything to undermine the defense and settlement of ongoing Asbestos/Talc Claims but rather aid insurers in making the best possible case.

The pre-petition insurance contracts confer on the insurers the right to control the defense and settlement of claims. For instance, National Union obligation to provide coverage is expressly condition on it having "the right to make such investigation and negotiation and settlement of any claim or suit as may be deemed expedient by the Company." These rights and obligations work together to align the parties' interests and effect the parties' overall intent. Any modification of any one set of rights and obligations changes the balance of risks that were assumed by the parties.

The Code does not give a bankruptcy court freewheeling license to use modifications of the automatic stay to rework a debtor's contracts to make them more favorable to the debtor. It is well settled that as to the debtor's contracts with third parties, "a trustee in bankruptcy cannot and does not acquire rights or interests superior to, or greater than, those possessed by the debtor." *Nisselson v. Lernout*, 469 F.3d 143, 154 (1st Cir. 2006); *see also In re Lucre*, 339 B.R. 648, 654-55 (Bankr. W.D. Mich. 2006) ("[T]he trustee or debtor in possession can have no greater or different rights than the debtor with respect to an executory contract . . . unless the Bankruptcy Code itself provides those rights.").

A debtor in bankruptcy assumes pre-petition contracts *cum onere*, *i.e.*, "as a whole," meaning that the "debtor cannot choose to accept the benefits of a contract and reject its burdens to the detriment of the other party to the agreement." *Richmond Leasing, Inc. v. Capital Bank N.A.*, 762 F.2d 1303, 1311 (5th Cir. 1985); *see also Lee v. Schweiker*, 739 F.2d 870, 876 (3d Cir. 1985) ("[A] debtor may not assume the favorable aspects of a contract (post-petition payments) and reject the unfavorable aspects of the same contract.").

Thus, a bankruptcy court could not, for example, use its power to modify the automatic stay to stay some terms of a loan agreement but not others so as to adjust terms of outstanding loan payments due to the debtor to accelerate payments or improve the interest owing—without the affected party being heard and fairly compensated. This is functionally identical to what the Debtors are asking the Bankruptcy Court to do here. The policies required insurers to pay money on behalf of their insured, but **only under certain strictly specified conditions**. The modifications to the automatic stay sought by the Debtors alter those conditions to Certain Excess Insurers' substantial detriment, without any purpose other than to pressure Cyprus.

Certain Excess Insurers reserve their rights to assert that the Debtors have breached their

3

policies and undermined the continued defense of claims by their actions.

Dated: March 13, 2019    Respectfully Submitted,

By: */s/ Stamatios Stamoulis*
    Stamatios Stamoulis (#4606)
    stamoulis@swdelaw.com

STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, Delaware 19801
Telephone:  +1 302 999 1540
Facsimile:  +1 302 762 1688

and

O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone:  +1 212 326 2000
Facsimile:  +1 212 326 2061

Tancred Schiavoni (*pro hac vice* pending)
tschiavoni@omm.com
Janine Panchok-Berry (*pro hac vice* pending)
jpanchok-berry@omm.com

*Counsel for Certain Excess Insurers*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2019, I electronically filed the above document with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis

OMM_US:76733255.3