**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | (Joint Administration Requested) |
| | **Objection Deadline**: TBD |
| | **Hearing Date**: TBD |

**MOTION OF CYPRUS MINES CORPORATION AND CYPRUS
AMAX MINERALS COMPANY FOR AN ORDER PURSUANT TO 28 U.S.C.
§ 1452 AND FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE
DEADLINE BY WHICH TO REMOVE CIVIL ACTIONS**

Cyprus Mines Corporation ("Cyprus Mines") and Cyprus Amax Minerals Company ("CAMC", and together with Cyprus Mines, "Cyprus"), by and through their undersigned counsel, hereby move the Court (the "Motion"), pursuant to 28 U.S.C. § 1452 and Rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending by 120 days the deadline by which Cyprus and their affiliates may file Notices of Removal (as defined herein) under Bankruptcy Rule 9027(a) (the "Removal Deadline"), from the current deadline of May 14, 2019, through and including September 11, 2019. In support of this Motion, Cyprus respectfully states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. ("Imerys") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

District of Delaware dated February 29, 2012. This matter is a core proceeding under 28 U.S.C. §§ 157(b)(2). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

2. Cyprus consents to the entry of a final order or judgment regarding this Motion by the Court if it is determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution

## BACKGROUND

### I. General Background

3. On February 13, 2018 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under the Bankruptcy Code. To date, the Debtors have continued in the possession and operation of their properties and businesses as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 5, 2019, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the Official Committee of Tort Claimants (the "Claimants' Committee") (D.I. 132).

### II. The Talc Lawsuits and Cyprus Historical Policies

5. The Debtors commenced these chapter 11 cases as a result of thousands of lawsuits brought by approximately 14,650 individual claimants against one or more of the Debtors (as of the Petition Date) in which the claimants allege injuries purportedly resulting from exposure to talc (the vast majority of which relate to exposure to cosmetic talc).

6. Cyprus Mines and/or CAMC (and in a few limited instances, certain of their affiliates) are named defendants in approximately 700 talc-related personal injury or wrongful death lawsuits (predominantly alleging mesothelioma and related injuries) (collectively, the "Talc Lawsuits"), the vast majority of which also name Imerys or another Debtor and J&J or a

J&J affiliate as a defendant.[2]  Cyprus Mines and CAMC both deny all liability in these Talc Lawsuits.[3]

7.     From 2016 until the Petition Date, Cyprus had been tendering to Imerys all Talc Lawsuits in which Cyprus Mines and/or CAMC is named as a defendant; and, consistent with certain transactional documents under which Cyprus Mines sold and transferred its talc business and liabilities to Imerys, Imerys accepted the tenders and assumed responsibility for the defense and disposition of those matters, to include responsibility for defense costs, settlements, and judgments.  In so doing, Imerys explicitly acknowledged that it assumed and now holds these historical talc-related liabilities.

8.     On the Petition Date, Imerys gave notice to Cyprus that it was immediately withdrawing its acceptance of Cyprus's tender of approximately 700 cases in which Cyprus Mines and/or CAMC were named as defendants, and that it would likewise decline to accept any new tenders of Talc Lawsuits by Cyprus.  Accordingly, one or both of the Cyprus entities are currently defending those Talc Lawsuits.

9.     On March 7, 2019, Imerys commenced an adversary proceeding, styled and numbered *Imerys Talc America, Inc., et. al v. Cyprus Amax Minerals Company and Cyprus Mines Corporation*, Adv. Pro. No. 19-50115 (the "Adversary Proceeding"), by filing its *Complaint for Injunctive and Declaratory Relief* (A.D.I. 1) (the "Complaint").  On March 29, 2019, Cyprus filed its *Amended Answer and Counterclaim of Cyprus Mines Corporation and Cyprus Amax Minerals Company to the Debtors' Complaint for Injunctive and Declaratory Relief* (A.D.I. 26) (the "Amended Answer and Counterclaim").  The issue to be resolved in the

---

[2]  Johnson & Johnson and Johnson Consumer Inc. (together, "J&J") has sought removal and transfer of claims against J&J in many talc-related lawsuits to the District of Delaware, as described in more detail below.

[3] With the filing of this Motion, Cyprus does not make any concessions or waive any rights to challenge the appropriateness of the party named as a defendant or responsible for judgment in any of the Talc Lawsuits.

Adversary Proceeding is whether the Debtors, Cyprus, or both, have rights to the proceeds of certain insurance policies, referred to by the parties as the "Cyprus Historical Policies," for talc-related claims. Prior to the Petition Date, both Cyprus and Imerys relied upon the Cyprus Historical Policies for defense costs, settlements, and judgments in defending against Talc Lawsuits. Discovery is well underway, and the Debtors and Cyprus are litigating the Adversary Proceeding on an expedited schedule. *See* A.D.I. 55 (setting expedited discovery, briefing, and trial deadlines).

**III.    The Debtors' Removal Deadline**

10.    Thousands of Talc Lawsuits remain pending against the Debtors in state and federal courts across the country. While those suits are stayed as to the Debtors, they have proceeded against the non-debtor defendants, including Cyprus Mines and CAMC.

11.    On February 27, 2019, the Debtors filed *Debtors' Motion for Order Under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9006(b) and 9027 Extending the Deadline By Which the Debtors May Remove Civil Actions* (D.I. 93) (the "Debtors' Removal Extension Motion"), seeking entry of an order extending the deadline by which only the Debtors may file notices of removal (the "Notices of Removal") under Bankruptcy Rule 9027(a), from the deadline of May 14, 2019, through and including September 11, 2019. On March 19, 2019, the Court entered an order approving the Debtors' Removal Extension Motion (D.I. 254) (the "Debtors' Removal Extension Order").

12.    Accordingly, the Debtors have until September 11, 2019 to remove state court actions, including the state court Talc Lawsuits. By contrast, pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2), the deadline for Cyprus and other parties to file Notices of Removal as to the Talc Lawsuits remains May 14, 2019 (the "Removal Deadline").

### IV.     J&J's Notice of Removal and Venue Motion

13.    On April 18, 2019, J&J filed in the United States District Court for the District of Delaware (the "Delaware District Court") a *Notice of Removal* (the "J&J Removal Notice"), removing to the Delaware District Court, pursuant to Bankruptcy Rule 9027 and 28 U.S.C. §§ 1334 and 1452, claims against J&J in a talc-related lawsuit pending in the Superior Court of Delaware, styled and numbered *Bartlett v. 3M Company, et al.*, Case No. N18C-01-074 ASB (the "Bartlett Talc Action"), in which J&J, CAMC, and Imerys, among others, are named as defendants.  The J&J Removal Notice appears to be one of many such removal notices that J&J has filed in talc-related litigation asserting claims against J&J (the "J&J Claims") pending in state courts throughout the country.

14.    On April 18, 2019, J&J also filed in the Delaware District Court, among other things, *Johnson & Johnson's and Johnson Consumer Inc.'s Motion to Fix Venue for Claims Related to Imerys's Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b)* (D.D.I. 1) (the "J&J Venue Motion") and a memorandum of law in support thereof (D.D.I. 2) (the "J&J Memorandum"), which the Delaware District Court has docketed as *In re Imerys Talc America, Inc., et al.,* Case No. 19-mc-00193 (MN).  The J&J Venue Motion seeks entry of an order fixing venue in the Delaware District Court for the J&J Claims in approximately 2,400 talc-related lawsuits pending in state trial courts and other federal courts.

15.    Cyprus Mines and/or CAMC (and, in a very few instances, certain of their affiliates), as named defendants in the Talc Lawsuits, are involved in many of the talc lawsuits (a) in which one or more of the Debtors is a named defendant, and (b) that are subject to the J&J Venue Motion.

## REQUESTED RELIEF

16. By this Motion, Cyprus seeks the entry of an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Rules 9006(b) and 9027, extending the Removal Deadline for Cyprus and its affiliates by 120 days, from May 14, 2019 through and including September 11, 2019, without prejudice to Cyprus's ability to request additional extensions to the Removal Deadline should it become necessary to do so. Cyprus respectfully requests that the proposed September 11, 2019 Removal Deadline apply to all matters specified in Bankruptcy Rules 9027(a)(2) and (3). The relief requested in this Motion by Cyprus is the same relief requested in the Debtors' Removal Extension Motion, which has already been granted as to the Debtors in the Debtors' Removal Extension Order.

## BASIS FOR RELIEF REQUESTED

17. The removal of pending civil actions is governed by 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in relevant part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). With respect to postpetition actions, Bankruptcy Rule 9027(a)(3) provides that a notice of removal may be filed:

. . . only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3). Under Bankruptcy Rule 9006(b), the Court may extend unexpired time periods, such as removal period, without notice:

[W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b).

18.    It is well settled, in this district and others, that this Court is authorized to extend, for cause, the removal period provided under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35 (1995) (explaining that the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *see also Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D. W.Va. 2000) ("Considered *in pari materia* with [Bankruptcy] Rule 9027, [Bankruptcy] Rule 9006 provides authority to enlarge the thirty-day time period for removing actions arising under the Bankruptcy Code."); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that the period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (noting that "it appears that the Supreme Court intended to give bankruptcy judges the powers to enlarge the filing periods" of Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) ("An expansion of time [to file notices of removal] is authorized under the [Bankruptcy] Rules").

19. Cyprus respectfully submits that cause exists to extend the Removal Deadline through and including September 11, 2019 for Cyprus and its affiliates, in order to provide Cyprus sufficient time to consider, on the same schedule as the Debtors, whether to seek removal of the Talc Lawsuits. As previously described, Cyprus Mines and/or CAMC are named as defendants in hundreds of Talc Lawsuits pending in various jurisdictions, the vast majority of which also named Imerys and J&J as defendants. Allowing Cyprus to consider removal of talc-related actions on the same timeline as the Debtors will further the goals of judicial economy and the prompt, fair, and complete administration of all claims against the Debtors.

20. Moreover, the Debtors, Cyprus, and other parties in interest are presently fully engaged in the ongoing Adversary Proceeding and other matters in the Debtors' bankruptcy cases. Cyprus respectfully submits that it would be less disruptive to the bankruptcy cases and the Adversary Proceeding to extend the Removal Deadline as requested herein rather than requiring Cyprus to determine whether to file Notices of Removal in hundreds of pending state court Talc Lawsuits by May 14, 2019. Granting an extension of the Removal Deadline would permit the Debtors and Cyprus to focus for now on the already numerous issues currently subject to litigation in these bankruptcy cases, including the Adversary Proceeding.

21. Accordingly, Cyprus respectfully submits that the Removal Deadline should be extended as to Cyprus and its affiliates as requested herein.

22. Cyprus further requests that the order approving this Motion be without prejudice to its right to seek further extensions of the Removal Deadline.

23. Finally, Cyprus has conferred with the Debtors, and the Debtors have stated to Cyprus that they have not decided what position they will take with respect to this Motion.

**NOTICE**

24. Notice of this Motion will be given to: (a) counsel for the Debtors; (b) the U.S. Trustee; (c) counsel to the Claimants' Committee; (d) counsel to the proposed future claims representative; (e) the firms listed on the Debtors' consolidated list of the top thirty law firms with the most significant representations of parties asserting talc claims against the Debtors; (f) counsel to the Certain Excess Insurers; and (g) all other parties who have requested notice in these cases pursuant to Bankruptcy Rule 2002. Cyprus submits that such notice is adequate and sufficient and that no other or further notice is required.

**WHEREFORE**, Cyprus respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 25, 2019
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Robert J. Dehney*
Robert J. Dehney (No. 3578)
Gregory Werkheiser (No. 3553)
Matthew O. Talmo (No. 6333)
1201 N. Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@mnat.com
gwerkheiser@mnat.com
mtalmo@mnat.com

- and -

**VINSON & ELKINS LLP**
Paul E. Heath
Matthew W. Moran
Katherine Drell Grissel
Trammell Crow Center
2001 Ross Avenue, Suite 3900
Dallas, TX 75201-2975
Telephone:  (214) 220-7700
Facsimile:  (214) 220-7716
pheath@velaw.com
mmoran@velaw.com
kgrissel@velaw.com

*Counsel to Cyprus Mines Corporation and Cyprus Amax Minerals Company*