# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

IMERYS TALC AMERICA, INC., *et al.*,[1]

Debtors.

Chapter 11

Case No. 19-10289 (LSS)

Jointly Administered

**Obj. Deadline: 5/14/2019 @ 4:00 p.m.**
**Hearing Date: 5/22/2019 @ 10:30 a.m.**

## APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF GILBERT LLP AS SPECIAL INSURANCE COUNSEL *NUNC PRO TUNC* TO MARCH 20, 2019

The Official Committee of Tort Claimants (the "Committee"), by its Chair, Robin Alander, hereby submits this application (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Committee to retain and employ Gilbert LLP ("Gilbert" or the "Firm") as its special insurance counsel in connection with the chapter 11 cases of Imerys Talc America Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), effective *nunc pro tunc* to March 20, 2019. In support of this Application, the Committee submits the Declaration of Maura Kolb (the "Kolb Declaration"), counsel to Robin Alander, Chair of the Committee, attached hereto as Exhibit B, and the Declaration of Kami E. Quinn, a partner of Gilbert (the "Quinn Declaration"), attached hereto as Exhibit C, each incorporated herein by reference. In further support of this Application, the Committee respectfully states as follows:

---

[1] The above-captioned debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. ("ITA") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

## BACKGROUND

1.      On February 13, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.      On March 5, 2019, the United States Trustee for the District of Delaware (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  *See* D.I. 132.  The Committee is composed of: (i) Robin Alander, represented by Mark Lanier and Maura Kolb of the Lanier Law Firm; (ii) Donna M. Arvelo, represented by Audrey Raphael of the law firm Levy Konigsberg LLP; (iii) Christine Birch, represented by Wendy M. Julian of the law firm Gori Julian & Associates, P.C.; (iv) Bessie Dorsey-Davis, represented by Amanda Klevorn of Burns Charest LLP; (v) Lloyd Fadem, as representative of the estate of Margaret Ferrell, represented by Steve Baron of the law firm Baron & Budd, P.C.; (vi) Timothy R. Faltus, as representative of the estate of Shari C. Faltus, represented by James G. Onder of the law firm OnderLaw LLC; (vii) Deborah Giannecchini, represented by Ted G. Meadows of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.; (viii) Kayla Martinez, represented by Leah Kagan of the law firm Simon Greenstone Panatier, P.C.; (ix) Lynne Martz, represented by the law firm Ashcraft & Gerel, LLP; (x) Nicole Matteo, represented by Christopher Placitella of the law firm Cohen, Placitella & Roth; and (xi) Charvette Monroe, as representative of the estate of Margi Evans, represented by John R. Bevis of the Barnes Law Group. *Id*.

3.      The Committee elected Robin Alander to serve as its Chair and Lloyd Fadem and Deborah Giannecchini to serve as its Vice-Chairs.

4.      After interviewing law firms for the position of its special insurance counsel, the Committee selected Gilbert to serve as its special insurance counsel on March 19, 2019.

## FACTS SPECIFIC TO THE REQUESTED RELIEF

### Qualifications

5.    The Committee selected Gilbert as its special insurance counsel because of the Firm's experience and expertise regarding products liability insurance coverage issues, in particular experience and expertise regarding preservation, evaluation, and maximization of coverage in the context of section 524(g) and other mass-tort bankruptcy proceedings.  The potential availability of insurance is an important issue in a mass-tort bankruptcy case and such insurance should provide a significant source of funding for a trust in these proceedings.

6.    The professionals at Gilbert have substantial experience in bankruptcy cases, including bankruptcies involving asbestos-related and other mass-tort insurance issues and have participated in numerous proceedings before various bankruptcy courts.  Gilbert represents or has represented debtors, chapter 7 trustees, official creditors' committees, and future claimants' representatives in bankruptcies filed in Delaware, New York, Ohio, Pennsylvania, Tennessee, Washington, and other jurisdictions.

7.    Gilbert currently serves as special insurance counsel to (i) the committee in the Sepco Corporation bankruptcy, (ii) both the committee and the future claimants' representative in the Rapid-American Corporation bankruptcy, and (iii) the committee in the Duro Dyne Corporation bankruptcy, which are all chapter 11 cases.  Gilbert also serves as special insurance counsel to Fraser's Boiler Service, Inc., Debtor, in its bankruptcy and Charles M. Forman, chapter 7 Trustee in the National Service Industries, Inc. bankruptcy.

8.    Gilbert has previously represented the committees of tort claimants and/or future claimants' representatives in various Chapter 11 reorganizations, including those of Babcock & Wilcox Company, Burns & Roe Enterprises, Inc., Christy Refractories Company, LLC, Church

3

Street Health Management LLC, *et al.*, Combustion Engineering, Inc., Geo V. Hamilton, Metex

Mfg. Corp. (f/k/a Kentile Floors, Inc.), Plibrico Company, and TK Holdings, Inc., *et al*., all of

which concluded with confirmed Chapter 11 plans.

9.     Gilbert currently represents various section 524(g) trusts which were created for

the benefit of asbestos claimants pursuant to the plans of reorganization confirmed in several

bankruptcies.  These include the Celotex Asbestos Settlement Trust, the Armstrong World

Industries, Inc. Asbestos Personal Injury Settlement Trust, the Babcock & Wilcox Company

Asbestos PI Trust, the ACandS Asbestos Settlement Trust, the Combustion Engineering Trust,

the Burns & Roe Asbestos Personal Injury Settlement Trust, the Federal-Mogul Asbestos

Personal Injury Trust, the Brauer Supply Company Trust, the Christy Refractories Personal

Injury Trust, the Hercules Chemical Company, Inc. Asbestos Trust, the J.T. Thorpe Successor

Trust and the Shook & Fletcher Asbestos Settlement Trust.

## Scope of Services

10.     The Committee anticipates that Gilbert's involvement in these cases will include,

*inter alia*, the following:

>     a.     analyzing all insurance policies under which the Debtors may have rights
>            and providing strategic advice to the Committee on steps to be taken to
>            preserve and maximize insurance coverage;
>
>     b.     attending meetings and negotiating with representatives of the Debtors,
>            their non-bankrupt affiliates, their insurance carriers, and other parties in
>            interest in these chapter 11 cases related to the preservation of insurance
>            coverage and resolution of disputed insurance coverage;

    c.   assisting the Committee with any insurance-related matters arising in connection with the formulation of a plan of reorganization and funding any trust for the payment of personal injury claims established under a plan;

    d.   performing such other insurance-related tasks as may be necessary during the course of these chapter 11 cases.

11.    The Committee requires knowledgeable counsel to render these professional services.  As noted above, Gilbert has substantial expertise in all of these areas.  Gilbert is well qualified to perform these services and to represent the Committee's interests in these chapter 11 cases.

## PROFESSIONAL COMPENSATION

12.    Gilbert will apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with Gilbert's representation of the Committee in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, any case-specific fee protocols approved by the Court after notice and a hearing and any other applicable procedures and orders of the Court.  Gilbert intends to make a reasonable effort to comply with the *Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016(a), and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Professionals* which establishes procedures and policies for interim compensation and reimbursement of professionals.  [D.I. 301].  Gilbert also intends to make a reasonable effort to comply with the UST's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Large Chapter 11 Cases Effective as of November 1, 2013, in connection with this Application and the interim and final fee applications to be filed by Gilbert in these chapter 11 cases.

13.     As set forth in the Quinn Declaration, Gilbert has agreed that it will charge for services performed during these chapter 11 cases and will apply to the Court for approval of such charges, on the basis of its hourly rates.  Gilbert proposes to charge the Committee for its legal services on an hourly basis at the rates generally used by Gilbert under its normal billing practices.  It is anticipated that the primary attorneys who will represent the Committee are Scott Gilbert (whose current hourly rate is $1,500), Kami E. Quinn (whose current hourly rate is $950), Heather Frazier (whose current hourly rate is $600), and Kellyn Goler (whose current hourly rate is $500).

14.     It is anticipated that other Gilbert attorneys or paraprofessionals will provide legal services on behalf of the Committee in connection with the matters described herein.  Gilbert's hourly rates range from $675 to $1,500 per hour for partners, $640 per hour for of counsel, $290 to $600 per hour for associates, and $190 to $300 per hour for paralegals.

15.     The hourly rates set forth above are Gilbert's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate fairly Gilbert for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Gilbert has informed the Committee that its hourly rates are subject to periodic adjustment in accordance with Gilbert's established billing practices and procedures.

16.     In addition to the hourly rates set forth above, it is Gilbert's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's case. The expenses charged to clients include, but are not limited to, conference call charges, major photocopying charges, courier and overnight delivery charges, travel-related charges (including mileage, parking, air or train fare, lodging, meals, and ground transportation), computerized research charges, filing fees, and any third-party costs incurred related to a representation.

Gilbert will charge for these expenses in a manner and at rates consistent with charges made generally to Gilbert's other clients and the Local Rules.

17.     Gilbert will maintain detailed records of fees and expenses incurred in connection with the rendering of the legal services described herein, in accordance with applicable rules and guidelines.

## DISINTERESTEDNESS

18.     To the best of the Committee's knowledge, and as detailed herein and in the Quinn Declaration: (a) Gilbert is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) Gilbert does not represent any person or entity having an interest adverse to the Committee in connection with these chapter 11 cases, (c) Gilbert does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which Gilbert is employed, and (d) Gilbert has no connection to the Debtors, their creditors, or any other party in interest except as disclosed in the Quinn Declaration. Gilbert will supplement the Quinn Declaration if and when it is necessary to disclose any further relationships that require disclosure in this bankruptcy case.

## JURISDICTION

19.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## RELIEF REQUESTED

20.      By this Application, the Committee requests entry of the Proposed Order authorizing the Committee to retain and employ Gilbert as its special insurance counsel in connection with these chapter 11 cases effective *nunc pro tunc* to March 20, 2019, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BASIS FOR RELIEF

21.      The Committee seeks to retain and employ Gilbert as its special insurance counsel pursuant to section 328(a) of the Bankruptcy Code, which provides that, subject to Court approval, a committee appointed pursuant to section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of [the Bankruptcy Code] . . . on any reasonable terms and conditions of employment.

11 U.S.C. § 328(a).

22.      In retaining counsel pursuant to section 328(a) of the Bankruptcy Code, a committee must comply with section 1103(b) of the Bankruptcy Code, which provides that:

> An attorney . . . employed to represent a committee appointed under section 1102 of [the Bankruptcy Code] may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case.

11 U.S.C. § 1103(b).

23.      Bankruptcy Rule 2014(a) requires that an application for an order approving the employment of counsel pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the [counsel] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [counsel's] connections with the debtor, creditors, any other party in interest, their respective attorneys and

8

accountants, the United States trustee, or any person employed in
the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

24.     Based on the facts and for the reasons stated herein and in the Kolb Declaration
and the Quinn Declaration, the retention of Gilbert as special insurance counsel to the Committee
is reasonable, necessary and appropriate, and satisfies the requirements of sections 328, 1102 and
1103(b) of the Bankruptcy Code and Bankruptcy Rule 2014(a).  The Committee respectfully
submits that the relief requested in this Application will enable the Committee to carry out its
duties under the Bankruptcy Code, is in the best interests of the Committee and of the tort
claimants represented by the Committee and should be approved by the Court.

## NOTICE

25.     Notice of this Application has been provided to: (a) the UST; (b) counsel for the
Debtors, including Latham & Watkins LLP and Richards Layton & Finger, P.A.; and (c) all
parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The
Committee respectfully submits that further notice of this Application is neither required nor
necessary.

## NO PRIOR REQUEST

26.     No prior motion for the relief requested herein has been made to this or any other
Court.

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated: April 30, 2019
Wilmington, Delaware

Respectfully submitted,
THE OFFICIAL COMMITTEE OF TORT CLAIMANTS

*/s/ Maura Kolb*
Robin Alander
c/o The Lanier Law Firm
Mark Lanier, Esquire and Maura Kolb, Esquire
Representative of the Chair of the Committee