**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | Jointly Administered |
|  | **Obj. Deadline: 6/18/2019 @ 4:00 p.m.** |
|  | **Hearing Date: 6/27/2019 @ 10:00 a.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS FOR AN ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DUCERA PARTNERS LLC AS INVESTMENT BANKER *NUNC PRO TUNC* TO APRIL 22, 2019 AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)**

The Official Committee of Tort Claimants (the "Committee") hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Committee to retain and employ Ducera Partners LLC and, where appropriate, Ducera Securities LLC, (collectively, "Ducera") as its investment banker in connection with the chapter 11 cases of Imerys Talc America Corp. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), effective *nunc pro tunc* to April 22, 2019.  In support of this Application, the Committee submits the Declaration of Agnes K. Tang (the "Tang Declaration"), partner at Ducera, attached hereto as Exhibit B and incorporated herein by reference.  In further support of this Application, the Committee respectfully states as follows:

---

[1]    The above-captioned debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. ("ITA") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

## BACKGROUND

1.      On February 13, 2019 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.      On March 5, 2019, the United States Trustee for the District of Delaware (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  *See* D.I. 132.  The Committee is composed of: (i) Robin Alander, represented by Mark Lanier and Maura Kolb of the Lanier Law Firm;[2] (ii) Donna M. Arvelo, represented by Audrey Raphael of the law firm Levy Konigsberg LLP; (iii) Christine Birch, represented by Wendy M. Julian of the law firm Gori Julian & Associates, P.C.; (iv) Bessie Dorsey-Davis, represented by Amanda Klevorn of Burns Charest LLP; (v) Lloyd Fadem, as representative of the estate of Margaret Ferrell, represented by Steve Baron of the law firm Baron & Budd, P.C.; (vi) Timothy R. Faltus, as representative of the estate of Shari C. Faltus, represented by James G. Onder of the law firm OnderLaw LLC; (vii) Deborah Giannecchini, represented by Ted G. Meadows of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.; (viii) Kayla Martinez, represented by Leah Kagan of the law firm Simon Greenstone Panatier, P.C.; (ix) Lynne Martz, represented by the law firm Ashcraft & Gerel, LLP; (x) Nicole Matteo, represented by Christopher Placitella of the law firm Cohen, Placitella & Roth; and (xi) Charvette Monroe, as representative of the estate of Margie Evans, represented by John R. Bevis of the Barnes Law Group.  *Id.*

3.      The Committee elected Robin Alander to serve as its Chair and Lloyd Fadem and Deborah Giannecchini to serve as its Vice-Chairs.

---

[2] Ms. Arvelo passed in May, 2019.  The Committee is working with the UST to have the executor of Ms. Arvelo's estate appointed to the Committee.

## FACTS SPECIFIC TO THE REQUESTED RELIEF

4.      On April 9, 2019, the Committee members heard presentations from a total of three (3) independent investment banking firms.  Following those initial presentations, the Committee requested additional information and answers to particular questions from certain of the candidates.  The Committee then reviewed each firm's qualifications, relevant experience, capabilities, and the additional information and responses to particular questions.  Following deliberations, on April 22, 2019, the Committee unanimously voted to retain Ducera as its investment banker in these chapter 11 cases.

5.      As set forth in the Tang Declaration, Ducera is an investment banking firm that maintains an office located at 499 Park Avenue, 16th Floor, New York, New York, 10022. Ducera is an independent investment bank that provides leading-edge capital structure and restructuring advice in workout and bankruptcy situations.  As an internationally recognized advisory firm, Ducera has substantial experience with providing restructuring advisory services both in and out-of-court, with an excellent reputation for services rendered in large and complex chapter 11 cases on behalf of debtors and official committees of unsecured creditors throughout the United States.

6.      The Committee believes that Ducera and the professionals that it employs are uniquely qualified to advise in the matters for which Ducera is proposed to be employed in these chapter 11 cases and respectfully submits that Ducera is qualified to serve the Committee as its investment banker.

## A.      Services to be Provided by Ducera

7.      The Committee anticipates that Ducera will render the following services, subject to applicable orders of the Court, and as requested by the Committee:

3

(a)  Assist with the review and render advice in connection with the value of (a) the Debtors and their non-debtor affiliates (collectively, the "Company"), and (b) the claims made by the Committee (directly or derivatively) including, but not limited to, assessments of insurance coverage and indemnification rights, assessments of supplier and manufacturer liability exposure, assessments of the Company's and its predecessors', including parent Imerys S.A.'s, abilities to contribute to the resolution of the Company's liability, and assess the exposure of any legacy owners of any of the Company's entities; and

(b)  Provide deposition and/or hearing testimony, as necessary, relating to matters on which Ducera has been engaged to perform its review and render advice to the Committee; and

(c)  Provide sales and transaction services, including, but not limited to:

  (i)  assisting with the evaluation, arrangement, structuring, and effectuation of a Transaction,[3] including identifying potential parties-of-interest and, at the Committee's request, (a) contacting and soliciting potential parties-of-interest, (b) assisting with the due diligence process (including assistance with the preparation of a data room, if necessary); and (c) negotiating the terms of any proposed Transaction;

  (ii)  analyzing the Debtors' financial liquidity and evaluating alternatives to improve such liquidity in connection with a Transaction; and

  (iii)  providing any other investment banking services as are customary for similar transactions and as may be mutually agreed upon by Ducera and the Committee, and directed by the Committee.

8.  Ducera has advised the Committee that, as set forth in the Tang Declaration and based on the conflicts procedures described therein that Ducera:

(a)  Does not have any connections with the Debtors, their estates, or creditors, nor any other party in interest, *except* as disclosed in the Tang Declaration;

(b)  Does not represent any entity having an interest adverse to the Committee in connection with these chapter 11 cases and does not hold any interest adverse to the Debtors' estates with respect to the matters for which it is to be employed; and

(c)  Is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

**B.    Professional Compensation**

---

[3] The term "**Transaction**" shall mean the sale or disposition in one or a series of related transactions of (x) a majority of the then-outstanding equity securities of the Debtors by the security holders of the Debtors; (y) all or substantially all of the assets and businesses of the Debtors and their subsidiaries, taken as a whole; or (z) a merger, consolidation or other business combination transaction.

9.      Ducera intends to apply for compensation for professional services rendered and reimbursement of expenses incurred at cost in connection with these chapter 11 cases, subject to the approval of the Court and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable fee guidelines established by the Office of the United States Trustee (the "U.S. Trustee Guidelines"), and any applicable orders of this Court.  As set forth in the Proposed Order and subject to any other applicable order of the Court, fees and expenses incurred under the retention shall be paid to Ducera.

10.      The Committee seeks the Court's approval of the following consideration for Ducera's services (the "Fee and Expense Structure") pursuant to this Application and the Proposed Order:

11.      In consideration of Ducera's services to the Committee pursuant to this Agreement, which the Debtors acknowledge and agree are in the interest of the Debtors, the Debtors hereby agrees to pay Ducera:

(a)      A non-refundable monthly cash fee of $175,000, due and payable on the first day of each month during this engagement,

(b)      A non-refundable advisory fee of (i) $1,500,000 payable on the earlier of: (x) Court approved settlement of the litigation, or (y) disbandment of the Official Committee of Tort Claimants; or (ii) $2,500,000 in the event Ducera renders services set forth in paragraph 7(b) of this Application payable within five (5) business days following the conclusion of such deposition, testimony, or hearing testimony; and

(c)      A $4,000,000 fee payable upon consummation of a Transaction (the "Transaction Fee"); *provided*, *however*, Ducera shall grant the Committee a one-time discount on the Transaction Fee equal to $87,500 for each month commencing ten  months after the written notice set forth herein through the Transaction (the "Ducera Discount"); *provided*, *further*, that the Ducera Discount shall only apply if any and all outstanding invoices have been paid before, or in connection with, the consummation of the Transaction and provided further that Ducera shall receive a minimum of $2,500,000.

To be clear, through this Application, Ducera is being authorized to perform these various scopes of work but is not being directed to perform such work.

12.     Ducera shall maintain records in support of any expenses incurred in connection with its services in these chapter 11 cases.  As Ducera's compensation will include only the fees set forth in this Application and the Transaction Fee (if any), the Committee requests, pursuant to Local Rule 2016-2(h), that Ducera not be required to file time records in accordance with Local Rule 2016-2(d), and that the applicable requirements of Bankruptcy Rule 2016(a), the U.S. Trustee Guidelines, and any otherwise applicable guidelines, orders or procedures of the Court be waived to the extent necessary to grant such relief.  Ducera will comply with the *Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016(a), and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Professionals* entered in this case.  *See* [D.I. 301].  Notwithstanding that Ducera does not charge for its services on an hourly basis, Ducera proposes to maintain records (in summary format) of its services rendered for the Committee in half hour increments.

## C.     Indemnification

13.     As part of the overall compensation payable to Ducera, the Debtor (but not the Committee) shall indemnify and hold harmless  (the "Indemnification Provision") Ducera, its affiliates, the respective members, managers, directors, officers, partners, advisors, representatives, agents, and employees of Ducera and its affiliates, and any person controlling Ducera and its affiliates (collectively, "Indemnified Persons") from and against, and no Indemnified Person shall have any liability (whether direct or indirect, in contract or tort or otherwise) to the Debtors or its owners, parents, affiliates, security holders or creditors (in their respective capacities as such) for, any losses, claims, expenses (including reasonable attorneys'

fees), damages or liabilities (including actions or proceedings in respect thereof) (collectively,

"Losses"):

(a)     Related to or arising out of: (x) the Committee's or Debtors' actions or failures to
        act (including statements or omissions made or information provided by the
        Committee, the Debtor, or their agents) in connection with the engagement; or,
        (y) actions or failures to act by an Indemnified Person with the Committee's or
        Debtors' consent or otherwise in reasonable reliance on the Committee's or
        Debtors' actions or failures to act in each case in connection with the engagement;
        or

(b)     Otherwise related to or arising out of the engagement, Ducera's performance
        thereof, or any other services Ducera is asked by the Committee to provide as set
        forth herein (in each case, including activities prior to the date hereof); except,
        however, the indemnification shall not apply to any Losses (nor shall the
        limitation of liability above apply) to the extent that they are the result of the bad
        faith, willful misconduct, or gross negligence of an Indemnified Person.

14.     The Committee and Ducera believe that the provisions of the Indemnification are

customary and reasonable for financial advisory and investment banking engagements, both in-

and out-of-court, and reflect the qualifications and limitations on indemnification provisions that

are customary in this district and other jurisdictions.

15.     The Indemnification Provision was fully negotiated between the Committee and

Ducera at arm's length and in good faith, and the Committee respectfully submits that the

Indemnification Provision, as may be modified by the Proposed Order, are reasonable and in the

best interests of the Debtors, its estates, and creditors. Accordingly, as part of this Application,

the Committee requests that this Court approve the Indemnification Provision.

**D.      Ducera's Disinterestedness**

16.     To the best of the Committee's knowledge, and as detailed herein and in the Tang

Declaration, the members and employees of Ducera do not have any adverse connection with the

Debtors, the Debtors' creditors, or any other party in interest or their respective attorneys and

accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

17.     To the best of the Committee's knowledge, Ducera is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b), in that, unless otherwise disclosed in the Tang Declaration, Ducera, it members, and employees do not:

(a)      Represent any person or entity having an interest adverse to the Committee in connection with these chapter 11 cases;

(b)     Hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which Ducera is employed; and

(c)     Have any connections with the Debtors, their creditors, or any other party in interest.

18.     Ducera will promptly review its files against any updated list of Parties-in-Interest (as defined in the Tang Declaration) received from the Debtors from time to time during the pendency of these chapter 11 cases pursuant to the procedures described in the Tang Declaration. To the extent any new relevant facts or relationships are discovered or arise in the course of such review, Ducera will promptly make additional disclosure to the Court as required by Bankruptcy Rule 2014(a).

## JURISDICTION

19.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 [and 2016-2(h)].

## RELIEF REQUESTED

20.     By this Application, the Committee requests entry of the Proposed Order (a) authorizing the Committee to retain and employ Ducera as its investment banker in connection

with these chapter 11 cases effective *nunc pro tunc* to April 22, 2019, pursuant to sections 328(a)

and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), Local Rule 2014-1 and in

accordance with the terms set forth in this Application and (b) granting a limited waiver of the

information requirements under Local Rule 2016-2(d), pursuant to Local Rule 2016-2(h).

**BASIS FOR RELIEF**

A.     **The Committee's Retention and Employment of Ducera is Reasonable and
       Appropriate Pursuant to Section 328(a) of the Bankruptcy Code and Bankruptcy
       Rule 2014.**

21.     The Committee seeks to retain and employ Ducera as its investment banker

pursuant to section 328(a) of the Bankruptcy Code, which provides that, subject to Court

approval, a committee appointed pursuant to section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional
> person under section 327 or 1103 of [the Bankruptcy Code] . . . on
> any reasonable terms and conditions of employment.

11 U.S.C. § 328(a).

22.     In retaining a professional pursuant to section 328(a) of the Bankruptcy Code, a

committee must comply with section 1103(b) of the Bankruptcy Code, which provides that:

> An attorney or accountant employed to represent a committee
> appointed under section 1102 of [the Bankruptcy Code] may not,
> while employed by such committee, represent any other entity
> having an adverse interest in connection with the case.

11 U.S.C. § 1103(b).

23.     Bankruptcy Rule 2014(a) requires that an application for an order approving the

employment of professionals pursuant to section 1103 of the Bankruptcy Code includes:

> [S]pecific facts showing the necessity for the employment, the
> name of the [firm] to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the [firm's] connections with the debtor, creditors, any other

9

> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014(a).

24.     Ducera's restructuring expertise, capital markets knowledge, financing skills, and

mergers and acquisitions capabilities were important factors in the Committee's decision to

engage Ducera in connection with these chapter 11 cases, and to approve the Fee and Expense

Structure and the other terms of Ducera's proposed engagement as described herein.

25.     The Committee believes the Fee and Expense Structure, Indemnification

Provision (as described *infra* in Section C) and the other proposed terms in this Application are

consistent with and typical of employment terms entered into by firms comparable to Ducera in

connection with similar engagements.  The Committee believes that the benefit of Ducera's

services cannot be measured by reference to the number of hours expended by Ducera's

professionals in the performance of Ducera's services set forth in this Application. The

Committee and Ducera have agreed upon the Fee and Expense Structure, Indemnification

Provision, and other proposed terms in anticipation that a substantial commitment of time and

effort will be required of Ducera and its professionals in connection with these chapter 11 cases

and in light of the fact that: (a) such commitment may foreclose other opportunities for Ducera;

and (b) the actual time and commitment required of Ducera and its professionals to perform its

services under this Application may vary substantially from week to week and month to month,

creating "peak load" issues for Ducera.

26.     In light of the foregoing and given the numerous issues that Ducera may be

required to address in the course of its engagement in these chapter 11 cases, Ducera's

commitment to the variable level of time and effort necessary to address all such issues as they

arise and the typical prices for Ducera's services for engagements of this nature both in an out-

of-court and chapter 11 context, the Committee believes that the Fee and Expense Structure, Indemnification Provision, and the other proposed terms of this Application are reasonable. Because the Committee seeks to retain Ducera under section 328(a) of the Bankruptcy Code, the Committee believes that Ducera's compensation should not be subject to any additional standard of review under section 330 of the Bankruptcy Code and does not constitute a "bonus" or fee enhancement under applicable law.

27.     Therefore, based on the facts and for the reasons stated herein and in the Tang Declaration, the Committee submits that the retention and employment of Ducera as investment banker to the Committee is necessary and appropriate; and that the terms of the Application satisfy section 328(a) of the Bankruptcy Code and should be approved by the Court, as modified by the Proposed Order.

**B.      Waiver of the Time-Keeping Requirements of Local Rule 2016-2(d) is Appropriate.**

28.     As noted above, pursuant to Local Rule 2016-2(h), the Committee requests that the requirements of Local Rule 2016-2(d), requiring, among other things, that any motion of a professional person for approval of compensation or reimbursement of expenses include a description of such professional's activities, recorded in tenths of an hour, be waived as to Ducera such that Ducera will be required only to maintain time records of its services rendered for the Committee in half-hour increments.

29.     Investment bankers such as Ducera do not typically charge for their services on an hourly basis.  Instead, they customarily charge a monthly advisory fee plus an additional fee that is contingent upon the occurrence of a specified type of transaction.  Consistent with this market practice, Ducera's compensation pursuant to this Application will consist of the Monthly Fees and, if applicable, the Transaction Fee, as described above.  Ducera will not be compensated

based on the number of hours expended by its personnel in the course of its engagement in connection with these chapter 11 cases.

30.    Accordingly, the Committee requests that Ducera be permitted to maintain appropriate records of its services rendered for the Committee in half hour increments, notwithstanding the requirements of Local Rule 2016-2(d), and that the requirements of Bankruptcy Rule 2016(a), the U.S. Trustee Guidelines, and any applicable orders or procedures of the Court also be waived to the extent necessary to grant such relief.  The Committee believes that this limited waiver of Local Rule 2016-2(d) will conserve time and resources for Ducera's personnel and enable Ducera to more efficiently advise the Committee, while the submission of records in half-hour increments will ensure appropriate transparency regarding Ducera's activities under the proposed retention.

31.    Courts in this district have previously granted relief similar to that requested herein, and waived the requirements of Local Rule 2016-2(d) to allow investment banking professionals to submit time records in half-hour increments. *See, e.g.*, *In re Energy Future Holdings Corp., et al.*, 14-10979 (CSS) (Bankr. D. Del. Oct. 20, 2014) [D.I. 2507, 3242, 3276] (order waiving time-keeping requirements with respect to investment banking firm pursuant to 2016-2(h)); *In re Exide Technologies*, 13-11482 (KJC) (Bankr. D. Del. Aug. 8, 2013) [D.I. 487] (same); *In re QCE Finance LLC, et. al.*, 14-10543 (PJW) (Bankr. D. Del. April 22, 2014) [D.I. 237] (same).

**C.    Approval of the Indemnification Provision is Appropriate.**

32.    The Committee believes that the Indemnification Provisions are customary and reasonable for investment banking engagements, both out of court and in chapter 11 proceedings. *See United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.)*, 315 F.3d 217, 234

(3d Cir. 2003) (finding that indemnification agreement between debtor and financial advisor was reasonable under section 328 of the Bankruptcy Code).  Such terms allow investment banks to offer advisory services to chapter 11 parties without exposure to open-ended liability.  Likewise, the proposed limitations on the Indemnification Provisions, as set forth in the Proposed Order, are customary for Ducera and other investment bankers and financial advisors engaged in similar chapter 11 cases.

33.    Courts in this and other districts have previously approved indemnification of investment banking professionals in recent chapter 11 cases on terms similar to the Indemnification Provisions, subject to limitations similar to those set forth in the Proposed Order. *See, e.g., In re Armstrong Energy, Inc.,* No. 17-47541 (Bankr. E.D. Mo. Nov. 01, 2017); *In re Toys "R" Us, Inc., No.* 17-034665 (Bankr. E.D. Va. Sept. 18, 2017); *In re The Gymboree Corp.,* No. 17-32986 (Bankr. E.D. Va. July 11, 2017); *In re Gordmans Stores, Inc.,* No. 17-80304 (Bankr. D. Neb. Mar. 13, 2017); *In re Penn Va. Corp.,* No. 16-32395 (Bankr. E.D. Va. July 6, 2016); *In re RCS Capital Corp.,* No. 16-10223 (Bankr. D. Del. Apr. 18, 2016); *In re Paragon Offshore plc,* No. 16-10386 (Bankr. D. Del. Apr. 5, 2016); *In re Arch Coal, Inc.,* No. 16-40120 (Bankr. E.D. Mo. Mar. 23, 2016); *In re Noranda Aluminum, Inc.,* No 16-10083 (Bankr. E.D. Mo. Mar. 18, 2016); *In re Abengoa Bioenergy US Holding, LLC,* No. 16-41161 (Bankr. E.D. Mo. Feb. 24, 2016); *In re Alpha Nat. Res., Inc.,* No. 15-33896 (Bankr. E.D. Va. Sept. 17, 2015); *In re Patriot Coal Corp.,* No. 15-32450 (KLP) (Bankr. E.D. Va. Jun. 10, 2015); *In re James River Coal Co.,* No. 14-31848 (Bankr. E.D. Va. May 9, 2014).

**NOTICE**

34.    Notice of this Application has been provided to: (a) the UST; (b) counsel for the Debtors including (i) Latham & Watkins LLP and (ii) Richards Layton & Finger, P.A.; and (c) all

parties requesting notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  The

Committee respectfully submits that further notice of this Application is neither required nor

necessary.

## NO PRIOR REQUEST

35.    No prior motion for the relief requested herein has been made to this or any other

Court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Committee respectfully

requests that the Court: (a) enter the Proposed Order granting the relief requested herein and

(b) grant such other and further relief as is just and proper.


Dated: June 4, 2019
       Wilmington, Delaware

                                  Respectfully submitted,

                                  THE OFFICIAL COMMITTEE OF TORT
                                  CLAIMANTS


                                  /s/ Maura Kolb
                                  Robin Alander, Chair of the Committee
                                  c/o The Lanier Law Firm
                                  Mark Lanier, Esquire and Maura Kolb, Esquire
                                  Representative of the Chair of the Committee