**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC., *et al.*,[1]<br><br>      Debtors. | Chapter 11<br><br>Case No. 19-10289 (LSS)<br><br>Jointly Administered<br><br>**Obj. Deadline: 6/18/2019 @ 4:00 p.m.**<br>**Hearing Date: 6/27/2019 @ 10:00 a.m.** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO EMPLOY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO APRIL 22, 2019**

   The Official Committee of Tort Claimants (the "Committee") of Imerys Talc America, Inc., *et al.* (the "Debtors" or "Imerys"), pursuant to sections 328(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), as applicable, and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the District of Delaware (as amended, the "Local Rules"), hereby submits this application (the "Application") for the entry of an order substantially in the form attached hereto as Exhibit A, authorizing the Committee to retain GlassRatner Advisory & Capital Group, LLC ("GlassRatner" or the "Applicant") as financial advisor for the Committee, *nunc pro tunc* to April 22, 2019.  In support of this Application, the Committee submits the Declarations of Ian Ratner, co-founder and Chief Executive Officer of GlassRatner (the "Ratner Declaration"), attached hereto as Exhibit B and Leanne Gould (the "Gould Declaration"), an independent contractor and founding member of L Gould LLC d/b/a Gould Consulting Services ("GCS")

---

[1]  The above-captioned debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers are: Imerys Talc America, Inc. ("ITA") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

working on behalf of GlassRatner, attached hereto as Exhibit C, and incorporate both herein by reference. In further support of this Application, the Committee respectfully represents that:

## BACKGROUND

1.      On February 13, 2019 (the "Petition Date"), the Debtors commenced the above-captioned chapter 11 cases ("Chapter 11 Cases").

2.      On March 5, 2019, the United States Trustee for the District of Delaware (the "UST") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.  *See* D.I. 132.  The Committee is composed of: (i) Robin Alander, represented by Mark Lanier and Maura Kolb of the Lanier Law Firm; (ii) Donna M. Arvelo, represented by Audrey Raphael of the law firm Levy Konigsberg LLP;[2] (iii) Christine Birch, represented by Wendy M. Julian of the law firm Gori Julian & Associates, P.C.; (iv) Bessie Dorsey-Davis, represented by Amanda Klevorn of Burns Charest LLP; (v) Lloyd Fadem, as representative of the estate of Margaret Ferrell, represented by Steve Baron of the law firm Baron & Budd, P.C.; (vi) Timothy R. Faltus, as representative of the estate of Shari C. Faltus, represented by James G. Onder of the law firm OnderLaw LLC; (vii) Deborah Giannecchini, represented by Ted G. Meadows of the law firm Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.; (viii) Kayla Martinez, represented by Leah Kagan of the law firm Simon Greenstone Panatier, P.C.; (ix) Lynne Martz, represented by the law firm Ashcraft & Gerel, LLP; (x) Nicole Matteo, represented by Christopher Placitella of the law firm Cohen, Placitella & Roth; and (xi) Charvette Monroe, as representative of the estate of Margie Evans, represented by John R. Bevis of the Barnes Law Group.  *Id.*

3.      On April 9, 2019 and April 22, 2019, the Committee heard presentations by six financial advisors seeking to be engaged by the Committee and reviewed the qualifications of

---

[2] Ms. Arvelo passed in May 2019.  The Committee is working with the UST to have the executor of Ms. Arvelo's estate appointed to the Committee.

each firm.  After discussing the relevant experience, capabilities, and other qualifications of each of the firms considered, the members of the Committee voted unanimously to engage GlassRatner as its financial advisor in these Chapter 11 Cases.

## FACTS SPECIFIC TO RELIEF REQUESTED

**A.**     **GlassRatner's Qualifications**

4.     GlassRatner is a multi-office specialty financial advisory services firm with its head office located at 3445 Peachtree Road, Suite 1225, Atlanta, Georgia 30326.  GlassRatner has a national reputation in the area of bankruptcy and restructuring advisory services and forensic accounting and litigation support services.  Significantly, GlassRatner is experienced with providing advisory services in matters involving mass tort claims and in class actions. Relevant case experience in this area includes the following:

a. Damages financial advisor and expert witness in class action case against TD Bank in connection with two hundred million dollar viatical Ponzi scheme.  Calculated damages and assisted counsel with mediation that led to a settlement (*Geaverts vs. TD Bank*);

b. Damages expert in connection with class action against Raymond James related to alleged over charging of trade based fees (*Brink vs. Raymond James & Associates*);

c. Damages expert in connection with class action against Raymond James related to alleged over charging of trade based fees (*Wistar vs. Raymond James Financial Services*);

d. Litigation support in defense of a class action lawsuit against Williams Communications, a result of its spin-off from Williams Energy;  and

e.   Damages expert in certain class action matters surrounding the allegations of credit card processors overcharging merchants credit card processing fees. GlassRatner has assisted in such matters as both plaintiffs (class) damages expert as well as defendant (processor) damages expert.

5.   GlassRatner is uniquely well-qualified to establish and understand the Debtors' "ability to pay" the tort claimants as demonstrated by the following case experience:

a.   GlassRatner was retained by the U.S. Department of Justice to evaluate the ability of BP PLC, an international oil company, to pay an $18 billion Clean Water Act penalty due to an oil spill in the Gulf of Mexico.  The GlassRatner team reviewed public and non-public documents, including company and third party projections, to determine historical and projected cash flows.  In addition, GlassRatner evaluated alternative sources of funding, besides cash flow from operations, the company could undertake to raise money.  Ian Ratner provided deposition and trial testimony in this matter;

b.   Ian Ratner testified on behalf of 11 separate plaintiffs in the *Engel Progeny* tobacco litigation matters.  Ian's testimony pertained to the ability of several tobacco companies to pay damages to the plaintiff, resulting in tens of millions of dollars in damages;

c.   GlassRatner was retained on behalf of Department of Justice Environment and Natural Resources Division for multiple ability to pay cases specifically related to companies facing environmental claims and clean-up costs; and

d.   GlassRatner was retained by the U.S. Department of Justice to review and analyze: (1) the evolution of the corporate structure of Peabody Energy Corporation ("Peabody") and its 152 direct and indirect subsidiaries; (2) the financial performance

of certain debtors, including the identification and quantification of intercompany transactions; (3) the economic viability of specific debtors; and (4) Peabody's ability to pay claims filed by United States of America on behalf of the Environmental Protection Agency and the Department of the Interior against Peabody and one of its indirect subsidiaries. Carol Fox provided testimony via a sworn declaration and deposition in this matter.

6.      As a result of the GlassRatner's expertise as accountants, valuation experts, and financial advisors with a successful track record of providing financial advisory services in complex bankruptcy and restructuring matters including advising debtors and creditors in bankruptcy proceedings, the Committee selected GlassRatner to provide financial advisory services to them.

7.      The Committee has requested that GlassRatner has agreed to provide such services as the Committee and its appointed counsel deem appropriate and feasible in order to advise the Committee in the course of these Chapter 11 Cases.

**B.      Services to be Provided**

8.      The Committee anticipates that the Applicant will render professional services to the Committee, that may include the following:

a.   Analyze the financial operations of the Debtors pre- and post-petition, as necessary;

b.   Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing and sale of the Debtors' assets;

c.   Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values;

d.   Assist the Committee in its review of monthly statements of operations submitted by the Debtors;

e.  Assist the Committee in its evaluation of cash flow and/or other projections prepared by the Debtors;

f.  Perform forensic investigation services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action;

g.  Analyze transactions with insiders, related, and/or affiliated companies;

h.  Analyze various cash management, shared services, and other agreements and arrangements between the Debtor and related parties;

i.  Determine whether the trust is appropriately funded;

j.  Assess the Debtors' ability to contribute to the trust additional amounts above the tender of the insurance proceeds;

k.  Testify at hearings from time to time as required by the circumstances; and

l.  Provide such other additional services as are requested by the Committee in the exercise of the Committee's duties.

9.      Contemporaneously with the filing of the Application, the Committee has also filed an application for an order authorizing the Committee to retain and employ Ducera Partners LLC ("Ducera") to provide investment banking services to the Committee.  GlassRatner will carry out unique functions and will use reasonable efforts to coordinate with the Committee's other retained professionals and to avoid the duplication of services with those provided by Ducera and the Committee's other retained professionals during the pendency of these Chapter 11 Cases.

10.      GlassRatner intends to use independent contractor GCS, as described in the Proposed Order and the Ratner Declaration, to perform the services described in paragraph 8 above without separate Court approval.

11.      Applicant has advised the Committee that, as set forth in the Ratner Declaration, the Gould Declaration, and based on the conflicts procedures described therein: (a) the Applicant

does not have any connections with the Debtors or Parties-In-Interest (as defined in the Ratner Declaration), except as disclosed in the Ratner Declaration and the Gould Declaration, (b) Applicant does not hold or represent any interest adverse to the Committee or the Debtors or their estates and (c) Applicant is a "disinterested person" under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code.

## C.        Professional Compensation

12.        The Committee understands that the Applicant intends to apply to the Court for allowance of compensation and reimbursement of expenses for financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and guidelines established by the United States Trustee. Applicant will comply with the *Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016(a), and Del. Bankr. L.R. 2016-2 Establishing Procedures for Interim Compensation and Reimbursement of Professionals* entered in this case.  D.I. 301.  Subject to the Court's approval, the Applicant intends to charge for services rendered to the Committee in these cases on the following terms (the "Fee Structure"):

a.   Fees for services provided will be based the customary hourly rates set forth below:

| Professional | Hourly Rate |
|---|---|
| Ian Ratner | $         650 |
| Leanne Gould | $         525 |
| Paul Dopp | $         550 |
| Carol Fox | $         475 |
| Other staff as necessary | $175-$425 |

b.   All out of pocket expenses will be billed at cost.

7

c.  In matters where travel is required, the Applicant will bill for one-half of the required travel time.

d.  From time to time, the Applicant reviews and revises its billing rates.  Applicant will provide adequate notice to the Court of any change in hourly rates.

13.     The Applicant will also seek reimbursement for reasonable and necessary expenses incurred in connection with these Chapter 11 Cases, including amounts invoiced to GlassRatner by GCS for professional fees and expenses incurred as an independent contractor of GlassRatner under the GCS Agreement (as defined in the Ratner Declaration). The Applicant and GCS will coordinate to ensure there is no overlap or duplication of services.

14.     Applicant will maintain records in support of its application for payment of any fees (in 1/10th of an hour increments), costs, and expenses incurred in connection with its services rendered in these Chapter 11 Cases.  These records will be arranged by category and nature of the services rendered, and will include reasonably detailed descriptions of those services provided on behalf of the Committee.

**D.     GlassRatner's Disinterestedness**

15.     To the best of the Committee's knowledge, as set forth in the Ratner Declaration and the Gould Declaration, GlassRatner and GCS: are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, (b) do not represent any person or entity having an interest adverse to the Committee in connection with these Chapter 11 Cases, (c) do not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which the Applicants are employed, and (d) have no connection to the Debtors, their creditors, or any other party in interest except as disclosed in the Ratner Declaration and the Gould Declaration.

16.    The Applicant will promptly review its files against any updated list of Potential Parties-In-Interest received from the Debtors from time to time during the pendency of these Chapter 11 Cases, pursuant to the procedures described in the Ratner Declaration.  To the extent any new relevant facts or relationships are discovered or arise in the course of such review, Applicant will promptly make additional disclosures to the Court as required by Bankruptcy Rule 2014(a).

## JURISDICTION AND VENUE

17.    This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

## RELIEF REQUESTED

18.    By this Application, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local Rule 2014-1, the Committee requests the Court enter the Proposed Order to employ and retain the Applicant as its financial advisor *nunc pro tunc* to April 22, 2019.  The Committee's employment of the Applicant is necessary and in the best interests of the estate, creditors, and parties in interest.

## BASIS FOR RELIEF

19.    The Committee seeks to retain and employ the Applicant as its financial advisor pursuant to section 328(a) of the Bankruptcy Code, which provides that, subject to Court approval, a committee appointed pursuant to section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional
> person under section . . . 1103 of [the Bankruptcy Code] . . . on
> any reasonable terms and conditions of employment.

11 U.S.C. § 328(a).

20.    Bankruptcy Rule 2014(a) requires that an application for an order approving the

employment of professional pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the
> name of the person to be employed, the reasons for the selection,
> the professional services to be rendered, any proposed arrangement
> for compensation, and, to the best of the applicant's knowledge, all
> of the person's connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

Fed. R. Bankr. P. 2014(a).

21.    The Committee has selected the Applicant as its proposed financial advisor in

light of their extensive experience assisting and advising debtors and other stakeholders in large

and complex chapter 11 cases, and the skills and capabilities of its professionals in such capacity.

The Committee believes that the proposed retention of the Applicant is in the best interests of the

Committee and will enable the Committee to more effectively and efficiently serve the interests

of the Debtors' tort creditors.

22.    The Committee believes that the Applicant's proposed compensation under the

Fee Structure is consistent with, and typical of, compensation arrangements entered into by the

Applicant and other comparable firms rendering similar services under similar circumstances.

The Committee believes that the Fee Structure, as may be modified pursuant to the Proposed

Order, is reasonably designed to fairly compensate the Applicant for its services in connection

with these Chapter 11 Cases.

23.     Pursuant to the Committee's request, the Applicant has acted as financial advisor since April 22, 2019.  The Applicant performed services prior to filing this Application with assurances that the Committee would seek approval of its employment and retention effective *nunc pro tunc* to April 22, 2019.  The Committee believes that no party in interest will be prejudiced by granting the *nunc pro tunc* employment of the Applicant, because the Applicant has provided, and continues to provide valuable services for the benefit of the Committee in these Chapter 11 Cases.

24.     Courts in this and other districts have frequently approved the retention of restructuring advisors and financial advisors in similar roles in chapter 11 cases on terms similar to the proposed terms of the Applicant's retention as described herein.  *See, e.g.*, *In re Bestwall, LLC*, 17-31795 (LTB) (Bankr. W.D.N.C. Feb. 14, 2018) [D.I. 256] (order authorizing retention of advisor on terms similar to the terms of this Application); *In re Specialty Products Holding Corp.*, 10-11780 (KJC) (Bankr. D. Del. Aug. 19, 2010), [D.I. 331] (same).  Therefore, based on the facts and for the reasons stated herein and in the Ratner Declaration and the Gould Declaration, the Committee submits that the retention and employment of the Applicant as financial advisor to the Committee is necessary and appropriate; and that the terms of the retention satisfy section 328(a) of the Bankruptcy Code and should be approved by the Court, as modified by the Proposed Order.

## **NOTICE**

25.     Notice of this Application has been provided to: (a) the UST; (b) counsel for the Debtors including (i) Latham & Watkins LLP and (ii) Richards Layton & Finger, P.A.; and (c) all parties requesting notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  The

Committee respectfully submits that further notice of this Application is neither required nor necessary.

### NO PRIOR REQUEST

26.     No prior motion or application for the relief requested herein has been made to this or any other Court.

### CONCLUSION

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court (a) enter the Proposed Order granting the relief requested herein and (b) grant such other and further relief as is just and proper.


Dated: June 4, 2019
          Wilmington, Delaware

Respectfully submitted,


THE OFFICIAL COMMITTEE OF TORT CLAIMANTS


*/s/ Maura Kolb*_____
Robin Alander, Chair of the Committee
c/o The Lanier Law Firm
Mark Lanier, Esquire and Maura Kolb, Esquire
Representative of the Chair of the Committee