**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | Jointly Administered |
| | **Ref. Docket Nos. 101, 374** |

**SECOND SUPPLEMENTAL DECLARATION OF EDWIN J. HARRON IN
SUPPORT OF APPLICATION FOR ENTRY OF ORDER AUTHORIZING THE
FUTURE CLAIMANTS' REPRESENTATIVE TO RETAIN AND EMPLOY YOUNG
CONAWAY STARGATT & TAYLOR, LLP, AND STATEMENT AS COUNSEL TO
THE PROPOSED FUTURE CLAIMANTS' REPRESENTATIVE
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014(a)**

I, EDWIN J. HARRON, ESQUIRE, hereby state as follows:

1.      I am a partner in the firm of Young Conaway Stargatt & Taylor, LLP ("Young

Conaway"), Rodney Square, 1000 North King Street, Wilmington, Delaware 19801.

2.      I submit this second supplemental declaration (the "Second Supplemental

Declaration") in support of the *Application for Entry of an Order Authorizing the Proposed*

*Future Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor,*

*LLP, as His Attorneys,* Nunc Pro Tunc *to the Petition Date* [Docket No. 101] (the

"Application").[2] Attached as Exhibit A to the Application was the *Declaration of Edwin J.*

*Harron in Support of Application for Entry of Order Authorizing the Proposed Future*

*Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor, LLP, and*

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050) and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

*Statement as Counsel to Proposed Future Claimants' Representative Pursuant to Federal Rule of Bankruptcy Procedure 2014(a)* (the "<u>Initial Declaration</u>").

3.        On April 18, 2019, I submitted the *Supplemental Declaration of Edwin J. Harron in Support of Application for Entry of an Order Authorizing the Proposed Future Claimants' Representative to Retain and Employ Young Conaway Stargatt & Taylor, LLP, as His Attorneys,* Nunc Pro Tunc *to the Petition Date* (the "<u>Supplemental Declaration</u>") [Docket No. 374] in response to certain inquiries from the Office of the United States Trustee for the District of Delaware (the "<u>U.S. Trustee</u>").

4.        The information set forth in this Second Supplemental Declaration is true and correct to the best of my knowledge, information and belief, insofar as I have been able to ascertain after reasonable inquiry.

5.        Young Conaway does not represent any clients who are asserting claims based on exposure to talc.

6.        None of the Young Conaway personnel involved in the representation of the Future Claimants' Representative in these chapter 11 cases have, personally, provided representation to any insurance company in any insurance-coverage litigation handled by Young Conaway.

7.        Young Conaway has no insurance-coverage representations related to talc. Since my Initial Declaration, Young Conaway has closed two of the matters referred to in paragraph 12 of my Initial Declaration. In both of those closed matters, the conflict-waiver provision, in full, is as stated in paragraph 5 of the *Second Supplemental Declaration of James L. Patton, Jr., in Support of the Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Talc Personal Injury Claimants,* Nunc Pro Tunc *to the Petition Date*

[Docket No. 554].Young Conaway's sole remaining active representation of insurance companies in a matter related to asbestos is through an engagement with a single agent utilizing a single engagement letter for several of the insurers listed in paragraph 12 of my Initial Declaration. The conflict-waiver provision in the engagement letter is the conflict-waiver provision that appeared in paragraph 7 of the *Supplemental Declaration of James L. Patton, Jr., in Support of the Debtors' Motion for Entry of an Order Appointing James L. Patton, Jr., as Legal Representative for Future Talc Personal Injury Claimants,* Nunc Pro Tunc *to the Petition Date* [Docket No. 527].

8.      Young Conaway has established an ethical wall between this matter and any matters in which Young Conaway represents insurance companies in coverage litigation. More specifically, Kathryn M. Jakabcin, who serves as Young Conaway's Director of Risk Management, implemented the ethical wall on or about May 8, 2019, and will be responsible for monitoring adherence to the ethical wall, with oversight from the firm's General Counsel. At Ms. Jakabcin's direction, the firm has implemented file screening to secure the pertinent records from access. The ethical wall is established by electronic limitation of access and notice of the limitation to firm attorneys and staff. Electronic limitation prevents unauthorized viewing of screened records. The ethical wall also prevents unauthorized access by means of a request for delivery of physical records. Notice to firm attorneys and staff of the implementation of the ethical wall decreases the chances of inadvertent unauthorized access and reminds all personnel of the duty to deny or report unauthorized access. Only a few members of firm administration may implement, amend, or remove file screens and only upon direction by an attorney responsible for the matter. As a result of this ethical wall, the Young Conaway personnel involved in the remaining active representation of insurance companies in a matter related to

asbestos will not be able to view or access material related to the FCR representation in these chapter 11 cases, and the Young Conaway personnel involved in the FCR representation in these chapter 11 cases will not be able to view or access material related to the remaining active representation of insurance companies in a matter related to asbestos.

9.      Consistent with the U.S. Trustee's *Appendix B—Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), which became effective on November 1, 2013,[3] I state as follows:

- Young Conaway has not agreed to a variation of its standard or customary billing arrangements for this engagement;

- None of the Firm's professionals included in this engagement have varied their rate based on the geographic location of these chapter 11 cases;

- Young Conaway was retained by James L. Patton, Jr. in connection with his Proposed FCR Agreement with the Debtors, dated September 25, 2018. The billing rates and material terms of the prepetition engagement are the same as the rates and terms described in the Application; and

- As set forth in the Proposed FCR Agreement, Young Conaway has provided, or will provide, James L. Patton, Jr. with a work plan and budget estimate for Young Conaway. In accordance with the U.S. Trustee Guidelines, the budget may be amended as necessary to reflect changed or unanticipated developments.

10.     As stated in paragraph 23 of my Initial Declaration, it is Young Conaway's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include among other things, photocopying,

---

[3]  The U.S. Trustee Guidelines themselves acknowledge that "the Guidelines do not supersede local rules, court orders, or other controlling authority." While the Future Claimants' Representative and Young Conaway intend to work cooperatively with the U.S. Trustee to address requests for information and any concerns that may have led to the adoption of the U.S. Trustee Guidelines, neither the filing of this Second Supplemental Declaration, nor anything contained herein, is intended to or shall be deemed to be an admission by Young Conaway that the Firm is required to comply with the U.S. Trustee Guidelines. Young Conaway reserves any and all rights with respect to the application of the U.S. Trustee Guidelines in respect of any application for employment or compensation filed in these cases.

scanning, witness fees, travel expenses, including airline upgrade certificates, certain secretarial

and other overtime expenses, filing and recordation fees, long distance telephone calls, postage,

express mail and messenger charges, computerized legal research charges and other computer

services, expenses for working meals and facsimile charges. Young Conaway bills these

expenses to its clients without mark-up and makes no profit from these expenses.

11.    If any new relevant facts or relationships bearing on the disclosures in my Initial

Declaration, Supplemental Declaration, or Second Supplemental Declaration are discovered or

arise, I will use reasonable efforts to identify such further developments and will promptly file a

further supplemental declaration.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed this 5th day of June, 2019.

*/s/ Edwin J. Harron*
Edwin J. Harron (No. 3396)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
(302) 571-6600