**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10289 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 654** |

**ORDER (A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DUCERA PARTNERS LLC AND DUCERA SECURITIES LLC AS INVESTMENT BANKER *NUNC PRO TUNC* TO APRIL 22, 2019 AND (B) WAIVING CERTAIN INFORMATION REQUIREMENTS PURSUANT TO LOCAL RULE 2016-2(h)**

Upon the application (the "Application")[2] of the Official Committee of Tort Claimants (the "Committee") for entry of an order (this "Order") authorizing the Committee to retain and employ Ducera Partners LLC and Ducera Securities LLC (collectively, "Ducera") as the Committee's investment banker in connection with the chapter 11 cases of Imerys Talc America, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), effective *nunc pro tunc* to April 22, 2019; it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); upon the *Declaration of Agnes K. Tang in Support of the Application of the Official Committee of Tort Claimants for an Order (A) Authorizing the Retention and Employment of Ducera Partners LLC*

---

[1] The above-captioned debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. ("ITA") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Application unless otherwise noted.

as Investment Banker *Nunc Pro Tunc* *to April 22, 2019 and (B) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* (the "Original Declaration"), attached as Exhibit B to the Application; and upon the *Supplemental Declaration of Agnes K. Tang in Support of the Application of the Official Committee of Tort Claimants for an Order (A) Authorizing the Retention and Employment of Ducera Partners LLC as Investment Banker* Nunc Pro Tunc *to April 22, 2019 and (B) Waiving Certain Information Requirements Pursuant to Local Rule 2016-2(h)* filed as Exhibit A to the reply in support of the Application [D.I. 857] (the "Supplemental Declaration" and with the Original Declaration, the "Tang Declaration"); and considering the arguments and presentations of counsel at the hearing on July 24, 2019; and this Court being satisfied based on the representations made in the Application and the Tang Declaration that (a) Ducera is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, (b) Ducera does not represent any person or entity having an interest adverse to the Committee in connection with these chapter 11 cases, (c) Ducera does not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which Ducera is employed, (d) Ducera has no connection to the Debtors, their creditors, or any other party in interest except as disclosed in the Tang Declaration and (e) the retention and employment of Ducera as investment banker to the Committee, effective *nunc pro tunc* to April 22, 2019, is reasonable, necessary, and appropriate and is in the best interests of the Committee; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections to the Application, including the objection [D.I. 740] to the Application filed by the

Office of the United States Trustee (the "UST") having been withdrawn, overruled, or otherwise resolved; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is APPROVED as set forth herein.

2. In accordance with Bankruptcy Code sections 328(a) and 1103(a), the Committee is hereby authorized to employ and retain Ducera as investment banker in the Debtors' chapter 11 cases, effective as of April 22, 2019, upon the terms and conditions set forth in the Application, the Tang Declaration, including, without limitation the Indemnification Provision (as defined in the Original Declaration), and the Transaction Fee (as defined paragraph 9(c) of the Supplemental Declaration), as modified by the provisions of this Order.

3. Ducera is authorized to perform the following services on the Committee's behalf as set forth in paragraph 10 of the Supplemental Declaration:

    (a). *Advisory Services*.

        (i) *Analysis of Claims*. Assisting with the assessment of, and advising the Committee and its professionals in connection with, the potential value of various estate assets, including obligations that may be owed to the Debtors by third parties, and the collectability of those assets;

        (ii) *Sources of Value*. Evaluating the Debtors' and their corporate family's ability to contribute to the resolution of the Debtors' liability. Among other things, Ducera will provide advice and analysis to the Committee in connection with the Committee's assessment of the Debtors' approach(es) to maximizing the value associated with their assets including, in particular, the impact of various transaction structures on the Committee's ability to maximize potential sources contribution to any creditor trust established in these cases;

        (iii) *Projection / Business Valuations*. Analyzing, and advising the Committee in connection with: (a) projections and business valuations including value implications as part of restructuring negotiations, asset and entity level projections; and (b) evaluation of assets at entity level; and

    (iv) *Go-forward Business Evaluation / Case Administration.* Assisting with the assessment of, and advising the Committee and its professionals in connection with: (a) the funding of a claimants' trust; (b) business plan review; (c) the monetization process; (d) case administration; and (e) restructuring alternatives and proposal analyses. This work includes advising the Committee in connection with the most effective and efficient means of funding the claimants' trust and the most effective and efficient means of monetizing an asset (as well as the ability to maximize value of such an asset).

  (b). <u>Sales & Transaction Services</u>.

    (i) Assisting with the evaluation, arrangement, structuring, and effectuation of a Transaction, including identifying potential parties-of-interest and, at the Committee's request: (a) contacting and soliciting potential parties-of-interest; (b) assisting with the due diligence process (including assistance with the preparation of a data room, if necessary); and (c) negotiating the terms of any proposed Transaction; and

    (ii) Analyzing the Debtors' financial liquidity and evaluating alternatives to improve such liquidity in connection with a Transaction. As part of this work Ducera will advise the Committee in connection with efforts to evaluate the Debtors' liquidity as well as potential transactions designed to improve such liquidity, including the short-term and long-term implications of potential transactions.

  (c). <u>Testimony Services</u>. Providing deposition and hearing testimony, as necessary, relating to matters on which Ducera has been engaged; and

  (d). <u>Additional Services</u>. Providing any other investment banking services as are customary for similar transactions and as may be mutually agreed upon by Ducera and the Committee, and directed by the Committee and its professionals.

4. In consideration of Ducera's services to the Committee, Ducera will receive the following compensation:

  (a). A monthly cash fee of $175,000 (the "<u>Monthly Fee</u>");

  (b). An advisory fee (the "<u>Advisory Fee</u>") to be earned upon confirmation of a chapter 11 plan in these cases of either: (x) $1,500,000, or (y) in the event Ducera renders deposition testimony (other than document authentication) or is qualified as an expert and provides expert testimony during these

        chapter 11 cases, $2,500,000.  Only one Advisory Fee may be earned by Ducera; and

    (c).    A fee (the "Transaction Fee") to be paid upon the consummation of each Transaction[3] which, when taken together, cannot exceed the lower of:  (a) $4,000,000; or (b) 5% of the value of the cash and non-cash assets paid in connection with the Transactions; *provided*, *however*, Ducera shall grant the Committee a one-time discount on the Transaction Fee equal to $87,500 for each month commencing ten months after the retention date of April 22, 2019 through the Transaction (the "Ducera Discount"); *provided*, *further*, that the Ducera Discount shall only apply if any and all outstanding invoices have been paid before, or in connection with, the consummation of the Transaction and provided further that Ducera shall receive a minimum of $2,500,000.

5.    Pursuant to the terms of the Application, Ducera is entitled to reimbursement for reasonable expenses incurred in connection with the performance of its retention pursuant to the Application in accordance with the applicable provisions of the Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Compensation Procedure Order (as defined below) and any other applicable order of this Court, and the fee guidelines promulgated by the Office of the U.S. Trustee.

6.    None of the fees payable to Ducera shall constitute a "bonus" or fee enhancement under applicable law.

7.    Ducera shall file monthly, interim, and final fee applications for the allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, including the *Order Under 11 U.S.C. §§ 105(a) and 331, Fed. R. Bankr. P. 2016(a), and Del. Bankr. L.R. 2016-2 Establishing Procedures for*

---

[3] The term "Transaction" means: (a) The sale or disposition in one or a series of related transactions of (i) a majority of the then-outstanding equity securities of the Debtors by the security holders of the Debtors, or (ii) all or substantially all of the assets and businesses of the Debtors and their subsidiaries, taken as a whole; or (b) a merger, consolidation or other business combination transaction; however such result is achieved, including through a sale pursuant to § 363 of the Bankruptcy Code or a plan of reorganization confirmed by the Court.

*Interim Compensation and Reimbursement of Professionals* [D.I. 301] (the "Compensation Procedure Order") entered in these cases; provided, however, that Ducera shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code and that Ducera's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code.

8. Notwithstanding any provision to the contrary in this Order, the UST (and only the UST) shall have the right to object to Ducera's request(s) for monthly, interim, and final compensation and reimbursement based on the reasonableness standard provided in section 330 of the Bankruptcy Code, not section 328(a) of the Bankruptcy Code. This Order and the record relating to this Court's consideration of the Application shall not prejudice or otherwise affect the rights of the UST to challenge the reasonableness of Ducera's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the UST.

9. The Debtors are authorized to, and shall, pay Ducera's compensation and reimburse Ducera for its costs and expenses as provided in the Application and the Tang Declaration as amended by this Order, in accordance with the fee application process approved by this Court pursuant to the Compensation Procedure Order.

10. Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any guidelines regarding submission and approval of fee applications, in light of the services to be provided by Ducera and the structure of Ducera's compensation pursuant to the Application and the Tang Declaration, Ducera and its professionals shall be granted a limited waiver of the information-keeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016- 2(d), the U.S. Trustee Guidelines, and any otherwise

applicable orders or procedures, including the Compensation Procedure Order, of this Court in connection with the services to be rendered pursuant to the Application, such that Ducera shall be required only to maintain time records of its services rendered for the Committee in half-hour increments. For the avoidance of doubt, Ducera shall maintain reasonably detailed time records in 0.5 increments, containing descriptions of those services rendered for the Committee, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

11. In the event that, during the pendency of these chapter 11 cases, Ducera seeks reimbursement for any attorneys' fees and/or expenses pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in Ducera's fee applications and such invoices and time records shall be in compliance with the Local Bankruptcy Rules, and shall be subject to any United States Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, Ducera shall only be reimbursed for any legal fees or costs incurred in connection with these chapter 11 cases to the extent permitted under applicable law and the decisions of this Court.

12. Notwithstanding anything in the Application to the contrary, to the extent that Ducera uses the services of independent contractors or subcontractors (collectively, the "Contractors") in these cases and Ducera seeks to pass through the fees and/or costs of the Contractors to the Debtor, Ducera shall provide notice to the Committee, the Debtors, the FCR,

and UST of its intention to use such Contractors. If the UST provides notice that it objects to the proposed retention, then an application to retain such Contractors shall be filed with the Court.

13. To the extent that Ducera retains Contractors then it shall (i) pass through the fees of such Contractors to the Debtor at the same rate that Ducera pays the Contractors; (ii) seek reimbursement for actual costs of the Contractors only; and (iii) ensure that the Contractors perform the conflicts check required by Bankruptcy Rule 2014 and file with the Court such disclosures as required by Bankruptcy Rule 2014.

14. Ducera is entitled to the Indemnification Provision set forth in its Application during the pendency of the chapter 11 cases, subject to the following:

(a) subject to the provisions of subparagraphs (b) and (c) below, the Debtors are authorized to indemnify, and to provide contribution and reimbursement to, and shall indemnify, and provide contribution and reimbursement to, the Indemnified Persons for any claim arising from, related to, or in connection with the services provided for in connection with this Order;

(b) notwithstanding subparagraph (a) above or any provisions to the contrary, the Debtors shall have no obligation to indemnify any person or provide contribution or reimbursement to any person: (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from any person's bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct; (ii) for a contractual dispute in which the Debtors allege the breach of Ducera's contractual obligations if the Court determines that indemnification, contribution, or reimbursement would not be permissible as a result of *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or, (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and, (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) below, to be a claim or expense for which that person should not receive indemnity, contribution or reimbursement under the terms of this Order; and

(c) if, before the earlier of: (i) the entry of an order confirming a chapter 11 plan in the Debtors' cases (that order having become a final order no longer subject to appeal), and, (ii) the entry of an order closing the Debtors' chapter 11 cases, Ducera believes that it is entitled to the payment of any amounts on account of the Debtors' indemnification, contribution and/or reimbursement obligations under this Order, including without limitation the advancement of defense costs, Ducera must file an application therefore in this Court, and the Debtors may not pay any such amounts to Ducera before the entry of an order by this Court approving such

payment.  This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request by Ducera for indemnification, contribution or reimbursement and is not a provision limiting the duration of Debtors' obligation to indemnify Ducera.

15. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

16. In the event of any conflict between the Application and the Supplemental Declaration, the Supplemental Declaration shall govern.

17. To the extent the Application or the Tang Declaration is inconsistent with the terms of this Order, the terms of this Order shall govern.

18. The requirements set forth in Local Rule 2002-1(b) are satisfied.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

**Dated: August 7th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**