# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-10289 (LSS)<br><br>Jointly Administered<br><br>**Re: D.I. 655** |

### ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS TO EMPLOY GLASSRATNER ADVISORY & CAPITAL GROUP, LLC AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO APRIL 22, 2019

Upon the application (the "Application")[2] of the Official Committee of Tort Claimants (the "Committee") of Imerys Talc America, Inc., *et al.* (the "Debtors" or "Imerys") for entry of an order (this "Order") authorizing the Committee to retain and employ retain GlassRatner Advisory & Capital Group, LLC ("GlassRatner" or the "Applicant") as financial advisor for the Committee, *nunc pro tunc* to April 22, 2019; and it appearing that venue of these chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and upon the Declarations of Ian Ratner, co-founder and Chief Executive Officer of GlassRatner (the "Original Ratner Declaration"), attached to the Application as Exhibit B, and Leanne Gould (the "Original Gould Declaration"), an independent contractor and founding member of L Gould LLC d/b/a Gould Consulting Services ("GCS") working on behalf of GlassRatner, attached to the Application as Exhibit C; the Supplemental Declaration of Ian Ratner in Support of the

---

[1] The above-captioned debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers are: Imerys Talc America, Inc. ("ITA") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Any term not defined herein shall use the definition ascribed to it in the Application.

Application [D.I. 915]  (the "Supplemental Ratner Declaration", and with the Original Ratner Declaration, the "Ratner Declaration") and the Supplemental Declaration of Leanne Could in Support of the Declaration [D.I. 916] ("Supplemental Gould Declaration" and with the Original Gould Declaration the "Gould Declaration"); and the Court having conducted a hearing on the Application on July 24, 2019 (the "Hearing"); and this Court having determined that the proposed terms and conditions of GlassRatner's employment, as set forth in the Application and as further refined during the Hearing, are reasonable as required by section 328(a) of the Bankruptcy Code; and this Court being satisfied based on the representations made in the Application, the Ratner Declaration, the Gould Declaration, the Supplemental Ratner Declaration, and the Supplemental Gould Declaration that GlassRatner and GCS (i) are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code, (ii) do not represent any person or entity having an interest adverse to the Committee in connection with these Chapter 11 Cases, (iii) do not hold or represent an interest adverse to the interests of the Debtors' estates with respect to matters on which the Applicant is employed, (iv) have no connection to the Debtors, their creditors, or any other party in interest except as disclosed in the Ratner Declaration and the Gould Declaration, and (v) the retention and employment of GlassRatner as financial advisor for the Committee, *nunc pro tunc* to April 22, 2019, is reasonable, necessary and is in the best interests of the Committee and its constituents; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Application having been withdrawn, resolved, or overruled on the merits; and after due deliberation therein; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Application is GRANTED as set forth herein.

2.  The terms of the Application are approved in all respects except as explicitly limited or modified herein.

3.  In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, the Committee is hereby authorized to employ and retain GlassRatner as financial advisor in the Debtors' Chapter 11 Cases effective as of April 22, 2019, upon the terms and conditions set forth in the Application and the Ratner Declaration and the Gould Declaration, and GlassRatner is authorized to perform the following services:

   a. Analyze the financial operations of the Debtors pre- and post-petition, as necessary;

   b. Analyze the financial ramifications of any proposed transactions for which the Debtors seek Bankruptcy Court approval including, but not limited to, post-petition financing;

   c. Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary;

   d. Assist the Committee in its review of monthly statements of operations submitted by the Debtors;

   e. Assist the Committee in its evaluation of cash flow and/or other projections prepared by the Debtors;

   f. Perform forensic investigation services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtors in order to identify potential causes of action;

   g. Analyze transactions with insiders, related, and/or affiliated companies;

   h. Analyze various cash management, shared services, and other agreements and arrangements between the Debtor and related parties;

   i. Assess the Debtors' ability to contribute to the trust additional amounts above the tender of the insurance proceeds to the extent such contributions are driven by the Debtors or non-Debtors affiliates' continuing operations; and

j.  Testify at hearings from time to time as required by the circumstances and

k.  Provide such other additional services as are requested by the Committee in the exercise of the Committee's duties.

4. GlassRatner shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these Chapter 11 cases.

5. GlassRatner shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.  GlassRatner's compensation for professional services rendered and reimbursement of expenses incurred in connection with the representation of the Committee in these Chapter 11 Cases shall be subject to the reasonableness standard provided in section 330 of the Bankruptcy Code.

6. GlassRatner is entitled to reimbursement for reasonable expenses incurred in connection with the performance of the services described above in paragraph 3, including, without limitation, fees and expenses of GCS, and any other independent contractors that have been approved by this Court, and the reasonable fees, disbursements and other charges of GlassRatner's counsel (which counsel shall not be required to be retained pursuant to section 328 of the Bankruptcy Code or otherwise), in each case in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any applicable orders of this Court, and (to the extent applicable) the Fee Guidelines promulgated by the Office of the United States Trustee.

7. GlassRatner may only seek reimbursement for services performed by GlassRatner's counsel in connection with retention and fee application preparation.  In the event

4

that, during the pendency of these cases, GlassRatner seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in GlassRatner's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines, and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code; provided, however, that GlassRatner shall not seek reimbursement of any (i) fees incurred defending any of GlassRatner's fee applications in these cases, or (ii) fees for services provided by GlassRatner's counsel to the Committee.

8. Notwithstanding anything in the Application to the contrary, GlassRatner will not use independent contractors or subcontractors, other than GCS, to perform the services provided in paragraph 3 above without separate Court approval.

9. Prior to any increases in the Fee Structure, GlassRatner and GCS shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and this Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

11. The Committee and GlassRatner are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

12. To the extent the Application, the Ratner Declaration, or the Gould Declaration is inconsistent with this Order, the terms of this Order shall govern.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in any of these Chapter 11 Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of any of these Chapter 11 Cases to cases under chapter 7.

14. The requirements set forth in Local Rule 2002-1(b) are satisfied.

15. This Court shall retain exclusive jurisdiction over all matters pertaining to this Order and the Application.

**Dated: August 7th, 2019**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**