# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| IMERYS TALC AMERICA, Inc., et al.,[1] | : | Case No. 19-10289 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Re: Docket No. 1081** |

---------------------------------------------------------- x

## ORDER APPROVING
## STIPULATED PROTECTIVE ORDER

Upon consideration of the *Joint Motion for Entry of an Order Approving Stipulated Protective Order* and the *[Proposed] Stipulated Protective Order* (the "**Stipulated Protective Order**") attached hereto as Exhibit 1,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Stipulated Protective Order is approved and entered as an order of this Court.

3. Pursuant to Local Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, parties under the Stipulated Protective Order shall file a publicly viewable redacted form of a document subject to a motion to seal within five (5) days after the filing under seal of such document.

4. Pending a ruling on a motion to seal, any party (including the U.S. Trustee) that receives a filing or document subject to a motion to seal shall treat such material as non-public

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

information subject to the continuing protections accorded such material under the Stipulated Protective Order and the party's Acknowledgement and as further subject to the limitation on use and disclosure as set forth in Local Rule 9018-1(f).  If the motion to seal is denied, the material subject to the motion to seal shall be returned to the filer, unless otherwise expressly agreed by the filer in writing, provided further that such material need not be returned to the filer if the subject material later is filed as a public document.

5. For the avoidance of doubt, if any:  (a) except as set forth in the Amended Scheduling Order [Adv. D.I 55] in Adversary Proceeding No. 19-50115 (the "**Cyprus Adversary Proceeding**"), the Stipulated Protective Order as embodied in this Order does not apply in the Cyprus Adversary Proceeding; and (b) the Stipulated Protective Order is not intended to, nor shall it, ratify, authorize, amend, or modify any actions or obligations of the Debtors, on one hand, and Cyprus Mines Corporation and Cyprus Amax Mineral Corporation, on the other hand, relating to any shared Privileges or Protections.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Dated: September 27th, 2019**
**Wilmington, Delaware**

*Laurie Selber Silverstein* (signature)

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**