**EXHIBIT A**

**Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :    Chapter 11
                                                           :
IMERYS TALC AMERICA, INC., *et al.*,[1]                    :    Case No. 19-10289 (LSS)
                                                           :
           Debtors.                                        :    (Jointly Administered)
                                                           :
---------------------------------------------------------- x    Re: Docket No. __

## ORDER APPROVING STIPULATION AND AGREEMENT PERMITTING IMERYS TALC CANADA INC. TO MAKE PAYMENTS TO IMERYS TALC AMERICA, INC. FOR NON-DEBTOR PROFESSIONAL FEES

Upon the motion (the "**Motion**")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") for entry of an order (this "**Order**") approving the *Stipulation and Agreement Permitting Imerys Talc Canada Inc. to Make Payments to Imerys Talc America, Inc. for Non-Debtor Professional Fees,* a copy of which is attached hereto as Exhibit 1 (the "**Stipulation**"), all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

2

in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Stipulation, attached hereto as Exhibit 1, is approved.

4. The Parties and their officers and agents are authorized and directed to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate and fully execute the Stipulation and effectuate its terms.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of the Stipulation or this Order.

# **EXHIBIT 1**

**Stipulation**

US-DOCS\114337642.1RLF1 23061026v.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                                    :    Chapter 11
                                                                                  :
IMERYS TALC AMERICA, INC., *et al.*,[1]             :    Case No. 19-10289 (LSS)
                                                                                  :
        Debtors.                                               :    (Jointly Administered)
                                                                                  :
---------------------------------------------------------------- x

**STIPULATION AND AGREEMENT PERMITTING**
**IMERYS TALC CANADA INC. TO MAKE PAYMENTS TO**
**IMERYS TALC AMERICA, INC. FOR NON-DEBTOR PROFESSIONAL FEES**

This stipulation and agreement (the "**Stipulation**") is entered into by and among Imerys Talc America, Inc. ("**ITA**") and Imerys Talc Canada Inc. ("**ITC**"), each a debtor and debtor in possession in the above-captioned cases, and Richter Advisory Group Inc., in its capacity as the information officer appointed by the Canadian Court (as defined below) (the "**Information Officer**" and, together with ITA and ITC, the "**Parties**"). The Parties have agreed that ITC will make payments to ITA on account of the Non-Debtor Professional Fees (as defined below), subject to the terms and conditions set forth below:

**RECITALS**

      A.      On February 13, 2019 (the "**Petition Date**"), ITA, ITC and Imerys Talc Vermont, Inc. (collectively, the "**Debtors**") filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") commencing cases (the "**Chapter 11 Cases**") for relief under title 11 of the United States Code (the "**Bankruptcy Code**"). The Chapter

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

2

11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

B.  On February 20, 2019, ITC, as the "foreign representative" acting on behalf of the Debtors' estates, commenced an ancillary proceeding (the "**Canadian Proceeding**") under the Companies' Creditors Arrangement Act (Canada), R.S.C. 1985, c. C-36 as amended, in the Ontario Superior Court of Justice (Commercial List) (the "**Canadian Court**") in Ontario, Canada. The Canadian Court appointed the Information Officer to report to the Canadian Court regarding the Chapter 11 Cases and matters relevant to the Canadian Proceeding.

C.  On April 24, 2019, the Bankruptcy Court entered the *Final Order Under 11 U.S.C. §105(a), 345, 363, 503(b), and 507(a), Fed. R. Bankr. P. 6003 and 6004, and Del. Bankr. L. R. 2015-2 (I) Authorizing Continued Use of Existing Cash Management System, Including Maintenance of Existing Bank Accounts, Checks, and Business Forms, (II) Authorizing Continuation of Existing Deposit Practices, (III) Approving the Continuation of Intercompany Transactions, and (IV) Granting Superpriority Administrative Expense Status to Certain Postpetition Intercompany Claims* [Docket No. 428] (the "**Final Cash Management Order**"). Pursuant to the Final Cash Management Order, intercompany claims arising after the Petition Date between ITA and ITC are accorded superpriority administrative expense status.

D.  Over the course of the Chapter 11 Cases, the Debtors have incurred, and continue to incur, professional fees and expenses related to the administration of the Chapter 11 Cases (the "**Professional Fees**"), including the fees and expenses of professionals retained by the official committee of tort claimants (the "**TCC Professional Fees**") and professionals retained by the legal representative for future talc personal injury claimants (the "**FCR Professional Fees**" and, together with the TCC Professional Fees, the "**Non-Debtor Professional Fees**").

E.      For purposes of administrative convenience only, ITA, on behalf of itself and the other Debtors, has paid, and continues to pay, the Professional Fees as they become due. ITC has reimbursed, and intends to continue to reimburse, ITA for one-third of the fees and expenses of professionals retained by the Debtors related to the administration of the Chapter 11 Cases. To date, the Parties have not come to an agreement on what payments, if any, ITC should make to ITA in respect of ITA's payment of the Non-Debtor Professional Fees on behalf of the Debtors.

F.      In order to alleviate potential liquidity constraints arising from ITA's payment of all Non-Debtor Professional Fees during the Chapter 11 Cases, the Parties desire to reach an agreement regarding payment by ITC to ITA in connection with such Non-Debtor Professional Fee payments.

## AGREEMENT

1.      ITC is authorized and directed to pay funds totaling $3,450,000 (USD) to ITA, reflecting approximately (i) 33.33% of FCR Professional Fees and (ii) 26.5% of TCC Professional Fees paid by ITA through February 28, 2020 (the "**Initial ITC Payment**").

2.      Upon request from ITA, to the extent ITC holds sufficient funds and with the consent of the Information Officer at least four calendar days in advance of the payment, ITC shall also be authorized and directed to pay ITA on a periodic basis for (i) 33.33% of FCR Professional Fees and (ii) 26.5% of TCC Professional Fees paid by ITA after February 28, 2020.

3.      Upon agreement of the Parties, ITC may pay ITA for Non-Debtor Professional Fees paid by ITA in excess of the percentages specified in Paragraphs 1 and 2.

4.      The Initial ITC Payment and any subsequent payments made pursuant to Paragraph 2 and/or Paragraph 3 above (together with the Initial ITC Payment, the "**ITC Payments**") shall be accorded superpriority administrative expense status (an "**ITC Superpriority Claim**") in

accordance with the Final Cash Management Order; *provided, however* that any ITC Superpriority Claim arising in connection with this Stipulation shall be considered satisfied in full and extinguished, and ITA shall have no obligation to return or otherwise refund any ITC Payments, upon confirmation of a plan of reorganization that provides for payment in full of allowed general unsecured claims of ITC (collectively, "**ITC General Unsecured Claims**").  For the avoidance of doubt, ITC General Unsecured Claims do not include claims that are: (i) entitled to priority under section 507(a) of the Bankruptcy Code, (ii) talc-related personal injury claims (including, without limitation, indirect talc personal injury claims), or (iii) any claim against a Debtor held by another Debtor or non-Debtor affiliate.

5. For the avoidance of doubt, nothing contained herein, including the Parties' agreement with respect to any ITC Superpriority Claim, shall be considered (i) a determination, admission, waiver or settlement of any obligation of ITC to reimburse ITA for Non-Debtor Professional Fees paid by ITA for the benefit of all Debtors or (ii) an acknowledgement or finding as to the correct percentage allocation of ITC's liability for any Professional Fees, including Non-Debtor Professional Fees, incurred by the Debtors in connection with the Chapter 11 Cases. Nothing contained herein shall prohibit ITA from seeking reimbursement from ITC on account of any Professional Fees paid on ITC's behalf.

6. This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  A signature transmitted by facsimile or other electronic copy shall be deemed an original signature for purposes of this Stipulation.

6

7. This Stipulation contains the entire agreement by and among the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

8. The undersigned counsel hereby attest that they are duly authorized by their respective clients to enter into this Stipulation.

9. This Stipulation may be changed, modified, or otherwise altered in a writing executed by the Parties to this Stipulation. Oral modifications are not permitted.

10. This Stipulation shall be effective immediately upon approval by the Bankruptcy Court and recognition by the Canadian Court.

11. This Stipulation is expressly subject to and contingent upon its approval by the Bankruptcy Court and recognition by the Canadian Court. If the Bankruptcy Court does not approve, or the Canadian Court does not recognize, this Stipulation, this Stipulation shall be null and void.

12. The Bankruptcy Court shall retain jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

**SO STIPULATED:**

/s/ Amanda R. Steele                                              /s/ Kathryn Esaw

**RICHARDS, LAYTON & FINGER, P.A.**          **AIRD & BERLIS LLP**

Mark D. Collins (No. 2981)                                Kathryn Esaw
Michael J. Merchant (No. 3854)                        Brookfield Place
Amanda R. Steele (No. 5530)                           181 Bay Street, Suite 1800
Brett M. Haywood (No. 6166)                           Toronto, Ontario Canada M5J 2T9
One Rodney Square                                           Telephone: (416) 865-4707
920 North King Street                                         Email: kesaw@airdberlis.com
Wilmington, DE 19801
Telephone: (302) 651-7700                              *Counsel for the Information Officer*
Facsimile: (302) 651-7701
Email: collins@rlf.com
             merchant@rlf.com
             steele@rlf.com
             haywood@rlf.com

- and -

**LATHAM & WATKINS LLP**

Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email: jeff.bjork@lw.com
             kim.posin@lw.com
             helena.tseregounis@lw.com

- and -

Richard A. Levy (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: richard.levy@lw.com

*Counsel for Debtors and Debtors-in-Possession*

7