# **Exhibit A**

## **Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | Chapter 11 |
| **IMERYS TALC AMERICA, INC., *et al.***[1] | Case No. 19–10289 (LSS) |
| **Debtors.** | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(d), FED. R. BANKR. P. 4001, AND LOCAL RULE 4001-1 MODIFYING AUTOMATIC STAY TO PERMIT J&J TO SEND NOTICE ASSUMING DEFENSE OF CERTAIN TALC CLAIMS AND IMPLEMENT TALC LITIGATION PROTOCOL**

Upon consideration of Johnson & Johnson's and Johnson & Johnson Consumer Inc.'s *Motion Pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001, and Local Bankruptcy Rule 4001-1 for Entry of Order Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and Implement Talc Litigation Protocol* (the "**Motion**"),[2] dated March 20, 2020, pursuant to which Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "**J&J**") sought entry of an order pursuant to section 362(d)(1) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") modifying the automatic stay: (i) to permit J&J Talc Claimants to pursue J&J Talc Claims[3] against the Debtors nominally; (ii) for J&J to send notice of J&J's

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[3] "**J&J Talc Claim**" means any claim against a Debtor alleging harm caused by the Debtors' talc based on the alleged use of a J&J product, provided the claim has not reached a final resolution.

assumption of the defense of all J&J Talc Claims; and (iii) to take certain other actions set forth in the protocol attached to this Order as **Exhibit 1** (the "**Talc Litigation Protocol**") to assume the defense of and indemnify the Debtors for the J&J Talc Claims, as more fully detailed in the Motion; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The automatic stay imposed by section 362(a) of the Bankruptcy Code shall be modified as of the date hereof so that (a) the J&J Talc Claimants may pursue their J&J Talc Claims against the Debtors solely outside of these chapter 11 cases and (b) as between the Debtors and J&J, J&J may assume the defense and control the resolution of the J&J Talc Claims.

3. J&J is authorized to implement the Talc Litigation Protocol and the Debtors are directed to cooperate in the implementation thereof. The J&J Indemnity Claims and Defense Waiver is effective as to J&J; provided, however, that (a) J&J's rights to assert any defenses to indemnity based on actions or conduct of the Debtors occurring after the Petition Date or taken in connection with these chapter 11 cases are fully preserved and (b) J&J is not waiving any argument

under its contracts with the Debtors or applicable law that relate to any claims to indemnify the Debtors for punitive damages liability. J&J is authorized to take any other actions necessary to effectuate the relief granted pursuant to this Order.

4. Subject to the provisions of Paragraph 10 below, the Debtors waive their rights to assert indemnification under the J&J Indemnity Provisions against J&J with respect to any J&J Talc Claim the Debtors resolved without J&J's participation.

5. Subject to the provisions of Paragraph 10 hereof, J&J's rights, if any, to seek reimbursement from any insurance carrier that issued an insurance policy to the Debtors or under which Debtors have claimed or potentially could claim a right to defense or insurance coverage are reserved to the extent of coverage that would otherwise be available under such policy(ies) to pay the Debtors' legal costs and liability for J&J Talc Claims, if any.

6. J&J shall have "party in interest" standing in the Debtors' chapter 11 cases to the extent that any proceedings in these cases affect J&J or its litigation and defense of the J&J Talc Claims.

7. Nothing herein shall alter or affect any parties' obligations to preserve and maintain all books and records relevant or potentially relevant to the J&J Talc Claims in a manner consistent with the applicable provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure.

8. This Order shall be fully effective and enforceable immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

10. Nothing in this Order, including the authorization granted to J&J under Paragraph 3 hereof, shall be deemed a determination that J&J has any rights under any insurance policy. Notwithstanding any other provision of this Order, the rights of any insurance carrier under any

policy, including against J&J as subrogee of the Debtors or any other entity, and as to any claim that J&J is entitled to reimbursement from any carrier under any policy for any amounts J&J pays or incurs with respect to the J&J Talc Claims, are fully preserved. J&J cannot use this Order, or any of the findings in this Order, as a basis to seek reimbursement from any carrier or to defeat any coverage defenses or issues advanced by any carriers in response to a claim for reimbursement. The Court has not made any finding that Debtors have rights under any policies or that J&J is entitled to reimbursement from any carrier or under any policies, and the Court has not made any determination as to the correctness, reasonableness, or propriety of (a) any such reimbursement claim by J&J, (b) the assumption of the defense of or payment of liability for the J&J Talc Claims by J&J as it relates to any issues involving insurance policies or insurance carriers, or (c) the merits of any defenses of any carrier to any such claim.

Dated: _____________, 2020
Wilmington, Delaware

_________________________________
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Talc Litigation Protocol**

(a) **<u>Notice to Debtors</u>**. Within three (3) days of the Court's entry of the *Order Pursuant to 11 U.S.C. 105(a) and 362(d), Fed. R. Bankr. P. 4001, and Local Rule 4001-1 Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and Implement Talc Litigation Protocol* (the "**Lift Stay Order**"),[1] J&J will give formal notice of J&J's assumption of the defense of the J&J Talc Claims to the Debtors (the "**Assumption Notice**"), as contemplated by the 1989 SPA and 1989 SA, and its exclusive right to defend and resolve the J&J Talc Claims on behalf of the Debtors.

(b) **<u>Notice to Parties in Interest</u>**. Within fourteen (14) days of entry of the Lift Stay Order, the Debtors, in consultation with J&J, will file and serve upon all parties in interest, the United States Trustee for the District of Delaware, and any other party requesting notice pursuant to Bankruptcy Rule 2002 (i) a copy of the Lift Stay Order; (ii) the Assumption Notice; and (iii) lists of each action or proceeding (including any litigation, arbitration, mediation, negotiation, or other adversarial process) that is a J&J Talc Claim (A) that has been stayed as against the Debtors by application of the automatic stay (each, a "**Stayed Proceeding**"), including proceedings in which the Debtors filed a notice of suggestion of bankruptcy to put parties on notice of the stay of litigation with respect to the Debtors, but in which the Debtors were not removed as defendants; (B) from which the proceedings against the Debtors have been severed from the proceedings against J&J (each, a "**Severed Proceeding**") (C) in which a Debtor was dismissed as a defendant, or the proceeding was dismissed as against a Debtor, without prejudice (each, a "**Debtor-Dismissed Proceeding**"); and (D) that commenced after the Petition Date (or that will be commenced in the future) against J&J in which J&J believes the Debtors are appropriate co-defendants, whether or not the automatic stay would preclude the Debtors' being named as co-defendants absent the relief requested herein (each, a "**Postpetition Proceeding**" and together with any Stayed Proceeding, Severed Proceeding, or Debtor-Dismissed Proceedings, a "**Proceeding**").

(c) **<u>Right to Appoint Counsel</u>**. J&J will be authorized to identify, appoint, and/or designate counsel ("**Appointed Counsel**") to represent the Debtors with respect to the Stayed Proceedings (and each Severed Proceeding, Debtor-Dismissed Proceeding, and Postpetition Proceeding, as may become necessary) in conformance with Section 11.4 of the 1989 SPA and will notify the Debtors of such designation. The Debtors will have seven (7) days after receiving notice of J&J's proposed counsel to notify J&J in writing if the Debtors believe there is any conflict of interest in connection with or otherwise object to J&J's designated counsel, which conflict will be resolved in conformance with Section 11.4 of the 1989 SPA. Upon the appointment or designation of counsel, the Debtors will cooperate in the defense and resolution of such Proceedings, and will within a reasonable

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lift Stay Order.

time provide Appointed Counsel with all pleadings, correspondence, discovery, and existing attorney work product related to such proceedings.

(d) **Notices in Proceedings**. Appointed Counsel in any Proceeding will serve a copy of the Lift Stay Order upon all parties to the Proceeding, file a notice of appearance in the applicable Proceeding, and file a notice on the applicable docket providing that the automatic stay of the Proceeding against the Debtors has been modified and the proceeding will continue as against the Debtors. Appointed Counsel, at J&J's direction, will be authorized to (i) conduct the defense of the Debtors in the Proceeding, and/or (ii) settle J&J Talc Claims on behalf of the Debtors without prior Bankruptcy Court approval; *provided*, *however*, that such settlements will be covered by the J&J Indemnity Proposal and paid by J&J.

(e) **Communication with Claimants' Counsel**. Appointed Counsel will inform claimants' counsel of the impact of the Lift Stay Order on the J&J Talc Claims, including that (i) plaintiffs' exclusive means of recovery on their J&J Talc Claims are through commencement of a lawsuit or other non-bankruptcy proceeding against the Debtors and defended by J&J or Appointed Counsel on behalf of the Debtors, or through settlement with J&J or Appointed Counsel on behalf of the Debtors, and (ii) J&J is fully indemnifying the Debtors for the J&J Talc Claims, and confer with the claimants' counsel, if necessary, to determine a course of action to advance the Proceeding in light of the Lift Stay Order and the Debtors' participation in the Proceeding. In any Debtor-Dismissed Proceeding in which the Debtors had been dismissed without prejudice as a co-defendant, any Severed Proceeding, or any Postpetition Proceeding in which the Debtors are not named co-defendants, J&J will make reasonable efforts, where feasible, to facilitate the addition or joinder of the applicable Debtor(s) as co-defendants in accordance with local procedural rules; *provided*, *however*, that if the Proceeding is beyond the discovery stage and claimants' counsel determines not to include the Debtors as co-defendants in the Proceeding against J&J, J&J will not seek to add them; *provided*, *further*, *however*, that any claimant that is on notice of the Lift Stay Order and this Talc Litigation Protocol that determines not to include the Debtors as co-defendants in a J&J Talc Claim Proceeding against J&J, such claimant is barred from thereafter pursuing its J&J Talc Claim against the Debtors.

(f) **Proofs of J&J Talc Claims**. J&J will notify any J&J Talc Claimant that files a proof of clam for its J&J Talc Claim in these chapter 11 cases that the defense and any resolution of such Claim will be conducted by J&J in the applicable non-bankruptcy forum and, if the J&J Talc Claimant is not already party to a Proceeding, that the J&J Talc Claimant must commence or join a Proceeding to recover on account of such Claim. The Debtors will use reasonable best efforts to notify J&J of any proof of claim filed for a J&J Talc Claim.

(g) **Debtors' Cooperation**. The Debtors shall cooperate in good faith in the defense of J&J Talc Claims, including maintaining their attorney-client, attorney work product, and joint defense privilege claims vis a vis the Trustee, the TCC and any talc claimant and making the Debtors' discoverable documents, witnesses, and experts available to J&J in the defense of the J&J Talc Claims or in any insurance coverage litigation relating to the J&J Talc Claims to the extent necessary. Such witnesses and experts will provide truthful

testimony. In addition, the Debtors shall abide by the obligations of the agreements between J&J and the Debtors, including the obligations of good faith and fair dealing.

(h) **Debtors' Successors**. Any provision included in this Talc Litigation Protocol that applies to the Debtors shall be deemed to apply to any successor of the Debtors with respect to the J&J Talc Claims, including a trust established under sections 105(a) or 524(g) of the Bankruptcy Code to administer claims pursuant to a chapter 11 plan, to the same extent as to the Debtors.