## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | Jointly Administered |
| | **Re: D.I. 1567, 1732, 1769** |

### JOINT RESPONSE OF THE OFFICIAL COMMITTEE OF TORT CLAIMANTS AND FUTURE CLAIMANTS' REPRESENTATIVE TO JOHNSON & JOHNSON'S OMNIBUS REPLY IN SUPPORT OF J&J'S MOTION FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY TO IMPLEMENT TALC LITIGATION PROTOCOL

The Official Committee of Tort Claimants (the "Committee") and the Future Claimants' Representative, by and through their undersigned counsel, hereby submit this response (the "Response") to *Johnson & Johnson's Omnibus Reply in Support of J&J's Motion for Entry of Order Modifying Automatic Stay to Implement Talc Litigation Protocol* [Docket. No. 1769] (the "Reply") filed by Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J").

1.     On March 20, 2020, J&J filed *Johnson & Johnson's Motion Pursuant to 11 U.S.C. §362(d)(1), Fed. R. Bankr. P. 4001, and Local Bankruptcy Rule 4001-1 for Entry of Order Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and to Implement Talc Litigation Protocol* [Docket. No. 1567] (the "Motion").

2.     On May 19, 2020, the Committee filed the *Response of the Official Committee of Tort Claimants to Johnson & Johnson's Motion to Modify the Automatic Stay to Implement Talc*

---

[1]     The above-captioned debtors in these cases (the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

*Litigation Protocol* [Docket No. 1732] that described several material deficiencies in the Motion and the Talc Litigation Protocol. The Debtors [Docket No. 1731], the Future Claimants' Representative [Docket No. 1734], and Cyprus [Docket No. 1730] each also filed an objection or response noting material deficiencies in the Motion and the Talc Litigation Protocol.

3.      On May 28, 2020, J&J filed the Reply, which included a revised proposed order (the "J&J Revised Proposed Order") that made material changes to the relief that J&J was seeking. The J&J Revised Proposed Order addressed some of the issues identified in the objections and responses, but failed to resolve others.

4.      The Committee and the Future Claimants' Representative support granting relief to J&J on the terms reflected in the revised proposed order attached hereto as **Exhibit A** (the "TCC Proposed Order"), which includes changes proposed by J&J in the Reply and makes certain additional changes. Attached as **Exhibit B** is a redline comparing the TCC Proposed Order to the J&J Revised Proposed Order.[2] The changes incorporated in the TCC Proposed Order are necessary to protect the rights of victims who have been injured by J&J's products and to ensure that J&J cannot shirk its obligations to the Debtors or victims.

---

[2]      Exhibit 2 to the TCC Proposed Order defines certain terms. For purposes of the redline, the original version of Exhibit 2 contains definitions that were copied word-for-word from either the Motion or the J&J Revised Proposed Order.

WHEREFORE, the Committee and the Future Claimants' Representative respectfully request that the Court enter the proposed Order attached as **Exhibit A**.

Dated: July 10, 2020
Wilmington, Delaware

Respectfully submitted,

**ROBINSON & COLE LLP**

*/s/ Natalie D. Ramsey*
Natalie D. Ramsey (No. 5378)
Mark A. Fink (No. 3946)
1201 North Market Street, 14th Floor
Wilmington, Delaware 19801
Telephone:  (302) 516-1700
Facsimile:   (302) 516-1699
nramsey@rc.com
mfink@rc.com

-and-

Michael R. Enright (admitted *pro hac vice*)
280 Trumbull Street
Hartford, CT 06103
Telephone:  (860) 275-8290
Facsimile: (860) 275-8299
menright@rc.com

-and-

**WILLKIE FARR & GALLAGHER LLP**
Rachel C. Strickland (admitted *pro hac vice*)
Jeffrey B. Korn (admitted *pro hac vice*)
Daniel I. Forman (admitted *pro hac vice*)
Stuart R. Lombardi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
rstrickland@willkie.com
jkorn@willkie.com
dforman@willkie.com
slombardi@willkie.com

-and-

**GILBERT LLP**
Kami E. Quinn (admitted *pro hac vice*)
Heather Frazier (admitted *pro hac vice*)
700 Pennsylvania Avenue, SE
Suite 400
Washington, DC 20003
Telephone: (202) 772-2200
quinnk@gilbertlegal.com
frazierh@gilbertlegal.com

*Counsel to the Official Committee of Tort Claimants*

-and-

**YOUNG CONAWAY
STARGATT & TAYLOR, LLP**

  */s/ Edwin J. Harron*
Robert S. Brady (No. 2847)
Edwin J. Harron (No. 3396)
Sharon M. Zieg (No. 4196)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: rbrady@ycst.com
        eharron@ycst.com
        szieg@ycst.com

*Counsel to the Future Claimants' Representative*

## Exhibit A

**TCC Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re** | Chapter 11 |
| **IMERYS TALC AMERICA, INC.,** *et al.*[1] | Case No. 19–10289 (LSS) |
| **Debtors.** | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(d),**
**FED. R. BANKR. P. 4001, AND LOCAL RULE 4001-1 MODIFYING**
**AUTOMATIC STAY TO PERMIT J&J TO SEND NOTICE ASSUMING DEFENSE**
**OF CERTAIN TALC CLAIMS AND IMPLEMENT TALC LITIGATION PROTOCOL**

Upon consideration of Johnson & Johnson's and Johnson & Johnson Consumer Inc.'s *Motion Pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001, and Local Bankruptcy Rule 4001-1 for Entry of Order Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and Implement Talc Litigation Protocol* (the "**Motion**"),[2] dated March 20, 2020, pursuant to which Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "**J&J**") sought entry of an order pursuant to section 362(d)(1) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") modifying the automatic stay: (i) to permit J&J Talc Claimants to pursue J&J Talc Claims (as each is defined in **Exhibit 2** to this Order) against the Debtors

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.  As used in this Order, the terms "Debtor" and "Debtors" also include Imerys Talc Italy S.p.A. ("**ITI**") to the extent ITI files a chapter 11 bankruptcy petition.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

nominally; (ii) for J&J to send notice of J&J's assumption of the defense of all J&J Talc Claims; and (iii) to take certain other actions set forth in the protocol attached to this Order as **Exhibit 1** (the "**Talc Litigation Protocol**") to assume the defense of and indemnify the Debtors for the J&J Talc Claims, as more fully detailed in the Motion; and in further consideration of J&J's *Omnibus Reply in Support of J&J's Motion for Entry of Order Modifying Automatic Stay to Implement Talc Litigation Protocol* (the "**Reply**"), which expanded J&J's proposed indemnification and amended the proposed protocol; and this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Motion, as modified in the Reply, and as further set forth in this Order, is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The automatic stay imposed by section 362(a) of the Bankruptcy Code shall be modified as of the effective date of the Debtors' Plan (defined below) so that (a) the J&J Talc Claimants may pursue their J&J Talc Claims against the Debtors solely outside of these chapter 11 cases and (b) as between the Debtors and J&J, J&J shall assume the defense and control the resolution of the J&J Talc Claims.  J&J shall indemnify the Debtors fully for all J&J Talc Claims, as described in paragraph 4 of the Reply.  J&J's obligation to indemnify the Debtors shall remain in effect for all time and shall survive (without limitation) the termination of the automatic stay

and the conclusion of the above-captioned bankruptcy cases.  For the avoidance of doubt, J&J is assuming the defense of any pending J&J Talc Claims and any J&J Talc Claims subject to further appeals, and J&J shall have no claims or causes of action against the Debtors, any Reorganized Debtor, any buyer of substantially all of the Debtors' assets, or the Talc Personal Injury Trust on account of the J&J Talc Claims or J&J's defense of those claims.

3.      J&J shall implement the Talc Litigation Protocol and the Debtors are directed to cooperate in the implementation thereof.  The J&J Indemnity Claims and Defense Waiver (as defined in **Exhibit 2** to this Order) is effective as to J&J, and any claims J&J filed in these cases shall be deemed withdrawn with prejudice; provided, however, that all arguments under contracts and applicable law that relate to any claims to indemnify the Debtors for punitive damages liability are preserved.

4.      Subject to the provisions of Paragraph 10 hereof, the Debtors' rights to assert indemnification under the J&J Indemnity Provisions against J&J with respect to any J&J Talc Claim the Debtors resolved prior to the date of this Order are fully preserved.

5.      Subject to the provisions of Paragraph 10 hereof, J&J's rights, if any, to seek reimbursement from any insurance carrier that issued an insurance policy to the Debtors or under which Debtors have claimed or potentially could claim a right to defense or insurance coverage are reserved to the extent of coverage that would otherwise be available to J&J under such policy(ies) to pay the Debtors' legal costs and liability for J&J Talc Claims, if any.  This Order does not create any such rights in favor of J&J or reduce any rights of the Debtors under its insurance policies.

6.      Nothing herein shall alter or affect the Debtors' obligations to preserve and maintain all books and records relevant or potentially relevant to the J&J Talc Claims in a manner

consistent with the applicable provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure.

7.    This Order shall be fully effective and enforceable immediately upon its entry.

8.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

9.    Nothing in this Order shall prevent any party's liability for J&J Talc Claims from being channeled to the Talc Personal Injury Trust (as defined in the *Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 1714] (as may be subsequently amended, the "**Plan**")).  To the extent any such liability is channeled pursuant to the Plan, J&J shall indemnify the Talc Personal Injury Trust and the Reorganized Debtors for all J&J Talc Claims to the same extent J&J is indemnifying the Debtors hereunder.

10.    Nothing in this Order, including Paragraph 3 hereof, shall be deemed a determination that J&J has any rights under any insurance policy.  Notwithstanding any other provision of this Order, the rights of any insurance carrier under any policy, including against J&J as subrogee of the Debtors or any other entity, and as to any claim that J&J is entitled to reimbursement from any carrier under any policy for any amounts J&J pays or incurs with respect to the J&J Talc Claims, are fully preserved.  Nothing in this Order modifies or reduces the Debtors' rights with respect to any insurance policy under which it otherwise has rights.  J&J cannot use this Order, or any of the findings in this Order, as a basis to seek reimbursement from any carrier or to defeat any coverage defenses or issues advanced by any carriers in response to a claim for reimbursement.  The Court has not made any finding that the Debtors or J&J have rights under any policies or that J&J is entitled to reimbursement from any carrier or under any policies, and

the Court has not made any determination as to the correctness, reasonableness, or propriety of (a) any such reimbursement claim by J&J, (b) the assumption of the defense of or payment of liability for the J&J Talc Claims by J&J as it relates to any issues involving insurance policies or insurance carriers, or (c) the merits of any defenses of any carrier to any such claim.

11.     Nothing in this Order shall create, support, or expand any purported rights to remove any ongoing or future litigation to the District Court of Delaware as related cases to the Debtors' bankruptcy cases.

Dated: _____, 2020
              Wilmington, Delaware

_____
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Talc Litigation Protocol

(a)     **Notice to Debtors**. Within three (3) days of the Court's entry of the *Order Pursuant to 11 U.S.C. 105(a) and 362(d), Fed. R. Bankr. P. 4001, and Local Rule 4001-1 Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and Implement Talc Litigation Protocol* (the "**Lift Stay Order**"),[1] J&J will give formal notice of J&J's assumption of the defense of the J&J Talc Claims to the Debtors (the "**Assumption Notice**"), as contemplated by the 1989 SPA and 1989 SA, and its exclusive right to defend and resolve the J&J Talc Claims on behalf of the Debtors.

(b)     **Notice to Parties in Interest**. Within fourteen (14) days of the entry of the Lift Stay Order, the Debtors, in consultation with J&J, will file and serve upon all J&J Talc Claimants,[2] the United States Trustee for the District of Delaware, and any other party requesting notice pursuant to Bankruptcy Rule 2002 (i) a copy of the Lift Stay Order; (ii) the Assumption Notice; and (iii) lists of each action or proceeding (including any litigation, arbitration, mediation, negotiation, or other adversarial process) that is a J&J Talc Claim (A) that has been stayed as against the Debtors by application of the automatic stay (each, a "**Stayed Proceeding**"), whether or not such stay was lifted, including proceedings in which the Debtors filed a notice of suggestion of bankruptcy to put parties on notice of the stay of litigation with respect to the Debtors, but in which the Debtors were not removed as defendants; (B) from which the proceedings against the Debtors have been severed from the proceedings against J&J (each, a "**Severed Proceeding**"); (C) in which a Debtor was dismissed as a defendant, or the proceeding was dismissed as against a Debtor, without prejudice (each, a "**Debtor-Dismissed Proceeding**"); and (D) that commenced after the Petition Date (or that will be commenced in the future) against J&J in which J&J believes the Debtors are appropriate co-defendants, whether or not the automatic stay would preclude the Debtors' being named as co- defendants absent the relief requested herein (each, a "**Postpetition Proceeding**" and together with any Stayed Proceeding, Severed Proceeding, or Debtor-Dismissed Proceedings, a "**Proceeding**").

(c)     **Right to Appoint Counsel**. J&J will be authorized to identify, appoint, and/or designate counsel ("**Appointed Counsel**") to represent the Debtors with respect to the Stayed Proceedings (and each Severed Proceeding, Debtor-Dismissed Proceeding, and Postpetition Proceeding, as may become necessary) in conformance with Section 11.4 of the 1989 SPA and will notify the Debtors of such designation. The Debtors will have seven (7) days after receiving notice of J&J's proposed counsel to notify J&J in writing if the Debtors believe there is any conflict of interest in connection with or otherwise object to

---

[1]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lift Stay Order.

[2]   All known J&J Talc Claimants shall receive such notice directly unless such claimants are represented by counsel in which case the notice will be provided to counsel pursuant to the *Final Order (I) Authorizing the Filing of (A) a Consolidated Master List of Creditors, (B) a Consolidated List of the Top Thirty Law Firms Representing Talc Claimants, and (C) a Consolidated List of Creditors Holding the Thirty Largest Unsecured Claims, and (II) Approving Certain Notice Procedures for Talc Claimants* [ECF No. 248].

J&J's designated counsel, which conflict will be resolved in conformance with Section 11.4 of the 1989 SPA. For the avoidance of doubt, each party or plaintiff who is asserting a J&J Talc Claim that may have a right to raise a potential conflict of interest or objection to the Appointed Counsel under applicable law shall retain such rights to the extent such right would have otherwise been available.  Upon the appointment or designation of counsel, the Debtors will reasonably cooperate in the defense and resolution of such Proceedings at J&J's expense, and will within a reasonable time provide Appointed Counsel with all pleadings, correspondence, discovery, and existing attorney work product related to such proceedings.

(d)     **Notices in Proceedings**. Appointed Counsel in any Proceeding will serve a copy of the Lift Stay Order upon all parties to the Proceeding, file a notice of appearance in the applicable Proceeding, and file a notice on the applicable docket providing that the automatic stay of the Proceeding against the Debtors has been modified and the proceeding will continue as against the Debtors upon the effective date of the Plan.  Appointed Counsel, at J&J's direction, will be authorized to (i) conduct the defense of the Debtors in the Proceeding, and/or (ii) settle J&J Talc Claims on behalf of the Debtors without prior Bankruptcy Court approval; *provided*, *however*, that such settlements will be covered by the J&J indemnity and paid by J&J.

(e)     **Communication with Claimants' Counsel**. Appointed Counsel will inform the J&J Talc Claimants' counsel of the impact of the Lift Stay Order on the J&J Talc Claims, including that (i) plaintiffs' exclusive means of recovery on their J&J Talc Claims are through commencement of a lawsuit or other non-bankruptcy proceeding against the Debtors and defended by J&J or Appointed Counsel on behalf of the Debtors, or through settlement with J&J or Appointed Counsel on behalf of the Debtors, and (ii) J&J is fully indemnifying the Debtors for the J&J Talc Claims, and confer with the claimants' counsel, if necessary, to determine a course of action to advance the Proceeding in light of the Lift Stay Order and the Debtors' participation in the Proceeding.  The form of J&J's communication with the J&J Talc Claimants' counsel shall be reasonably acceptable to the TCC, the FCR, and the Debtors. In any Debtor-Dismissed Proceeding in which the Debtors had been dismissed without prejudice as a co-defendant, any Severed Proceeding, or any Postpetition Proceeding in which the Debtors are not named co- defendants, J&J will make reasonable efforts, where feasible, to facilitate the addition or joinder of the applicable Debtor(s) as co-defendants in accordance with local procedural rules; *provided*, *however*, that if the Proceeding is beyond the discovery stage and claimants' counsel determines not to include the Debtors as co-defendants in the Proceeding against J&J, J&J will not seek to add them.

(f)     **Proofs of J&J Talc Claims**. J&J will notify any J&J Talc Claimant that files a proof of clam for its J&J Talc Claim in these chapter 11 cases that the defense and any resolution of such Claim will be conducted by J&J in the applicable non-bankruptcy forum and, if the J&J Talc Claimant is not already party to a Proceeding, that the J&J Talc Claimant must commence or join a Proceeding to recover on account of such Claim.  The Debtors will use reasonable best efforts to notify J&J of any proof of claim filed for a J&J Talc Claim.

(g)     **Debtors' Cooperation**. The Debtors shall cooperate in good faith in the defense of J&J Talc Claims at J&J's sole expense, including maintaining their attorney-client, attorney

2

work product, and joint defense privilege claims vis a vis the Trustee, the TCC, the FCR, and any J&J Talc Claimant and making the Debtors' discoverable documents available to J&J in the defense of the J&J Talc Claims to the extent they would normally be available under applicable law in the absence of this Order.

(h)     **<u>Debtors' Successors</u>**. Any provision included in this Talc Litigation Protocol that applies to the Debtors shall be deemed to apply to the Reorganized Debtors with respect to the J&J Talc Claims to the same extent as to the Debtors.

## Exhibit 2

### Certain Definitions

(a)    **J&J Talc Claim**.  All Direct Talc Personal Injury Claims (as defined in the Plan) against a Debtor where plaintiffs allege use of talcum powder products distributed by J&J, provided the claim has not reached a final resolution (*e.g.*, no settlement has been reached and no non-appealable final judgment has been entered against a Debtor in a court of competent jurisdiction).

(b)    **J&J Talc Claimants**. Holders of J&J Talc Claims.

(c)    **J&J Indemnity Claims**.  Any and all indemnity obligations that the Debtors owe J&J for liability arising from talc supplied by the Debtors (or their predecessors) in any periods (any such liquidated and unliquidated obligations, the "**J&J Indemnity Claims**").

(d)    **J&J Indemnity Defenses**.  Any and all of J&J's potential defenses whatsoever (the "**J&J Indemnity Defenses**") to indemnification of J&J Talc Claims, including without limitation any argument that:

    (i)      the Debtors breached their obligations under the J&J Indemnity Provisions,[3] relinquishing J&J of any duty to indemnify the Debtors for J&J Talc Claims settled without J&J's participation, and resulting in the incurable defaults by the Debtors that render the supply agreements unassumable by the Debtors;

    (ii)     if a settlement, judgment, or recovery from a trust is procured by bad faith, collusion, or fraud, it is not subject to indemnity under the applicable agreement and other principles of indemnity law;

    (iii)    the claimant did not actually use a J&J product;

    (iv)     the products of a company other than J&J to which the Debtors also supplied talc caused the claimant's injury or some other factor or exposure caused the J&J Talc Claimant's injury;

    (v)      settlements of J&J Talc Claims for large dollar amounts are not subject to indemnity by J&J given the lack of reliable scientific evidence of causation of the applicable injury;

    (vi)     if the Debtors are responsible for providing J&J with contaminated talc in a manner not conforming to J&J's specifications per the supply agreements, J&J would not owe contractual indemnification;[4] and

---

[3]    The "**J&J Indemnity Provisions**" include any and all indemnity obligations that J&J owes the Debtors for liability arising from talc supplied by the Debtors (or their predecessors) in any periods.

[4]    For the avoidance of doubt, J&J fully, finally, and forever waives any argument that the presence of asbestos in the Debtors' talc would (1) void J&J's obligation to indemnify the Debtors and (2) entitle J&J to be indemnified by the Debtors.

(vii)     other acts or omissions of the Debtors in production, testing, and delivery of the talc resulted in the injury.

(e)     **J&J Indemnity Claims and Defense Waiver**.  J&J's waiver of the J&J Indemnity Claims and the J&J Indemnity Defenses.

**<u>Exhibit B</u>**

**Redline**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **IMERYS TALC AMERICA, INC.,** *et al.*[1] | Case No. 19–10289 (LSS) |
| **Debtors.** | Jointly Administered |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(d), FED. R. BANKR. P. 4001, AND LOCAL RULE 4001-1 MODIFYING AUTOMATIC STAY TO PERMIT J&J TO SEND NOTICE ASSUMING DEFENSE OF CERTAIN TALC CLAIMS AND IMPLEMENT TALC LITIGATION PROTOCOL

Upon consideration of Johnson & Johnson's and Johnson & Johnson Consumer Inc.'s *Motion Pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001, and Local Bankruptcy Rule 4001-1 for Entry of Order Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and Implement Talc Litigation Protocol* (the "**Motion**"),[2] dated March 20, 2020, pursuant to which Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "**J&J**") sought entry of an order pursuant to section 362(d)(1) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") modifying the automatic stay: (i) to permit J&J Talc Claimants to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076**. As used in this Order, the terms "Debtor" and "Debtors" also include Imerys Talc Italy S.p.A. ("ITI") to the extent ITI files a chapter 11 bankruptcy petition**.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

pursue J&J Talc Claims[a] (as each is defined in Exhibit 2 to this Order) against the Debtors nominally; (ii) for J&J to send notice of J&J's assumption of the defense of all J&J Talc Claims; and (iii) to take certain other actions set forth in the protocol attached to this Order as **Exhibit 1** (the "**Talc Litigation Protocol**") to assume the defense of and indemnify the Debtors for the J&J Talc Claims, as more fully detailed in the Motion; and *in further consideration of J&J's Omnibus Reply in Support of J&J's Motion for Entry of Order Modifying Automatic Stay to Implement Talc Litigation Protocol (the "Reply"), which expanded J&J's proposed indemnification and amended the proposed protocol; and* this Court having jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and this Court having found and determined that the relief sought in the Motion**, as modified in the Reply, and as further set forth in this Order,** is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[a]    "J&J Talc Claim" means any claim against a Debtor alleging harm caused by the Debtors' talc based on the alleged use of a J&J product, provided the claim has not reached a final resolution.

2.    The automatic stay imposed by section 362(a) of the Bankruptcy Code shall be modified as of the **effective** date ~~hereof~~**of the Debtors' Plan (defined below)** so that (a) the J&J Talc Claimants may pursue their J&J Talc Claims against the Debtors solely outside of these chapter 11 cases and (b) as between the Debtors and J&J, J&J ~~may~~**shall** assume the defense and control the resolution of the J&J Talc Claims. **J&J shall indemnify the Debtors fully for all J&J Talc Claims, as described in paragraph 4 of the Reply. J&J's obligation to indemnify the Debtors shall remain in effect for all time and shall survive (without limitation) the termination of the automatic stay and the conclusion of the above-captioned bankruptcy cases. For the avoidance of doubt, J&J is assuming the defense of any pending J&J Talc Claims and any J&J Talc Claims subject to further appeals, and J&J shall have no claims or causes of action against the Debtors, any Reorganized Debtor, any buyer of substantially all of the Debtors' assets, or the Talc Personal Injury Trust on account** of the J&J Talc Claims **or J&J's defense of those claims.**

3.    J&J ~~is authorized to~~**shall** implement the Talc Litigation Protocol and the Debtors are directed to cooperate in the implementation thereof. The J&J Indemnity Claims and Defense Waiver **(as defined in Exhibit 2 to this Order)** is effective as to J&J**, and any claims J&J filed in these cases shall be deemed withdrawn with prejudice**; provided, however, that ~~(a) J&J's rights to assert any defenses to indemnity based on actions or conduct of the Debtors occurring after the Petition Date or taken in connection with these chapter 11 cases are fully preserved and (b) J&J is not waiving any argument under its contracts with the Debtors or~~**all arguments under contracts and** applicable law that relate to any claims to indemnify the Debtors for punitive damages liability~~. J&J is authorized to take any other actions necessary to effectuate the relief granted pursuant to this Order.~~ **are preserved.**

4.      Subject to the provisions of Paragraph 10 ~~below~~hereof, the Debtors ~~waive their~~' rights to assert indemnification under the J&J Indemnity Provisions against J&J with respect to any J&J Talc Claim the Debtors resolved ~~without J&J's participation~~prior to the date of this Order are fully preserved.

5.      Subject to the provisions of Paragraph 10 hereof, J&J's rights, if any, to seek reimbursement from any insurance carrier that issued an insurance policy to the Debtors or under which Debtors have claimed or potentially could claim a right to defense or insurance coverage are reserved to the extent of coverage that would otherwise be available to J&J under such policy(ies) to pay the Debtors' legal costs and liability for J&J Talc Claims, if any.  This Order does not create any such rights in favor of J&J or reduce any rights of the Debtors under its insurance policies.

~~6. J&J shall have "party in interest" standing in the Debtors' chapter 11 cases to the extent that any proceedings in these cases affect J&J or its litigation and defense~~ of the J&J Talc Claims.

**6.**      ~~7.~~ Nothing herein shall alter or affect ~~any parties~~the Debtors' obligations to preserve and maintain all books and records relevant or potentially relevant to the J&J Talc Claims in a manner consistent with the applicable provisions of Rules 26 and 34 of the Federal Rules of Civil Procedure.

**7.**      ~~8.~~ This Order shall be fully effective and enforceable immediately upon its entry.

**8.**      ~~9.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**9.      Nothing in this Order shall prevent any party's liability for J&J Talc Claims from being channeled to the Talc Personal Injury Trust (as defined in the *Joint Chapter 11***

*Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* **[D.I. 1714] (as may be subsequently amended, the "Plan")). To the extent any such liability is channeled pursuant to the Plan, J&J shall indemnify the Talc Personal Injury Trust and the Reorganized Debtors for all** J&J Talc Claims to the **same extent J&J is indemnifying the Debtors hereunder.**

10.      Nothing in this Order, including ~~the authorization granted to J&J under~~ Paragraph 3 hereof, shall be deemed a determination that J&J has any rights under any insurance policy. Notwithstanding any other provision of this Order, the rights of any insurance carrier under any policy, including against J&J as subrogee of the Debtors or any other entity, and as to any claim that J&J is entitled to reimbursement from any carrier under any policy for any amounts J&J pays or incurs with respect to the J&J Talc Claims, are fully preserved. **Nothing in this Order modifies or reduces the Debtors' rights with respect to any insurance policy under which it otherwise has rights.** J&J cannot use this Order, or any of the findings in this Order, as a basis to seek reimbursement from any carrier or to defeat any coverage defenses or issues advanced by any carriers in response to a claim for reimbursement. The Court has not made any finding that **the** Debtors **or J&J** have rights under any policies or that J&J is entitled to reimbursement from any carrier or under any policies, and the Court has not made any determination as to the correctness, reasonableness, or propriety of (a) any such reimbursement claim by J&J, (b) the assumption of the defense of or payment of liability for the J&J Talc Claims by J&J as it relates to any issues involving insurance policies or insurance carriers, or (c) the merits of any defenses of any carrier to any such claim.

**11.** **Nothing in this Order shall create, support, or expand any purported rights to remove any ongoing or future litigation to the District Court of Delaware as related cases to the Debtors' bankruptcy cases.**

Dated: _____, 2020
      Wilmington, Delaware

 

_____
HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Talc Litigation Protocol

(a)    **Notice to Debtors**. Within three (3) days of the Court's entry of the *Order Pursuant to 11 U.S.C. 105(a) and 362(d), Fed. R. Bankr. P. 4001, and Local Rule 4001-1 Modifying Automatic Stay to Permit J&J to Send Notice Assuming Defense of Certain Talc Claims and Implement Talc Litigation Protocol* (the "**Lift Stay Order**"),[1] J&J will give formal notice of J&J's assumption of the defense of the J&J Talc Claims to the Debtors (the "**Assumption Notice**"), as contemplated by the 1989 SPA and 1989 SA, and its exclusive right to defend and resolve the J&J Talc Claims on behalf of the Debtors.

(b)    **Notice to Parties in Interest**. Within fourteen (14) days of ~~the~~ the entry of the Lift Stay Order, the Debtors, in consultation with J&J, will file and serve upon all ~~parties in interest~~**J&J Talc Claimants**,[2] the United States Trustee for the District of Delaware, and any other party requesting notice pursuant to Bankruptcy Rule 2002 (i) a copy of the Lift Stay Order; (ii) the Assumption Notice; and (iii) lists of each action or proceeding (including any litigation, arbitration, mediation, negotiation, or other adversarial process) that is a J&J Talc Claim (A) that has been stayed as against the Debtors by application of the automatic stay (each, a "**Stayed Proceeding**"), **whether or not such stay was lifted,** including proceedings in which the Debtors filed a notice of suggestion of bankruptcy to put parties on notice of the stay of litigation with respect to the Debtors, but in which the Debtors were not removed as defendants; (B) from which the proceedings against the Debtors have been severed from the proceedings against J&J (each, a "**Severed Proceeding**")**;** (C) in which a Debtor was dismissed as a defendant, or the proceeding was dismissed as against a Debtor, without prejudice (each, a "**Debtor-Dismissed Proceeding**"); and (D) that commenced after the Petition Date (or that will be commenced in the future) against J&J in which J&J believes the Debtors are appropriate co-defendants, whether or not the automatic stay would preclude the Debtors' being named as co- defendants absent the relief requested herein (each, a "**Postpetition Proceeding**" and together with any Stayed Proceeding, Severed Proceeding, or Debtor-Dismissed Proceedings, a "**Proceeding**").

(c)    **Right to Appoint Counsel**. J&J will be authorized to identify, appoint, and/or designate counsel ("**Appointed Counsel**") to represent the Debtors with respect to the Stayed Proceedings (and each Severed Proceeding, Debtor-Dismissed Proceeding, and Postpetition Proceeding, as may become necessary) in conformance with Section 11.4 of

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Lift Stay Order.

[2]    **All known J&J Talc Claimants shall receive such notice directly unless such claimants are represented by counsel in which case the notice will be provided to counsel pursuant to the *Final Order (I) Authorizing the Filing of (A) a Consolidated Master List of Creditors, (B) a Consolidated List of the Top Thirty Law Firms Representing Talc Claimants, and (C) a Consolidated List of Creditors Holding the Thirty Largest Unsecured Claims, and (II) Approving Certain Notice Procedures for Talc Claimants* [ECF No. 248].**

the 1989 SPA and will notify the Debtors of such designation. The Debtors will have seven (7) days after receiving notice of J&J's proposed counsel to notify J&J in writing if the Debtors believe there is any conflict of interest in connection with or otherwise object to J&J's designated counsel, which conflict will be resolved in conformance with Section 11.4 of the 1989 SPA. **For the avoidance of doubt, each party or plaintiff who is asserting** a J&J Talc Claim **that may have a right to raise a potential conflict of interest or objection to the Appointed Counsel under applicable law shall retain such rights to the extent such right would have otherwise been available.** Upon the appointment or designation of counsel, the Debtors will **reasonably** cooperate in the defense and resolution of such Proceedings **at J&J's expense**, and will within a reasonable time provide Appointed Counsel with all pleadings, correspondence, discovery, and existing attorney work product related to such proceedings.

(d)    **Notices in Proceedings**. Appointed Counsel in any Proceeding will serve a copy of the Lift Stay Order upon all parties to the Proceeding, file a notice of appearance in the applicable Proceeding, and file a notice on the applicable docket providing that the automatic stay of the Proceeding against the Debtors has been modified and the proceeding will continue as against the Debtors **upon the effective date of the Plan**. Appointed Counsel, at J&J's direction, will be authorized to (i) conduct the defense of the Debtors in the Proceeding, and/or (ii) settle J&J Talc Claims on behalf of the Debtors without prior Bankruptcy Court approval; *provided*, *however*, that such settlements will be covered by the J&J ~~Indemnity Proposal~~**indemnity** and paid by J&J.

(e)    **Communication with Claimants' Counsel**. Appointed Counsel will inform ~~claimants~~**the J&J Talc Claimants**' counsel of the impact of the Lift Stay Order on the J&J Talc Claims, including that (i) plaintiffs' exclusive means of recovery on their J&J Talc Claims are through commencement of a lawsuit or other non-bankruptcy proceeding against the Debtors and defended by J&J or Appointed Counsel on behalf of the Debtors, or through settlement with J&J or Appointed Counsel on behalf of the Debtors, and (ii) J&J is fully indemnifying the Debtors for the J&J Talc Claims, and confer with the claimants' counsel, if necessary, to determine a course of action to advance the Proceeding in light of the Lift Stay Order and the Debtors' participation in the Proceeding. **The form of J&J's communication with the J&J Talc Claimants' counsel shall be reasonably acceptable to the TCC, the FCR, and the Debtors.** In any Debtor-Dismissed Proceeding in which the Debtors had been dismissed without prejudice as a co-defendant, any Severed Proceeding, or any Postpetition Proceeding in which the Debtors are not named co-defendants, J&J will make reasonable efforts, where feasible, to facilitate the addition or joinder of the applicable Debtor(s) as co-defendants in accordance with local procedural rules; *provided*, *however*, that if the Proceeding is beyond the discovery stage and claimants' counsel determines not to include the Debtors as co-defendants in the Proceeding against J&J, J&J will not seek to add them~~; *provided, further, however,* that any claimant that is on notice of the Lift Stay Order and this Talc Litigation Protocol that determines not to include the Debtors as co-defendants in~~ a J&J Talc Claim ~~Proceeding against J&J, such claimant is barred from thereafter pursuing its J&J Talc Claim against the Debtors.~~**.**

2

(f)     **Proofs of J&J Talc Claims**. J&J will notify any J&J Talc Claimant that files a proof of clam for its J&J Talc Claim in these chapter 11 cases that the defense and any resolution of such Claim will be conducted by J&J in the applicable non-bankruptcy forum and, if the J&J Talc Claimant is not already party to a Proceeding, that the J&J Talc Claimant must commence or join a Proceeding to recover on account of such Claim.  The Debtors will use reasonable best efforts to notify J&J of any proof of claim filed for a J&J Talc Claim.

(g)     **Debtors' Cooperation**. The Debtors shall cooperate in good faith in the defense of J&J Talc Claims **at J&J's sole expense**, including maintaining their attorney-client, attorney work product, and joint defense privilege claims vis a vis the Trustee, the TCC**, the FCR,** and any ~~talc claimant~~**J&J Talc Claimant** and making the Debtors' discoverable documents~~, witnesses, and experts~~ available to J&J in the defense of the J&J Talc Claims ~~or in any insurance coverage litigation relating to the~~ J&J Talc Claims to the ~~extent necessary. Such witnesses and experts will provide truthful testimony.  In   addition, the Debtors shall abide by the obligations of the agreements between J&J and the Debtors, including the obligations of good faith and fair dealing.~~**to the extent they would normally be available under applicable law in the absence of this Order.**

(h)     **Debtors' Successors**. Any provision included in this Talc Litigation Protocol that applies to the Debtors shall be deemed to apply to ~~any successor of~~ the **Reorganized** Debtors with respect to the J&J Talc Claims, ~~including a trust established under sections 105(a) or 524(g) of the Bankruptcy Code to administer claims pursuant to a chapter 11 plan,~~ to the same extent as to the Debtors.

**Exhibit 2**

**Certain Definitions**

(a)  **J&J Talc Claim**. ~~Any claim~~ **All Direct Talc Personal Injury Claims (as defined in the Plan)** against a Debtor ~~alleging harm caused by the Debtors' talc, based on the alleged use of a~~ **where plaintiffs allege use of talcum powder products distributed by** J&J ~~product~~, provided the claim has not reached a final resolution~~.~~ (**e.g., no settlement has been reached and no non-appealable final judgment has been entered against a Debtor in a court of competent jurisdiction**).

(b)  **J&J Talc Claimants**. Holders of J&J Talc Claims.

(c)  **J&J Indemnity Claims**. ~~Under agreements covering other time periods,~~**Any and all indemnity obligations that** the Debtors owe J&J ~~indemnity obligations~~ for liability arising from talc supplied ~~in certain~~**by the Debtors (or their predecessors) in any** periods (**any** such liquidated and unliquidated obligations, the "**J&J Indemnity Claims**").

(d)  **J&J Indemnity Defenses**. ~~Numerous~~ **Any and all of J&J's** potential defenses **whatsoever** (the "**J&J Indemnity Defenses**") to indemnification of J&J Talc Claims, including **without limitation any argument** that:

    (i)  ~~by rejecting J&J's offers to assume liability for the J&J Talc Claims and ignoring J&J's rights under the J&J Indemnity Provisions to assume the defense of the Debtors and to control settlement decisions involving the J&J Talc Claims,~~ the Debtors breached their obligations under the J&J Indemnity Provisions,**[3]** relinquishing J&J of any duty to indemnify the Debtors for J&J Talc Claims settled without J&J's participation, and resulting in the incurable defaults by the Debtors that render the supply agreements unassumable by the Debtors;

    (ii)  if a settlement, judgment, or recovery from a trust is procured by bad faith, collusion, or fraud, it is not subject to indemnity under the applicable agreement and other principles of indemnity law;

    (iii)  the claimant did not actually use a J&J product;

    (iv)  the products of a company other than J&J to which the Debtors also supplied talc caused the claimant's injury or some other factor or exposure caused the J&J Talc Claimant's injury;

---

**[3]** **The "J&J Indemnity Provisions" include any and all indemnity obligations that J&J owes the Debtors for liability arising from talc supplied by the Debtors (or their predecessors) in any periods.**

(v)    settlements of J&J Talc Claims for large dollar amounts are not subject to indemnity by J&J given the lack of reliable scientific evidence of causation of the applicable injury;

(vi)    ~~While J&J denies that the applicable J&J products contained asbestos,~~ if the Debtors are responsible for providing J&J with contaminated talc in a manner not conforming to J&J's specifications per the supply agreements, J&J would not owe contractual indemnification;~~24~~ and

(vii)    ~~Allegations of~~ other acts or omissions of the Debtors in production, testing, and delivery of the talc resulted in the injury.

(e)    **J&J Indemnity Claims and Defense Waiver**.    J&~~J will waive~~ **J's waiver of** the J&J Indemnity Claims and the J&J Indemnity Defenses.

---

~~²  The 1989 SA contains a carve-out for J&J's indemnity obligations if the talc provided by Windsor/ITV did not conform to specifications.  *See* Ex. B, § 11 ("[J&J] shall have no obligation of indemnification pursuant to this Section 11 in the event that the Talc delivered to [J&J] hereunder did not conform to the specifications for such Talc then in effect . . .")~~⁴  **For the avoidance of doubt, J&J fully, finally, and forever waives any argument that the presence of asbestos in the Debtors' talc would (1) void J&J's obligation to indemnify the Debtors and (2) entitle J&J to be indemnified by the Debtors.**