## Exhibit B

Summary of Objections

RLF1 24099484v.1

**Exhibit B**
**In re Imerys Talc America, Inc., *et al.*, Case No. 19-10289 (LSS)**
**Summary of Disclosure Statement Objections[1]**

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| **Cyprus's Second Supplemental Objection**<br><br>**[Docket No. 2282]** | The Plan is predicated on the entry of a "J&J Protocol Order," but the "J&J Protocol Order" is non-existent. [Docket No. 2282 at ¶¶ 7-10]. | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The TDP does not explain the criteria to evaluate certain types of Indirect Talc Personal Injury Claims [Docket No. 2282 at ¶¶ 11-18.] | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. Regardless, Section 5.2 of the Original TDP, as well as the Amended TDP,[2] discuss the resolution of all unliquidated Talc Personal Injury Claims. Section 5.4 of the Original TDP, as well as the Amended TDP, discuss the resolution of all Indirect Talc Personal Injury Claims.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B, III.A.6 of the Debtors' omnibus reply. |

---

[1]     Capitalized terms used herein but not defined have the meanings given to such terms in the Reply.

[2]     The Debtors anticipate filing an Amended TDP in the near term.

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Plan's "Insurance Entity Injunction" is improper and appears to bar Cyprus from accessing its own insurance policies [Docket No. 2282 at ¶¶ 19-21]. | The Disclosure Statement provides adequate information with respect to ongoing disputes regarding the rights to Cyprus-related insurance policies and complies with Section 1125.  Moreover, Cyprus' requested language is inconsistent with the parties' disputes, which are summarized adequately in the Disclosure Statement.<br><br>A more fulsome response is set forth in §§ III.A.2.b, III.A.6.b of the Debtors' omnibus reply. |
| | The Disclosure Statement should be clarified regarding Cyprus' claimed independent indemnity rights against J&J [Docket No. 2282 at ¶¶ 22-23]. | The Disclosure Statement contains an adequate description of Cyprus's additional adversary proceeding filed on June 15, 2020 against the Debtors and J&J, which is set to determine if Cyprus has any indemnity rights against J&J.<br><br>A more fulsome response is set forth in § III.A.6.b of the Debtors' omnibus reply. |
| | The confirmation schedule must be modified [Docket No. 2282 at ¶¶ 24-27]. | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan, Disclosure Statement, and revised confirmation schedule.  Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, the deadline to vote on or object to the Plan will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in §§ III.D.2 of the Debtors' omnibus reply. |
| **Employers Mutual Casualty Company Joinder** | Employers Mutual Casualty Company joins the Certain Insurers' Superseding Objection [Docket No. 2270]. | *See* Responses to the Certain Insurers' Superseding Objection [Docket No. 2270]. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| **[Docket No. 2280]** | | |
| **United States Trustee Supplemental Objection**<br><br>**[Docket No. 2279]** | The Disclosure Statement does not contain adequate information because it fails to describe or summarize the TDP, Trust Agreement, and Cooperation Agreement. (*See* Docket No. 2279 at ¶¶ 36-38.) | The Debtors are not required to summarize the TDP in the Disclosure Statement. The Plan, as supplemented by the Original TDP and the Amended TDP, provides sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan. Finally, additional supporting documents will be appropriately filed as part of the Plan Supplement.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The TDP does not contain adequate safeguards for preventing fraud and minimizing the number of non-meritorious claims that are paid. (*See* Docket No. 2279 at ¶ 41.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B of the Debtors' omnibus reply. |
| | The TDP is deficient because it: (i) allows for the filing of claims on a confidential basis; (ii) does not require the submission to the Trust of all evidence of exposure; (iii) does not properly consider affirmative defenses; (iv) allows for excessive attorney fees; (v) allows certain law firms to receive unfairly favorable treatment; (vi) fails to disclose the identity of Trustees and members of the TAC, and (v) does not have an audit procedure to allow interested parties to monitor which claims are being paid and which are being denied (*See* Docket No. 2279 at ¶¶ 14-27.) | These objections are to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>In addition, the TDP does consider affirmative defense, as claim values are based on a number of factors, including settlement values for Talc Personal Injury Claims that were resolved prior to the Petition Date, and, as such, take into account the attendant litigation risks and the Debtors' asserted defenses. |

3

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | Further, the identities of Trustees and members of the TAC will be disclosed with the Plan Supplement. A more fulsome response is set forth in §§ III.A.1.a, n.6, III.A.1.b.4, III.B of the Debtors' omnibus reply. |
| | The Amended Plan violates Sections 1129(a)(3) and 1123(a)(5),[3] and is therefore unconfirmable, because the TDP contains inadequate safeguards to prevent the payment of fraudulent claims, including both claims submitted to the Trust and claims in other proceedings. (*See* Docket No. 2279 at ¶¶ 46-47.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP. The Original TDP, as well as the Amended TDP, adequately addresses anti-fraud protections. To the extent the U.S. Trustee contests the adequacy of the anti-fraud protections, that is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. A more fulsome response is set forth in § III.A.1.b.1 of the Debtors' omnibus reply. |
| | The Amended Plan violates Section 1129(a)(5)(A), and is therefore unconfirmable, because it does not disclose the identities and affiliations of the persons who will be acting as Trustees and the members of the TAC. (*See* Docket No. 2279 at ¶ 48.) | The identities and affiliations of the persons who will be acting as Trustees and members of the TAC will be disclosed with the Plan Supplement. This objection is premature and not ripe for consideration. Instead, it should be considered at the proper time—plan confirmation. A more fulsome response is set forth in §§ III.A.1.a n.6, III.B of the Debtors' omnibus reply. |
| | The Amended Plan may be unable to deal fairly and equally with each claim because the J&J Protocol Order, which was intended to set forth the procedures by which Indemnified Claims could seek recovery | This is an objection to the substance of the Amended Plan. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. Regardless, this |

---

[3]    Unless otherwise stated, statutory references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | through the J&J Indemnity, does not exist. (*See* Docket No. 2279 at ¶ 49.) | objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.   Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Amended Plan may not be confirmable because it is doubtful that it will ensure present and future claims will be paid in substantially the same manner.  (*See* Docket No. 2279 at ¶ 50.) | This is an objection to the substance of the TDP.  Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time— plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a n.6, III.B of the Debtors' omnibus reply. |
| **Cyprus Historical Excess Insurers Objection**<br><br>**[Docket No. 2278]** | The TDP contains potential conflicts of interest because, to be paid through the Talc Personal Injury Trust, Claimants need only affirm exposure to talc based on "personal knowledge" and only provide a physician's diagnosis. (*See* Docket No. 2278 at ¶ 1.) | This is an objection to the substance of the TDP.  Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time— plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a n.6, III.B of the Debtors' omnibus reply. |
| | The Disclosure Statement does not contain adequate information because it:   (i) fails to describe or summarize the TDP that controls the treatment of Talc Personal Injury Claims under the Amended Plan and (ii) is built on a protocol and an order that do not exist at the present time.  The Plan of Reorganization was filed without the Contributed Indemnity and Insurance Interests, the Cooperation Agreement, the Talc PI Note, the Talc PI Pledge Agreement, or a list of the insurance | The Debtors are not required to summarize the TDP in the Disclosure Statement.  The Plan, as supplemented by the Original TDP and the Amended TDP, provides sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.  In addition, the Plan and Disclosure Statement have been revised to remove the "J&J Protocol."   Finally, additional supporting |

5

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | policies or insurance carriers implicated by the terms of the Plan.  By failing to provide Plan documents and the section of the Plan that address allowance and valuation of claims, the 28-day-notice requirement should not be triggered because both the Plan and Disclosure Statement are missing vital information that govern the trust.  (*See* Docket No. 2278 at 4-5.) | documents will be appropriately filed as part of the Plan Supplement.<br><br>A more fulsome response is set forth in §§ III.A.1.b.2, n.8, III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement does not provide a description of how the trust mechanisms will work.  (*See* Docket No. 2278 at 5-8.) | The Debtors are not required to summarize the TDP in the Disclosure Statement.  The Plan, as supplemented by the Original TDP and the Amended TDP, provides sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The Disclosure Statement lacks adequate information because it was not revised to include any summary of the TDP or any discussion of the TDP's impact on Talc Personal Injury Claims.  (*See* Docket No. 2278 at 8-9.) | The Debtors are not required to summarize the TDP in the Disclosure Statement.  The Plan, as supplemented by the Original TDP and the Amended TDP, provides sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The TDP does not discuss the Debtors' liability defenses, although the Debtors have a prepetition litigation record of successfully asserting such defenses.  The Disclosure Statement should point out the TDP's abandonment of the Debtors' liability defenses and the impact such abandonment could have on Talc Personal Injury Claimants, including assertion of coverage defenses to indemnification of talc | The Debtors have not abandoned any defenses.  The scheduled values included in the TDP take into account such defenses.<br><br>A more fulsome response is set forth in § III.A.1.b.4 of the Debtors' omnibus reply. |

6

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | liabilities by insurers and indemnitors. (*See* Docket No. 2278 at 10-12.) | |
| | A meaningful evaluation of how insurers' coverage, coverage defenses, and possible claims for contribution or subrogation are implicated by the Plan depends on withheld or flawed Plan documents and compels denying approval of the Disclosure Statement until these documents are filed and fixed, absent which the Disclosure Statement fails to disclose the insurers' rights and obligations under the Plan. (*See* Docket No. 2278 at 12-14.) | The Plan contains robust insurance neutrality language, which is similar to language approved in other plans.<br><br>A more fulsome response is set forth in § III.A.4 of the Debtors' omnibus reply. |
| | The insurance neutrality language in the Plan means nothing without a clear understanding of which coverage defenses are purportedly disallowed or may otherwise be limited or impaired under the withheld sections of the Plan and Plan Documents. (*See* Docket No. 2278 at 13-14.) | The Plan contains robust insurance neutrality language, which is similar to language approved in other plans.<br><br>A more fulsome response is set forth in § III.A.4 of the Debtors' omnibus reply. |
| | The Plan effectively presumes that the Debtors have rights under the Cyprus Historical Insurance policies and that its transfer of those rights is valid and not subject to challenge. The Disclosure Statement does not disclose the infirmity of the Debtors' claim to insurance, nor does it disclose the insurance policies and carriers that will be contributing to the Plan. (*See* Docket No. 2278 at 14-15.) | The Disclosure Statement adequately discloses the ongoing disputes regarding the Cyprus Historical Insurance policies.<br><br>A more fulsome response is set forth in § III.A.6.b of the Debtors' omnibus reply. |
| | The Disclosure Statement does not adequately address the reasons the Debtors sought to block J&J from assuming the defense of Talc Personal Injury Claims, the risks that flow from the implications of their actions or any type of comparison of the J&J proposal to the results of the Plan. (*See* Docket No. 2278 at 15-20.) | This objection is misleading and misconstrues the Debtors' objection to the J&J Stay Motion. The Debtors have never opposed J&J assuming its indemnification obligations, but did oppose J&J's procedurally improper motion. The Debtors did not breach any contractual requirements by opposing J&J's procedurally improper motion, which was ultimately denied by the Court. |

7

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in § III.A.2.a. n.13 of the Debtors' omnibus reply. |
| | The documents that have been filed make clear that the Debtors propose to delegate to selected plaintiffs' lawyers the allowance and valuation of their own claims. This leaves the fox guarding the henhouse to the detriment of the estate. (*See* Docket No. 2278 at 17-20.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. In any event, reaching agreement with representatives of the talc claimants is necessary given Section 524(g)'s 75% approval requirement. <br><br> A more fulsome response is set forth in § III.B.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement cannot be approved because it fails to discuss the potential ramifications of Debtors' refusal to accept J&J's proposal to indemnify all J&J Talc Claims or the Court's denial of the J&J lift-stay motion and the potential impact of that ruling on claimants. (*See* Docket No. 2278 at 20-23.) | The J&J Stay Motion was not an indemnification proposal, but a procedurally improper and substantively flawed motion. The Debtors did not breach any contractual requirements by opposing the J&J Stay Motion. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust. <br><br> A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The disclosure statement's discussion of the J&J Protocol and the J&J Protocol Order is misleading. The disclosure statement should disclose that there is no agreed J&J Protocol, that no J&J Protocol Order has been entered or agreed to, and that J&J is presently disputing whether it has ongoing indemnification obligations. Before a Disclosure Statement hearing is scheduled, the indemnification and litigation protocol must be disclosed in full. (*See* Docket No. 2278 at 23-26.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust. <br><br> A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |

8

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The disclosure statement must discuss the status of any negotiations between any of the Plan Proponents and J&J concerning a potential J&J Protocol and J&J Protocol Order, and the prospects for an agreement between Plan Proponents and J&J. (*See* Docket No. 2278 at 26-28.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. In addition, the Disclosure Statement adequately discloses the history of negotiations between the Debtors and J&J. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in §§ III.A.2.a, III.B.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement should discuss that the TDP seem to allow double payment of some claims. (*See* Docket No. 2278 at 26-27.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a n.6, III.B of the Debtors' omnibus reply. |
| | The TDP does not explain how claims that have already been adjudicated or claims that are pending appeal will be paid. (*See* Docket No. 2278 at 28-29.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. Regardless, Section 5.2 of the Original TDP discusses the resolution of all unliquidated Talc Personal Injury Claims. Section 5.4 of the Original TDP discusses the resolution of all Indirect Talc Personal Injury Claims.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B, III.A.6 of the Debtors' omnibus reply. |

9

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Disclosure Statement provides no disclosure on the treatment of the remaining 10% of Debtors' talc-related liabilities.  (*See* Docket No. 2278 at 29-30.) | This is an objection to the substance of the TDP.  Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time— plan confirmation.  Regardless, Section 5.2 of the Original TDP discusses the resolution of all unliquidated Talc Personal Injury Claims.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B, III.A.6 of the Debtors' omnibus reply. |
| | The Court should not adopt any confirmation schedule that does not expressly provide reasonable time for potential objectors to consider the Disclosure Statement and related documents, or to conduct appropriate plan discovery, both fact and expert, before confirmation objections are due. (*See* Docket No. 2278 at 30-32.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan, Disclosure Statement, and revised confirmation schedule.  Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, the deadline to vote on or object to the Plan will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in §§ III.D.2 of the Debtors' omnibus reply. |
| **Hartford Accident and Indemnity & First Sale Insurance Company Joinder**<br><br>**[Docket No. 2272]** | Hartford joins the Certain Insurers' Superseding Objection [Docket No. 2270]. | *See* Responses to Certain Insurers' Superseding Objection [Docket No. 2270]. |
| **Certain Insurers' Superseding Objection**<br><br>**[Docket No. 2270]** | The Disclosure Statement does not include any summary of the TDP or its impact on Talc Personal Injury Claims and the TDP itself lacks adequate information regarding treatment of such claims. (*See* Docket No. 2270 at 7-9.) | The Debtors are not required to summarize the TDP in the Disclosure Statement.  The Plan, as supplemented by the Original TDP and the Amended TDP, provides more than sufficient information to allow a claimant to |

10

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The TDP fails to discuss the Debtors' liability defenses, although the Debtors have a prepetition litigation record of successfully asserting such defenses. The Disclosure Statement should point out the TDP's abandonment of the Debtors' liability defenses and the impact such abandonment could have on Talc Personal Injury Claimants, including assertion of coverage defenses to indemnification of talc liabilities by insurers and indemnitors. (*See* Docket No. 2270 at 9-12.) | Any criticism of the scheduled values contained in the Original TDP or the Amended TDP should be resolved in connection with confirmation of the Plan. The Debtors have not abandoned any defenses. The scheduled values included in the TDP take into account such defenses.<br><br>A more fulsome response is set forth in §§ III.A.1.a n.6, III.B, III.A.1.b.4 of the Debtors' omnibus reply. |
| | The Disclosure Statement is affirmatively misleading because there is no discussion of the potential ramifications of the Debtors' refusal to accept J&J's indemnification proposal, and the material differences between the TCC/FCR Proposed Order, which J&J opposed, and the J&J Stay Order. The Disclosure Statement should discuss that the Plan is a rejection of J&J's offer, which might have provided full recoveries to Talc Personal Injury Claims who settle with J&J or obtain judgments in the tort system, and that the Debtors' insurers may argue that J&J's uncapped indemnification obligation is primarily owed to the Debtors' insurers (*See* Docket No. 2270 at 12-15.) | This objection is misleading and misconstrues the Debtors' objection to the J&J Stay Motion. The Debtors have never opposed J&J assuming its indemnification obligations, but did oppose J&J's procedurally improper and substantively deficient motion. The Debtors did not breach any contractual requirements by opposing J&J's procedurally improper motion, which was ultimately denied by the Court.<br><br>A more fulsome response is set forth in § III.A.2.a n.13 of the Debtors' omnibus reply. |
| | Given that the funding for the Talc Personal Injury Trust is largely dependent on the availability of insurance, the possibility that insurance availability may have been jeopardized by Debtors' rejection of J&J's indemnification offer should be disclosed to | This objection is misleading and misconstrues the Debtors' objection to the J&J Stay Motion. The Debtors have never opposed J&J assuming its indemnification obligations, but did oppose J&J's procedurally improper and substantively deficient |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | holders of Class 4 claims. (*See* Docket No. 2270 at 12-15.) | motion. The Debtors did not breach any contractual requirements by opposing J&J's procedurally improper motion, which was ultimately denied by the Court.<br><br>A more fulsome response is set forth in § III.A.2.a n.13 of the Debtors' omnibus reply. |
| | The TDP relies on and incorporates the J&J Protocol Order, but no J&J Protocol Order has been entered by the Court. (*See* Docket No. 2270 at 16-20.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The disclosure statement's discussion of the J&J Protocol and the J&J Protocol Order is misleading. The disclosure statement should disclose that there is no agreed J&J Protocol, that no J&J Protocol Order has been entered or agreed to, and that J&J is presently disputing whether it has ongoing indemnification obligations. (*See* Docket No. 2270 at 16-20.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in §§ III.A.2.a of the Debtors' omnibus reply. |
| | The disclosure statement must discuss the status of any negotiations between any of the Plan Proponents and J&J concerning a potential J&J Protocol and J&J Protocol Order, and the prospects for an agreement between Plan Proponents and J&J. (*See* Docket No. 2279 at ¶ 49.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. In addition, the Disclosure Statement adequately discloses the history of negotiations between the Debtors and J&J. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust. |

12

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in §§ III.A.2.a, III.B.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement should discuss that the TDP seems to allow double payment of some claims. (*See* Docket No. 2270 at 16-20.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a n.6, III.B of the Debtors' omnibus reply. |
| | The Plan appears to be unconfirmable as a matter of law because a condition precedent to confirmation is that the Court must enter a finding construing the effect of the J&J Protocol Order, but that order does not exist. (*See* Docket No. 2270 at 16-20.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | Since the deadline for filing plan confirmation objections has passed and the disclosure statement still has not been approved, Debtors' proposed schedule is out-of-date and must be rejected. Because there is no proposed schedule for the Court to consider, any consideration of a proposed schedule should be deferred until after Debtors file a motion with notice and an opportunity to respond. (*See* Docket No. 2270 at 20-21.) | Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, the deadline to vote on or object to the Plan will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| | Any new schedule that may be proposed must take into account the issues that will be raised concerning the Plan (including the TDP) and allow a reasonable time for potential objectors to obtain needed discovery. Any schedule must include a period for document discovery, followed by adequate time for depositions, and should allow time following the completion of fact | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan, Disclosure Statement, and revised confirmation schedule. Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, the deadline to vote on or object to the Plan will be November 20, 2020, which is over six weeks away. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | discovery for designation of experts, submission of expert reports, and expert discovery. (*See* Docket No. 2270 at 20-21.) | This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| **Johnson & Johnson Second Supplemental Objection**<br><br>**[Docket No. 2258]** | The Plan is patently unconfirmable because the Plan and TDP are premised on the J&J Protocol Order, which has been rejected by the Court. The TDP is silent as to what happens in the absence of the J&J Protocol Order. (*See* Docket No. 2258 at ⁋ 6.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The TDP claim values are not supported by the Debtors' litigation history or assertions that the Talc Personal Injury Claims are without merit. (*See* Docket No. 2258 at ⁋⁋ 7-10.) | Any criticism of the scheduled values contained in the Original TDP or the Amended TDP should be resolved in connection with confirmation of the Plan. The scheduled values included in the TDP take the Debtors' defenses into account.<br><br>A more fulsome response is set forth in § III.A.1.b.4 of the Debtors' omnibus reply. |
| | The TDP provides significant recoveries for claims that are medically or scientifically weak or unsubstantiated, and do not provide a basis for reducing compensation for claims that would fail as a matter of law in a number of jurisdictions. (*See* Docket No. 2258 at ⁋⁋ 11-17.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B of the Debtors' omnibus reply. |
| | The TDP payment structure allows certain categories of claimants to recover the full value of claims for the same injury against J&J in the tort system, as well as | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time— |

14

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | through the Talc Personal Injury Trust.  It is unclear from the TDP whether the Talc Personal Injury Trust may then seek reimbursement from J&J for such claims. (*See* Docket No. 2258 at ¶ 14.) | plan confirmation.  In any event, this objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. A more fulsome response is set forth in § III.A.1.a, n.6 of the Debtors' omnibus reply. |
| | The TDP is silent as to whether efforts will be made to disclose claims made against J&J or co-defendants in the tort system, or against other trusts, or how a claimant's recovery will be impacted by duplicative claims. (*See* Docket No. 2258 at ¶ 15.) | This is an objection to the substance of the TDP.  Such objections are premature and not ripe for consideration.  Instead, they should be considered at the proper time— plan confirmation.  In any event, this objection has been partially mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  Moreover, the Debtors anticipate this objection will be addressed by the Amended TDP. A more fulsome response is set forth in § III.A.1.a, n.6 of the Debtors' omnibus reply. |
| | The TDP provide for disparate treatment of J&J by improperly excluding it from the definition of Indirect Claimant. (*See* Docket No. 2258 at ¶¶ 18-19.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan  and Disclosure Statement. A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The TDP provides disparate treatment to Indirect Claimants because it is not clear whether such claimants will receive recovery for liquidated claims. (*See* Docket No. 2258 at ¶ 19.) | The TDP and Plan provide equal treatment to holders of Indirect Talc Personal Injury Claims. A more fulsome response is set forth in § III.B.3 of the Debtors' omnibus reply. |
| | The TDP fails to adequately address the potential universe of Claims against the Debtors because it does not provide for a foreign injunction other than Canadian Claims, even though there are potential | This is an objection to the substance of the TDP.  Such objections are premature and not ripe for consideration.  Instead, they should be considered at the proper time— plan confirmation. |

15

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | foreign claims given the Debtors' foreign affiliates (including ITI). (*See* Docket No. 2258 at ¶¶ 20-21.) | A more fulsome response is set forth in §III.A.1.a, n.6, III.B of the Debtors' omnibus reply. |
| | The TDP does not explain why the Talc Personal Injury Trust is provided the right to pursue claims against J&J on behalf of claimants holding Indemnified Claims who choose not to pursue J&J directly, or how the Talc Personal Injury Trust would handle such claims, or describe how this would be implemented. (*See* Docket No. 2258 at ¶ 23.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B of the Debtors' omnibus reply. |
| | The TDP fails to define the universe of allowable claims or provide a procedure for how such claims would be handled, including Indemnified Claims, which are defined in reference to the J&J Protocol Order. (*See* Docket No. 2258 at ¶ 24.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The TDP fails to address the likely possibility that the sub-fund structure will result in inequitable payouts for claimants in different disease categories. (*See* Docket No. 2258 at ¶ 25.) | This is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B of the Debtors' omnibus reply. |
| | The Disclosure Statement does not include information on how the TCC and the FCR arrived at the claim values in the TDP, what those values are based on, or any explanation of why those amounts are fair, equitable or reasonable to all parties. (*See* Docket No. 2258 at ¶ 26.) | The information relevant to a claimant's assessment of the Plan, Disclosure Statement, and TDP are the ultimate claim values, rather than the process by which such values were reached. To the extent J&J is arguing that the scheduled values are improper, this is an objection to the substance of the TDP. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. |

16

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in §§ III.A.1.a, n.6, III.B of the Debtors' omnibus reply. |
| **Employers Mutual Casualty Company Joinder** [Docket No. 2112] | Employers Mutual Casualty Company joins the Certain Insurers' Second Objection [Docket No. 2097]. | *See* Responses to the Certain Insurers' Second Objection [Docket No. 2097]. |
| **Certain Underwriters at Lloyd's London & London Market Insurers Joinder** [Docket No. 2111] | Certain Underwriters at Lloyd's London & London Market Insurers join the Certain Insurers' Second Objection [Docket No. 2097]. | *See* Responses to the Certain Insurers' Second Objection [Docket No. 2097]. |
| **Cyprus Mines Corporation's and Cyprus Amax Minerals Company's Supplemental Objection** [Docket No. 2110] | It is impossible to assess the Amended Disclosure Statement because it has been filed without Trust Distribution Procedures or the Talc Personal Injury Trust Agreement. (*See* Docket No. 2110 at ¶ 5.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement.<br><br>A more fulsome response is set forth in § I of the Debtors' omnibus reply. |
| | The Amended Plan differs fundamentally from the original plan insofar as it contemplates that a major subset of Talc Personal Injury Claims would be assumed and defended by J&J. The Amended Disclosure Statement fails to disclose basic facts about the J&J Protocol. (*See* Docket No. 2110 at ¶¶ 7-8.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement does not disclose that, even if the Debtors were to reach agreement with J&J on a new order, they would need to obtain Court approval of that agreement, and possibly a hearing with discovery. (*See* Docket No. 2110 at ¶ 9.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust. |

17

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The confirmation schedule cannot be approved unless the Debtors address the deficiencies in the Disclosure Statement. A revised confirmation schedule will need to considered following the filing of a further amended disclosure statement. (*See* Docket No. 2110 at ¶ 10.) | Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, (a) the Voting Record Date will be October 8, 2020 and (b) the deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| **Cyprus Historical Excess Insurers' Objection**<br><br>**[Docket No. 2106]** | The Disclosure Statement does not provide "adequate information" absent the Trust Agreement and TDP that govern how the Debtors' assets will be funneled to the Trust, which have still not been filed. (*See* Docket No. 2106 at 3.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement.<br><br>A more fulsome response is set forth in § I of the Debtors' omnibus reply. |
| | The Debtors' disclosure of the J&J indemnification offer and Protocol Order is affirmatively misleading and confusing. (*See* Docket No. 2106 at 3-4.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Amended Disclosure Statement was filed less than 28 days before the August 26, 2020 approval hearing in violation of Bankruptcy Rule 3017(a). (*See* Docket No. 2106 at 4-5.) | The Original Disclosure Statement and the Amended Disclosure Statement were each filed more than 28 days in advance of the Disclosure Statement hearing scheduled for October 8, 2020. In any event, it is not uncommon for disclosure statements to be amended in |

18

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | response to disclosure statement objections less than 28 days prior to a disclosure statement hearing.<br><br>A more fulsome response is set forth in § III.D.1 of the Debtors' omnibus reply. |
| | The Court should not set any confirmation schedule until after the Debtors file the TDP and set the terms for the J&J Protocol.  (*See* Docket No. 2106 at 5.) | This Objection has been mooted by the Debtors' filing of the Original TDP on September 10, 2020 [Docket No. 2184].  Also, under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, (a) the Voting Record Date will be October 8, 2020 and (b) the deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away.  This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| **Johnson & Johnson Supplemental Objection**<br><br>**[Docket No. 2105]** | The Court does not have the authority to enter the TCC/FCR Proposed Order because the Bankruptcy Code does not allow the Court to expand the obligations of a third party indemnitor, or change a third party's contractual rights, without consent.  (*See* Docket No. 2105 at ¶¶ 9-13.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The proposed order would harm J&J's statutory right to have its proofs of claim be deemed "allowed" per § 502.  (*See* Docket No. 2105 at ¶ 11.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |

19

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The proposed order would force J&J to waive defenses to the Debtors' claims of indemnification related to Talc Personal Injury Claims. (*See* Docket No. 2105 at ⁋ 12.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The contracts that provide for indemnification grant forum selection and jury trial rights that cannot be exonerated in Bankruptcy Court. (*See* Docket No. 2105 at ⁋⁋ 14-15.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Amended Plan raises moral hazard concerns because Debtor will not have incentive to defend Talc claims. (*See* Docket No. 2105 at ⁋ 17.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. In any event, reaching agreement with representatives of the talc claimants is necessary given Section 524(g)'s 75% approval requirement.<br><br>A more fulsome response is set forth in § III.B.1 of the Debtors' omnibus reply. |
| | The Amended Plan would give Debtors continuing access to J&J's insurance policies even while J&J has assumed the defense of J&J Talc Claims. (*See* Docket No. 2105 at ⁋ 18.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Proposed Order would expand J&J indemnification obligations to cover an entity (Imerys Talc Italy) and time period (post-2000) for which J&J does not owe Debtors indemnification. (*See* Docket No. 2105 at ⁋ 19.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Debtors' attempt to compel settlement of indemnification obligations to J&J's detriment constitutes bad faith. (*See* Docket No. 2105 at ⁋ 20.) | Although the Debtors were under no legal obligation to negotiate with J&J at all, the Debtors have expended substantial efforts to negotiate a settlement with J&J that would fully address J&J's indemnification obligations. Moreover, the Plan was proposed in "good faith" because it achieves results consistent with the Bankruptcy Code and was proposed with honest and good intentions and the support of each of the TCC, the FCR, Imerys S.A., and the Non-Debtor Affiliates.<br><br>A more fulsome response is set forth in § III.B.1 of the Debtors' omnibus reply. |
| | The Amended Plan improperly classifies Indirect Talc Claims together with Direct Talc Claims. (*See* Docket No. 2105 at ⁋ 22.) | The Amended Plan's classification of Indirect Talc Claims and Direct Talc Claims is consistent with well-established Third Circuit precedent that substantially similar claims may be classified together. In any event, this is an objection to the substance of the Plan. Such objections are premature and not ripe for consideration. Instead, they should be considered at the proper time—plan confirmation. |

RLF1 24099478v.1

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in § III.B.3 of the Debtors' omnibus reply. |
| | The Amended Plan provides unequal treatment to holders of indirect and direct holders of Talc Personal Injury Claims. (*See* Docket No. 2105 at ¶ 22.) | The Amended Plan's classification of Indirect Talc Claims and Direct Talc Claims is consistent with well-established Third Circuit precedent that substantially similar claims may be classified together.  In any event, this is an objection to the substance of the Plan.  Such objections are premature and not ripe for consideration.  Instead, they should be considered at the proper time—plan confirmation.<br><br>A more fulsome response is set forth in § III.B.3 of the Debtors' omnibus reply. |
| | The Amended Plan Contains Inadequate Insurance Neutrality Language.  (*See* Docket No. 2105 at ¶ 22.) | The Plan contains robust insurance neutrality language, which is similar to language approved in other plans.<br><br>A more fulsome response is set forth in § III.A.4 of the Debtors' omnibus reply. |
| | The Revised Disclosure Statement gives the false impression that all parties agree on the terms of J&J's assumption of the defense of the J&J Talc Claims.  No consensus exists. (*See* Docket No. 2105 at ¶¶ 25-26.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Revised Disclosure Statement misleads creditors into thinking the Court has the power to implement the terms of the TCC/FCR's Proposed Order without the consent of J&J. (*See* Docket No. 2105 at ¶ 27.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Revised Disclosure Statement does not adequately address a scenario in which the Court does not approve the TCC/FCR Proposed Order or the J&J Stay Motion, even though either outcome would have a large impact on J&J's indemnification obligations.  (*See* Docket No. 2105 at ⁋ 28.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.  Under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Revised Disclosure Statement does not provide adequate information regarding the treatment of J&J Talc Claims because no TDP has been filed or disclosed. (*See* Docket No. 2105 at ⁋ 29.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.  The Debtors are not required to summarize the TDP within the Disclosure Statement itself.<br><br>A more fulsome response is set forth in III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The Revised Disclosure Statement does not provide adequate details of the Rio Tinto/Zurich Settlement. (*See* Docket No. 2105 at ⁋⁋ 30-32.) | The Disclosure Statement provides adequate information regarding the Rio Tinto/Zurich Settlement under Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |
| | Revised Disclosure Statement does not explain why the Zurich Policies from 2001 to 2008 are exhausted. (*See* Docket No. 2105 at ⁋⁋ 30-32.) | The Disclosure Statement provides adequate information regarding the Debtors' insurance assets under Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | Revised Disclosure Statement does not adequately explain whether Additional Insureds (e.g., J&J) under the Zurich Policies have Indirect Talc Personal Injury Claims that will be channeled to the Trust. (*See* Docket No. 2105 at ¶¶ 30-32.) | The Disclosure Statement adequately discloses that J&J believes it is an additional insured under the Zurich Policies and complies with Section 1125. <br><br> A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |
| | Because no TDP has been filed, there is not adequate information concerning how Indirect Talc Personal Injury Claims will be treated. (*See* Docket No. 2105 at ¶ 33.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP. The TDP adequately addresses the treatment of Indirect Talc Personal Injury Claims. <br><br> A more fulsome response is set forth in § I of the Debtors' omnibus reply. |
| | The TDP do not contain adequate information concerning anti-fraud protections. (*See* Docket No. 2105 at ¶ 33.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP. The TDP adequately address anti-fraud protections. <br><br> A more fulsome response is set forth in § III.A.1.b.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement does not explain the basis for the $830 million valuation of Talc Insurance Policies. (*See* Docket No. 2279 at ¶ 49.) | The Disclosure Statement adequately explains the value of the Debtors' insurance assets and complies with Section 1125. <br><br> A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information concerning Imerys S.A.'s indemnification rights. (*See* Docket No. 2105 at ¶ 33.) | The Debtors are currently unaware of any Imerys S.A. indemnification rights. However, they will identify such rights to the extent they become aware of them. <br><br> A more fulsome response is set forth in § III.A.2.c n.20 of the Debtors' omnibus reply. |

24

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Disclosure Statement contains inadequate information regarding the release of claims against Non-Debtor Affiliates. (*See* Docket No. 2105 at ⁋ 33.) | The Disclosure statement contains adequate information regarding the scope of the release of claims against the Non-Debtor Affiliates and complies with Section 1125.<br><br>A more fulsome response is set forth in § 3.A.6.e of the Debtors' omnibus reply. |
| | The Disclosure Statement fails the best interest test because it does not establish that creditors will receive better value than under Chapter 7 liquidation. (*See* Docket No. 2105 at ⁋ 33.) | This Objection is premature.    At the disclosure statement stage, courts focus on whether or not a liquidation analysis has been performed, rather than on the conclusions of that analysis.    Regardless, the Amended Liquidation Analysis demonstrates that claimants are likely to receive recoveries under the Plan that are equal to or greater than the recoveries available to them in a liquidation scenario.<br><br>A more fulsome response is set forth in § III.B.2 of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information regarding recoveries for holders of Talc Personal Injury Claims because no TDP has been filed. (*See* Docket No. 2105 at ⁋ 33.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.<br><br>A more fulsome response is set forth in § I of the Debtors' omnibus reply. |
| **Hartford Accident and Indemnity Company and First State Insurance Company Joinder**<br><br>**[Docket No. 2104]** | Hartford Accident and Indemnity Company and First State Insurance Company join the Certain Insurers' Second Objection [Docket No. 2097]. | *See* Responses to Certain Insurers' Second Objection [Docket No. 2097]. |
| **Providence Washington Insurance Company's Joinder** | Providence Washington Insurance Company joins the Certain Insurers' Second Objection [Docket No. 2097]. | *See* Responses to Certain Insurers' Second Objection [Docket No. 2097]. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| [Docket No. 2103] | | |
| **Certain Insurers' Second Objection**<br><br>**[Docket No. 2097]** | The Disclosure Statement contains inadequate information because it does not discuss the TDP and the TDP has not been filed. (*See* Docket No. 2097 at 1-2.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.<br><br>A more fulsome response is set forth in § I, III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The Disclosure Statement's discussion of the J&J Protocol and the J&J Protocol Order is affirmatively misleading and confusing. (*See* Docket No. 2097 at 2-6.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | A new disclosure statement hearing should be scheduled 28 days after the TDP is filed to comply with Bankruptcy Rule 3017, and the confirmation schedule should be revisited following the filing of the TDP. (*See* Docket No. 2097 at 6-10.) | This Objection has been mooted by the Debtors' filing of the Original TDP on September 10, 2020 [Docket No. 2184]. Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, the deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.D.1 of the Debtors' omnibus reply. |
| **U.S. Trustee Objection**<br><br>**[Docket No. 1911]** | For the Plan Proponents to have meaningfully complied with the notice requirements of Bankruptcy Rule 2002(b), the Plan Proponents should have filed and served, at least 28 days prior to the objection deadline to the Motion, a complete disclosure statement that included disclosures relating to (a) the substance of the Trust Distribution Procedures, (b) the substance of | This objection has been partially mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement. The Debtors attached financial projections to the First Amended Disclosure Statement, filed on August 12, 2020, and updated financial projections were attached to the Disclosure Statement filed on October 5, 2020. Other supporting |

26

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | the Trust Agreement, (c) the substance of the Cooperation Agreement, (d) the identity and compensation of the Trustee and the Talc Trust Advisory Committee, and (e) the Debtors' financial projections (including for ITI). (*See* Docket No. 1911 at ¶¶ 43-49.) | documents will be appropriately filed with the Plan Supplement.<br><br>A more fulsome response is set forth in § III.D.1 of the Debtors' omnibus reply. |
| | To comply with Section 1125, it is imperative for the Disclosure Statement to include disclosures as to how the TDP provides for the processing of different types of claims, and how the Trust will address issues relating to the differing coverage under the Debtors' various insurance policies. (*See* Docket No. 1911 at ¶ 50.) | The Debtors are not required to summarize the TDP in the Disclosure Statement.  In any event, the Plan, as supplemented by the Original TDP, provides sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.a, III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The Disclosure Statement is deficient because it does not describe safeguards for preventing fraud and minimizing recovery for non-meritorious claims, the circumstances under which claim and payment information can be disclosed by the Trust.  It is unclear whether, and to what extent, the eventual TDP will permit claimants to file claims and receive payments in complete anonymity and in a manner that may prevent any meaningful audit of Trust claims and payments. (*See* Docket No. 1911 at ¶ 51.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.  These documents contain specific provisions regarding anti-fraud measures.<br><br>A more fulsome response is set forth in ¶¶ III.A.1.b.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement lacks information relating to governance of the Talc Personal Injury Trust, and how conflicts of interest that arise in the course of administering the Talc Personal Injury Trust will be resolved.  The failure to include these disclosures also violates Section 1129(a)(5)(A), which provides that a plan cannot be confirmed unless the proponent "has disclosed the identity and affiliations of any individual | The governance of the Talc Personal Injury Trust is addressed by the Trust Agreement, which was filed on September 10, 2020.  Moreover, the identity of individuals to serve on the Talc Personal Injury Trust will be disclosed with the Plan Supplement.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |

27

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | proposed to serve, after confirmation of the plan, as a director, officer, or voting trustee of the debtor, an affiliate of the debtor participating in a joint plan with the debtor, or a successor to the debtor under the plan." (*See* Docket No. 1911 at ¶ 46.) | |
| | Voting procedures allow attorneys to vote on behalf of their clients if authorized to do so.  Because law firms representing individual members of the TCC are encompassed in definition of "Released Parties" and majority of such firms represent talc claimants, talc claimants will be releasing their own attorneys unless they vote to reject the plan, or do not vote on the plan and opt out of giving such releases.  The TCC, the individual members thereof, and each of their representatives must be omitted from the definition of "Released Parties" to remedy this conflict. (*See* Docket No. 1911 at ¶¶ 55-62.) | The purported conflicts of interest identified in this objection are so narrow in scope and contextually constrained as to not present a realistic concern.

A more fulsome response is set forth in § III.D.3 of the Debtors' omnibus reply. |
| | It does not appear that the Motion was served on holders of Talc Personal Injury Claims, or their counsel, unless they were included on the 2002 service list.  If so, those who were not included on the 2002 service list have not received notice of the proposal that the Court temporarily value all Talc Personal Injury Claims at $1.00, or that holders of direct Talc Personal Injury Claims will not be permitted to file 3018(a) motions to seek to have their claim valued at more than a $1.00 for voting purposes, but that holders of Indirect Talc Personal Injury Claims shall have that right. (*See* Docket No. 1911 at ¶ 64.) | The Disclosure Statement Notice was served on all known attorneys of holders of Direct Talc Personal Injury Claims (and the Motion was served on the 2002 Notice List).  Moreover, the Notice provided directions on how to obtain copies of the Motion, the Plan and the Disclosure Statement and no other parties have objected to the valuation of the Direct Talc Personal Injury Claims at $1 for voting purposes only.

A more fulsome response is set forth in § III.D.5 of the Debtors' omnibus reply. |
| | All holders of Talc Personal Injury Claims, whether direct or indirect, should have the ability to file 3018(a) motions, or holders of direct Talc Personal Injury Claims should have the right to object to confirmation | This objection misconstrues the objectives of the Bankruptcy Code and the Solicitation Procedures, both of which prioritize apportioning voting power equitably according to economic interest. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | on the basis that their vote was valued at $1.00, and notice of this right should be provided in the Disclosure Statement, the Confirmation Hearing Notice and the Ballots. (*See* Docket No. 1911 at ⁋⁋ 64-66.) | A more fulsome response is set forth in §§ III.C.2, III.D.2 of the Debtors' omnibus reply. |
| | The U.S. Trustee objects to there being less than 14 days between the latest day that the Debtors may serve an amendment to the Proposed Cure Cost or any other aspect of the initial Contract/Lease Notice, and the date by which the affected contract or lease counterparty must object to the same, unless the Debtors agree to make service of such amendment by overnight mail. (*See* Docket No. 1911 at ⁋ 67-68.) | The Plan now contemplates that notice of any revisions or additions to the list of contracts that will be assumed as part of the Plan will occur no later than 16 days prior to the Confirmation Hearing.<br><br>A more fulsome response is set forth in § III.D.4 of the Debtors' omnibus reply. |
| | While the proposed form of order has a provision as to when the Plan Supplement will be filed, it does not include any provision regarding on whom it will be served. Although the totality of the contents of the Plan Supplement have not been disclosed, those that have, including the Cooperation Agreement, are significant enough to be served on all creditors entitled to vote, as well as on the 2002 list. (*See* Docket No. 1911 at ⁋ 69.) | The expanded service list proposed by this objection is costly, burdensome, and impractical, especially in light of potential delays with physical mail delivery during the global pandemic. Moreover, the Plan Supplement and Solicitation Procedures Order will be available online through the Debtors' Claims Agent's website.<br><br>A more fulsome response is set forth in  III.D.5 of the Debtors' omnibus reply. |
| | The U.S. Trustee made a request to the Plan Proponents that the proposed order approving the Disclosure Statement and Solicitation Procedures include a requirement that certain governmental entities be served with a copy of such order, if and when entered by this Court, as well as with the Confirmation Hearing Notice. While the Plan Proponents have agreed to include certain of the requested governmental entities as notice parties, they have not agreed to include the following: (i) state and local taxing authorities in the jurisdictions in which the Debtors have tax liability, and (ii) federal, state and local authorities that regulate | Despite the substantial expense associated with doing to, the Debtors have agreed to serve the order approving the Disclosure Statement and Solicitation Procedures and the Confirmation Hearing Notice on various governmental entities.<br><br>A more fulsome response is set forth in § III.D.5 of the Debtors' omnibus reply. |

29

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | any portion of the debtors' business, including the Environmental Protection Agency, and state environmental agencies.  These governmental agencies may have claims in these cases, or may have other interests that entitle them to receive the notice requested.  They should therefore be included in the proposed Solicitation Order as notice parties.  (*See* Docket No. 1911 at ⁋ 70.) | |
| **Providence Washington Insurance Company Joinder**<br><br>**[Docket No. 1908]** | Providence Washington Insurance Company joins the Certain Insurers' First Objection [Docket No. 1865]. | *See* Responses to the Certain Insurers' First Objection [Docket No. 1865]. |
| **Certain Underwriters at Lloyd's London & Certain London Market Insurers' Joinder**<br><br>**[Docket No. 1901]** | Certain Underwriters at Lloyd's London & Certain London Market Insurers join the Certain Insurers' First Objection [Docket No. 1865]. | *See* Responses to the Certain Insurers' First Objection [Docket No. 1865]. |
| **Cyprus' Historical Excess Insurers Objection**<br><br>**[Docket No. 1894]** | The Disclosure Statement cannot lawfully be set for hearing until the Debtors file a plan of reorganization and disclosure statement that sets out how claims are to be allowed and valued.  Parties should have at least the statutorily required 28 days from that point to review the disclosures before the Court holds a hearing on the Disclosure Statement.   The confirmation schedule should also be postponed accordingly. (*See* Docket No. 1894 at 2-3.) | This objection has been mooted by the Debtors' August 12, 2020 filing of the First Amended Disclosure Statement, September 10, 2020 filing of the Original TDP and Trust Agreement and October 5, 2020 filing of the Plan and Disclosure Statement.  The Original Disclosure Statement and the Amended Disclosure Statement were each filed more than 28 days in advance of the Disclosure Statement hearing scheduled for October 8, 2020.  In any event, it is not uncommon for disclosure statements to be amended in response to disclosure statement objections less than 28 days prior to a disclosure statement hearing.  Further, under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020 , (a) the |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | Confirmation Hearing will be December 17, 2020 and (b) the deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.A.1.a, III.D.1 of the Debtors' omnibus reply. |
| | The Plan of Reorganization was filed without a Trust Agreement, Trust Distribution Procedures, the Contributed Indemnity and Insurance Interests, the Cooperation Agreement, the Talc PI Note, the Talc PI Pledge Agreement, or even a list of the insurance policies or insurance carriers implicated by the terms of the Plan. The Disclosure Statement will thus have to be reapproved once it is completed in order to satisfy Section 1125(c). (*See* Docket No. 1894 at 3-6.) | This objection has been partially mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement. In addition, other supporting documents will be appropriately filed with the Plan Supplement.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |
| | Unlike every other asbestos trust formed in bankruptcy, the Debtors have noticed a hearing to approve a disclosure statement without critical information on how tort claims will be allowed and valued. (*See* Docket No. 1894 at 6-7.) | This objection has been partially mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement. In addition, other supporting documents will be appropriately filed with the Plan Supplement.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |
| | The Debtors fail to disclose the reasons that they have sought to block J&J from assuming the defense, the risks that flow from the implications of their actions or any type of comparison of the J&J proposal to the results of the Plan. (*See* Docket No. 1894 at 7-11.) | This objection is misleading and misconstrues the Debtors' objection to the J&J Stay Motion. The Debtors have never opposed J&J assuming its indemnification obligations, but did oppose J&J's procedurally improper motion. The Debtors did not breach any contractual requirements by opposing J&J's procedurally improper motion, which was ultimately denied by the Court. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | A more fulsome response is set forth in § III.A.2.a n.13 of the Debtors' omnibus reply. |
| | A meaningful evaluation of how insurers' coverage, coverage defenses, and possible claims for contribution or subrogation are implicated by the Plan depends on the TDP, Trust Agreement, and other withheld Plan documents and thus compels denying approval of the Disclosure Statement until these documents are filed, absent which the Disclosure Statement fails to disclose the insurers' rights and obligations under the Plan. The insurance neutrality language in the Plan means nothing without a clear understanding of which coverage defenses are purportedly disallowed or may otherwise be limited or impaired under the withheld sections of the Plan and Plan Documents. (*See* Docket No. 1894 at 11-12.) | The Plan contains robust insurance neutrality language, which is similar to language approved in other plans. In addition, this objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement.<br><br>A more fulsome response is set forth in §§ III.A.1, III.A.4 of the Debtors' omnibus reply. |
| | The Disclosure Statement does not disclose the infirmity of the Debtors' claim to insurance, or even the insurance policies and insurance carriers that will be contributing to the Plan as the list of insurance policies will be filed with the Plan Supplement. (*See* Docket No. 1894 at 12-13.) | The Plan adequately describes the Debtors' insurance assets, as well as ongoing disputes regarding such insurance assets. Detailed descriptions of insurance policies are not relevant to claimants' analysis of the Plan.<br><br>A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |
| | If the Court were to set a schedule, it should include appropriate time periods for potential objectors to conduct discovery before the deadline for filing plan objections—including adequate time for document discovery followed by depositions, and designation of experts, submission of expert reports and expert recovery. (*See* Docket No. 1894 at 13-14.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. Further, under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, (a) the Voting Record Date will be October 8, 2020 and (b) the deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away. This timeline complies with |

32

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | the requirements of the Bankruptcy Code and provides ample time for parties to conduct discovery, as many have already done.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| **Talcum Powder Retailers Joinder**<br><br>**[Docket No. 1879]** | Talcum Powder Retailers join the Johnson & Johnson Objection [Docket No. 1878]. | *See* Responses to Johnson & Johnson Objection [Docket No. 1878]. |
| **Johnson & Johnson Objection**<br><br>**[Docket No. 1878]** | The Disclosure Statement contains inadequate information. The Debtors have not filed the TDP, so it is impossible for talc claimants to determine how they will be treated or what recovery they would receive under the Plan. (*See* Docket No. 1878 at ¶¶ 13-20.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information because it contains no information concerning whether the TDP will contain appropriate anti-fraud provisions. (*See* Docket No. 1878 at ¶¶ 21-22.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP. The TDP contains adequate information regarding its anti-fraud provisions.<br><br>A more fulsome response is set forth in § III.A.1.b.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information concerning the Debtors' indemnity rights against J&J. The Disclosure Statement incorrectly states that the Debtors have "uncapped" indemnity rights against J&J, and contains no information regarding the strength of J&J's defenses to any such potential indemnity obligations. (*See* Docket No. 1878 at ¶¶ 23-27.) | The Disclosure Statement provides adequate information with respect to the Debtors' indemnification rights against J&J and complies with Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information because it does not contain information concerning J&J's indemnity rights against the Debtors. | The Disclosure Statement provides adequate information with respect to J&J's claimed indemnity |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Disclosure Statement fails to notify creditors that the 2001 SA contains general, uncapped indemnity in favor of J&J, which could offer a complete offset against the Debtors' claims against J&J. (*See* Docket No. 1878 at ¶¶ 28-30.) | rights against the Debtors and complies with Section 1125.<br><br>A more fulsome response is set forth in § III.A.6.c of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information concerning J&J's indemnity proposals and related negotiations. Specifically, the Disclosure Statement fails to identify the benefits that the Talc Litigation Protocol would provide Talc Personal Injury claimants if implemented or the Debtors' position on the J&J Stay Motion. (*See* Docket No. 1878 at ¶¶ 31-36.) | The Disclosure Statement provides adequate information with respect to negotiations between the Debtors and J&J and complies with Section 1125. The Debtors have not added J&J's preferred language because J&J's preferred language is misleading and incomplete. Moreover, the Court has denied the J&J Stay Motion.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information concerning the Debtors' claims against Imerys S.A or any discussion of the merits of the settlement of those claims. The Disclosure Statement focuses solely on the mechanics of the proposed settlement and does not address any of the applicable criteria bankruptcy courts have used when considering a settlement in the context of a plan of reorganization. (*See* Docket No. 1878 at ¶¶ 37, 46.) | The Disclosure Statement provides adequate information with respect to the settlement of claims against Imerys S.A. and complies with Section 1125. Moreover, the Debtors, at the disclosure phase, need not establish the various elements required for the approval of a settlement.<br><br>A more fulsome response is set forth in § III.A.3 of the Debtors' omnibus reply. |
| | The Disclosure Statement cannot satisfy the best interest test because it contains inadequate information to demonstrate that Talc Personal Injury Claimants are receiving more value on account of their claim than they would receive if the Debtors were liquidated under chapter 7. (*See* Docket No. 1878 at ¶¶ 38-39, 61-62.) | This objection is premature and should be addressed at confirmation. Nevertheless, the Debtors' Amended Liquidation Analysis demonstrates that the Plan fulfills the best interests test.<br><br>A more fulsome response is set forth in § III.B.2 of the Debtors' omnibus reply. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Disclosure Statement contains inadequate information concerning J&J's right to assert defenses to indemnification claims. The Debtors should revise the Plan and Disclosure Statement to make it clear that J&J's defenses to the Debtors' indemnification claims are preserved. (*See* Docket No. 1878 at ¶¶ 40-43.) | The Disclosure Statement provides adequate information with respect to J&J's purported defenses and complies with Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information concerning the valuation and composition of the Talc Insurance Policies. (*See* Docket No. 1878 at ¶¶ 44-45.) | The Disclosure Statement contains adequate information with respect to the Debtors' insurance policies and complies with Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |
| | The Disclosure Statement contains inadequate information concerning the scope of the TCC's and FCR's interests, including that the TCC is composed solely of holders of Direct Talc Personal Injury Claims. (*See* Docket No. 1878 at ¶ 47.) | The Disclosure Statement contains adequate information with respect to the roles and compositions of the TCC and the FCR and complies with Section 1125.<br><br>A more fulsome response is set forth in § III.A.6.d of the Debtors' omnibus reply. |
| | The Amended Plan is patently unconfirmable because it was not proposed in good faith under Section 1129(a)(3). (*See* Docket No. 1878 at ¶¶ 50-54.) | This is a premature objection that should be heard at plan confirmation. In any event, as reflected by the goals of the Plan and the Debtors' arms-length negotiations with interested parties, the Plan was proposed in good faith.<br><br>A more fulsome response is set forth in § III.B.1 of the Debtors' omnibus reply. |
| | The Amended Plan is patently unconfirmable because it contains inadequate insurance neutrality language. (*See* Docket No. 1878 at ¶¶ 55-60.) | The Plan contains robust insurance neutrality language, which is similar to language approved in other plans.<br><br>A more fulsome response is set forth in § III.A.4 of the Debtors' omnibus reply. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
|  | The Plan is patently unconfirmable because it classifies Indirect Talc Personal Injury Claims and Direct Talc Personal Injury Claims within a single class despite the substantially different nature of injuries asserted and legal remedies afforded to each. This is a thinly veiled attempt to disenfranchise holders of Indirect Talc Personal Injury Claims. (*See* Docket No. 1878 at ¶¶ 63-66.) | This is a premature objection that should be heard at plan confirmation.  In any event, the Plan properly classifies Indirect Talc Personal Injury Claims and Direct Talc Personal Injury Claims in the same class.<br><br>A more fulsome response is set forth in §III.B.3 of the Debtors' omnibus reply. |
|  | The valuation of J&J's Indirect Talc Personal Injury Claims at $1 for voting purposes is improper because J&J's claims are deemed "allowed" and so should be valued according to their claim value. (*See* Docket No. 1878 at ¶¶ 67-68.) | First, the Debtors have objected to J&J's claims. Second, there is a legal difference between claims being "allowed" under Section 502(c) and the estimation process of FRBP 3018(a), which permits estimation for the purposes of allocating voting rights.<br><br>A more fulsome response is set forth in § III.C.1 of the Debtors' omnibus reply. |
| **Kline & Specter Plaintiffs Objection**<br><br>**[Docket No. 1872]** | Kline & Specter Plaintiffs join the Arnold & Itkin Plaintiffs Objection [Docket No. 1847]. | *See* Responses to the Arnold & Itkin Plaintiffs Objection [Docket No. 1847]. |
| **Hartford Accident and Indemnity Company and First State Insurance Company Joinder**<br><br>**[Docket No. 1871]** | Hartford Accident and Indemnity Company and First State Insurance Company join the Certain Insurers' First Objection [Docket No. 1865]. | *See* Responses to the Certain Insurers' First Objection [Docket No. 1865]. |
| **American International Industries Objection**<br><br>**[Docket No. 1870]** | Because the TDP and Trust Agreement hasn't been filed, creditors are prejudiced because they do not have any information regarding how their claims will be treated or the recovery they may receive under the Plan. (*See* Docket No. 1870 at ¶ 12.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |

36

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The fact that Johnson & Johnson and the Debtors have not reached a resolution and are unlikely to reach a resolution (without extensive future litigation), makes the Debtors' Plan appear unconfirmable. (*See* Docket No. 1870 at ¶ 12.) | This objection is premature and should be addressed during the Plan confirmation process.  Although the Debtors were under no legal obligation to negotiate with J&J at all, the Debtors have expended substantial efforts to negotiate a settlement with J&J that would fully address J&J's indemnification obligations.  In any event, the treatment of J&J's indemnification obligations towards the Debtors is similar to other Chapter 11 cases and as such does not make the Plan unconfirmable.  In addition, the mere potential for litigation does not render the Plan unconfirmable.<br><br>A more fulsome response is set forth in § III.B.5 of the Debtors' omnibus reply. |
| **Cyprus Mines and Cyprus Amax Minerals Company Objection**<br><br>**[Docket No. 1869]** | Without seeing the Talc Personal Injury Trust Agreement and the Trust Distribution Procedures, it is impossible for creditors to assess the process and timing of distributions from the Talc Personal Injury Trust, the proposed treatment of other claims in the class, their chances of receiving distributions under the relevant procedures, or what their likely payment percentage will be. (*See* Docket No. 1869 at ¶¶ 11-17.) | This objection has been  mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement.  The Plan and Disclosure Statement, as supplemented by the Original TDP, provide sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |
| | The Disclosure Statement should be amended to provide information regarding the potential for an alternative plan under which J&J "unimpairs" a significant portion of the claims against the Debtors. (*See* Docket No. 1869 at ¶¶ 18-19.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept.  Because no path forward with respect to J&J's indemnification obligations has been suggested that is acceptable to the Debtors or the Court, there is no need to outline an alternative plan under which J&J "unimpairs" a |

37

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | significant portion of the claims against the Debtors. In addition, the Bankruptcy Code does not require analysis of alternatives to the proposed plan. 11 U.S.C. § 1125(a)(1).<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement contains no information that would inform creditors about the substance of settlement negotiations with J&J, their chance of success, or their status. (*See* Docket No. 1869 at ¶¶ 18-19.) | The Disclosure Statement provides a full summary of the negotiation process with J&J. Substantive information regarding confidential negotiations cannot be publicly revealed, as it is protected by various privileges, including the mediation privilege.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Plan contains several provisions that could be read as infringing upon insurance policies and rights held by Cyprus, as well as Cyprus' indemnity rights against Johnson & Johnson. The Disclosure Statement should clarify whether the Debtors are actually proposing to strip Cyprus of its rights, so that Cyprus can assess the Plan and formulate objections as warranted. (*See* Docket No. 1869 at ¶¶ 20-24.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement. These documents now reflect the Court's denial of the J&J Stay Motion and no longer incorporate the J&J Protocol Order concept. In addition, the Disclosure Statement provides adequate information with respect to ongoing disputes regarding the rights to Cyprus-related insurance policies and complies with Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.a, III.A.2.b of the Debtors' omnibus reply. |
| | The Debtors have suggested in the Disclosure Statement that, in 1992, Cyprus Mines and CAMC transferred their rights to indemnification from J&J and that the Debtors now own those rights. Cyprus disputes the transfer of indemnity rights, and argues that the Plan and Disclosure Statement must make clear that | The Disclosure Statement contains more than adequate information regarding the ongoing disputes between the Debtors, Cyprus, and Cyprus' Historical Excess Insurers and complies with Section 1125. |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | Cyprus's rights are not affected by the Debtors' contribution of their own rights to the trust. (*See* Docket No. 1869 at ¶¶ 20-24.) | A more fulsome response is set forth in § III.A.2.b of the Debtors' omnibus reply. |
| | The current confirmation schedule will prejudice creditors insofar as it will leave limited time both to evaluate the Plan and to amend proofs of claim. The Third Circuit freely permits amendments to proofs of claims, including "to describe a claim with greater particularity, or to plead new theories of recovery on facts set forth in the original claim." (*See* Docket No. 1869 at ¶¶ 25-29.) | Under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, (a) the Voting Record Date will be October 8, 2020 and (b) the deadline to vote on or object to the Plan, will be November 30, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| **Ad Hoc Committee of Imerys Talc Litigation Plaintiffs**<br><br>**[Docket No. 1866]** | The Disclosure Statement should not be approved until the TDP is filed and summarized in the Disclosure Statement, including a description of the negotiations leading to the global settlement and resulting TDP. (*See* Docket No. 1866 at ¶¶ 25-34.) | The Debtors are not required to summarize the TDP in the Disclosure Statement. The Disclosure Statement and Plan, as supplemented by the Original TDP, provide adequate information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | The Disclosure Statement lacks adequate information concerning factors that will impact distributions to Talc Personal Injury Claimants, including estimates of the magnitude of claims and the trust's future income, or how such claims will be resolved. (*See* Docket No. 1866 at ¶¶ 25-34.) | The Debtors are not required to summarize the TDP in the Disclosure Statement. The Disclosure Statement and Plan, as supplemented by the Original TDP, provide adequate information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |
| | A full description of the relative positions of both the Debtors and J&J as to the scope of indemnification | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | rights against J&J should be provided. (*See* Docket No. 1866 at ¶¶ 35-37.) | Statement. These documents now reflect the Court's denial of the J&J Stay Motion. In addition, under the Plan, all J&J Indemnification Rights and Obligations will be transferred to the Talc Personal Injury Trust.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Disclosure Statement should make clear that a settlement of claims against J&J that eliminates the uncapped indemnity claims against J&J would require resolicitation of votes. (*See* Docket No. 1866 at ¶¶ 35-37.) | The Debtors disagree that a potential future settlement with J&J would necessarily require resolicitation. In any event, the mere possibility of a future settlement should not prevent the Debtors from proceeding with soliciting votes on the Plan now.<br><br>A more fulsome response is set forth in § III.A.2.a, n.17 of the Debtors' omnibus reply. |
| | The Debtors should provide their understanding of the total asserted personal injury claims to date. To the extent that the TDP will liquidate such claims, an estimate of the total liquidated amount of the claims should be provided. (*See* Docket No. 1866 at ¶ 38.i.) | The Disclosure Statement provides adequate information regarding the Talc Personal Injury Claims, including the nature and history, general magnitude, and different types of such claims. Moreover, the liquidated value of such claims is not relevant because the Plan does not contemplate the full payment of the Talc Personal Injury Claims. Rather, the Plan calls for the channeling of all Talc Personal Injury Claims to the Talc Personal Injury Trust, which shall then resolve such claims in accordance with the TDP. In any event, the TDP provides adequate information regarding the scheduled values of Direct Talc Personal Injury Claims.<br><br>A more fulsome response is set forth in § III.A.6.a of the Debtors' omnibus reply. |
| | The Debtors must demonstrate that Talc Personal Injury Claimants are receiving more value on account | This Objection is premature. At the disclosure statement stage, courts focus on whether or not a |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | of their claim than they would receive if the Debtors were liquidated under chapter 7. (*See* Docket No. 1866 at ⁋ 38.ii.) | liquidation analysis has been performed, rather than on the conclusions of that analysis.  Regardless, the Amended Liquidation Analysis demonstrates that claimants are likely to receive recoveries under the Plan that are equal to or greater than the recoveries available to them in a liquidation scenario.<br><br>A more fulsome response is set forth in § III.B.2 of the Debtors' omnibus reply. |
| | The Disclosure Statement does not provide any description of the claims against Imerys S.A or any discussion of the merits of the settlement.  The Disclosure Statement focuses solely on the mechanics of the proposed settlement and does not address any of the applicable criteria bankruptcy courts have used when considering a settlement in the context of a plan of reorganization. (*See* Docket No. 1866 at ⁋ 38.iii.) | The Disclosure Statement contains adequate information regarding the Imerys Settlement, including descriptions of the key provisions and a summary of the Imerys Contribution that Imerys S.A. committed to make in exchange for releases and the channeling injunction, and complies with Section 1125.  Further, concerns regarding the applicable criteria bankruptcy courts have used when considering whether to approve a settlement are premature and misplaced.  The decision before the court is whether the Debtors have provided sufficient information regarding the settlement, not whether to approve the settlement.<br><br>A more fulsome response is set forth in § III.A.2.c of the Debtors' omnibus reply. |
| **Certain Insurers' First Objection**<br><br>**[Docket No. 1865]** | Because the TDP was not detailed in the Disclosure Statement or filed, Talc Personal Injury Claimants have no information about how their claims will be treated and the Disclosure Statement cannot be approved. (*See* Docket No. 1865 at § II.B.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.  The Plan, as supplemented by the Original TDP, provides adequate information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |

41

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Disclosure Statement does not discuss J&J's offer to take over responsibility for Talc Personal Injury Claims and the potential adverse impact on holders of such claims of the Debtors' rejection of that offer.  The Disclosure Statement should disclose that (i) the Plan amounts to a rejection of J&J's offer, which might provide better treatment of Talc Personal Injury Claims than the Plan, and (ii) if the Debtors do not accept J&J's offer, there is a risk of losing access to Debtors' insurance coverage that might otherwise have been available to pay Talc Personal Injury Claims.  (*See* Docket No. 1865 at § II.C.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion.  In addition, this objection is misleading and misconstrues the Debtors' objection to the J&J Stay Motion.  The Debtors have never opposed J&J assuming its indemnification obligations, but did oppose J&J's procedurally improper motion.  The Debtors did not breach any contractual requirements by opposing J&J's procedurally improper and substantively flawed motion, which was ultimately denied by the Court.<br><br>A more fulsome response is set forth in §§ III.A.2, III.B.1 of the Debtors' omnibus reply. |
| | The Disclosure Statement is misleading in that it suggests that J&J is contesting the scope of its obligations to the Debtors and asserting that it has indemnification claims against Debtors when J&J has offered to waive its claims against the Debtors and most of its defenses to indemnity.  The disclosure statement must be corrected so that it is factual and not misleading. (*See* Docket No. 1865 at § II.C.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan and Disclosure Statement.  These documents now reflect the Court's denial of the J&J Stay Motion.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |
| | The Court should not set a confirmation schedule until the TDP is filed because the contents will dictate the amount of time needed to provide a reasonable opportunity to object, conduct reasonable discovery and retain experts. (*See* Docket No. 1865 at § III.A.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP.  Further, under the modified schedule set forth in the revised Solicitation Procedures Order filed on October 5, 2020, (a) the Voting Record Date will be October 8, 2020 and (b) the  deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away.   This timeline   complies  with  the requirements of the Bankruptcy Code and provides |

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | | ample time for parties to conduct discovery, as many have already done.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| | Because Debtors are asking the Court to require that objections to confirmation include "any evidentiary support" for the objections, any confirmation schedule should expressly provide ample time for discovery before confirmation objections are due (including document discovery, depositions, designation of experts, submission of reports and expert discovery). (*See* Docket No. 1865 at § III.B.) | Solicitation Procedures Order filed on October 5, 2020, (a) the Voting Record Date will be October 8, 2020 and (b) the deadline to vote on or object to the Plan, will be November 20, 2020, which is over six weeks away. This timeline complies with the requirements of the Bankruptcy Code and provides ample time for parties to conduct discovery, as many have already done.<br><br>A more fulsome response is set forth in § III.D.2 of the Debtors' omnibus reply. |
| **Arnold & Itkin Plaintiffs Objection**<br><br>**[Docket No. 1847]** | The TDP and the Talc Personal Injury Trust Documents should have been provided at the time of filing the Disclosure Statement, and once filed, creditors should be provided at least 28 days to review the disclosures. (*See* Docket No. 1847 at ¶ 1.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement.<br><br>A more fulsome response is set forth in § III.A.1.a of the Debtors' omnibus reply. |
| | The Disclosure Statement does not contain adequate information relating to the TDP and the terms of the Talc Personal Injury Trust, including details regarding trust governance, how trust assets will be monetized, the mechanics of resolving claims, and settlement criteria or matrices. (*See* Docket No. 1847 at ¶¶ 14-18.) | This objection has been mooted by the Debtors' September 10, 2020 filing of the Original TDP and Trust Agreement. The Debtors are not required to summarize the TDP in the Disclosure Statement. The Plan, as supplemented by the Original TDP, provides more than sufficient information to allow a claimant to assess how different types of Talc Personal Injury Claims will be treated under the Plan.<br><br>A more fulsome response is set forth in § III.A.1.b.2, n.9 of the Debtors' omnibus reply. |

RLF1 24099478v.1

| Objecting Party and Docket No. | Summary of Objection | Debtors' Response |
|---|---|---|
| | The Disclosure Statement fails to include adequate information concerning the Imerys Settlement because it does not describe the claims against Imerys S.A or the merits of the settlement. The Disclosure Statement must explain, in detail, why the proposed settlement amounts are appropriate. (*See* Docket No. 1847 at ¶¶ 19-21.) | The Disclosure Statement includes adequate information regarding the Imerys Settlement, including descriptions of the key provisions and a summary of the Imerys Contribution that Imerys S.A. committed to make in exchange for releases and the channeling injunction, and complies with Section 1125. Further, concerns regarding the applicable criteria bankruptcy courts have used when considering whether to approve a settlement are premature and misplaced.<br><br>A more fulsome response is set forth in § III.A.2.c of the Debtors' omnibus reply. |
| | The Liquidation Analysis is inadequate because it fails to discuss the proceeds of the claims against Imerys S.A. being settled under the Plan, as well as indemnity and insurance claims. (*See* Docket No. 1847 at ¶¶ 22-24.) | This objection is premature.  At the disclosure statement stage, courts focus on whether or not a liquidation analysis has been performed, rather than on the conclusions of that analysis.<br><br>A more fulsome response is set forth in §§ III.A.5, III.B.2 of the Debtors' omnibus reply. |
| | The Disclosure Statement does not include sufficient detail concerning insurance and indemnification rights, which is necessary for evaluating the fairness and reasonableness of the sources of recovery under the Plan, including the likelihood that the J&J Stay Motion will be granted and the consequences thereof, an assessment of the validity and value of the indemnification claims against J&J and the Talc Insurance Coverage (taking into account any purported defenses that have been asserted).  (*See* Docket No. 1847 at ¶¶ 25-26.) | This objection has been mooted by the Debtors' October 5, 2020 filing of the Plan, Disclosure Statement, and Amended TDP. These documents now reflect the Court's denial of the J&J Stay Motion. The Disclosure Statement provides adequate information regarding the Debtors' insurance assets under Section 1125.<br><br>A more fulsome response is set forth in § III.A.2.a of the Debtors' omnibus reply. |