## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                    :  Chapter 11
                                                          :
IMERYS TALC AMERICA, INC., *et al.*,[1]                   :  Case No. 19-10289 (LSS)
                                                          :
      Debtors.                :  (Jointly Administered)
                                                          :
                                                          :  **Ref. Docket Nos. 1718, 1950, 2330 & 2433**
---------------------------------------------------------- x

### ORDER (I) APPROVING THE DEBTORS' DESIGNATION OF MAGRIS RESOURCES CANADA INC. AS STALKING HORSE BIDDER AND RELATED BID PROTECTIONS AND (II) GRANTING RELATED RELIEF

In accordance with the *Order (I)(A) Establishing Bidding Procedures, Assumption and Assignment Procedures, and Stalking Horse Procedures for Sale of Substantially All Assets, (B) Scheduling Auction and Sale Hearing, and (C) Approving Form and Manner of Notice Thereof, and (II) Granting Related Relief* [Docket No. 1950] (as modified by the *Notice of Modified Deadlines Contained in the Bidding Procedures and the Bidding Procedures Order* [Docket No. 2039], the *Second Notice of Modified Deadlines Contained in the Bidding Procedures and the Bidding Procedures Order* [Docket No. 2189], and the *Third Notice of Modified Deadlines Contained in the Bidding Procedures and the Bidding Procedures Order* [Docket No. 2329] (collectively, the "**Notices of Modified Dates**"), and as may be further amended, restated, supplemented or otherwise modified from time to time, the "**Bidding Procedures Order**");[2] and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bidding Procedures Order, or if not defined therein, then in the Stalking Horse Agreement (as defined herein), unless the context otherwise requires.

1

upon consideration of the *Notice of (I) Designation of Stalking Horse Bidder, (II) Filing of Stalking Horse Agreement and Proposed Sale Order and (III) Request for Approval of Bid Protections* [Docket No. 2330] (the "**Stalking Horse Notice**") filed by the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), and the relevant terms and conditions of that certain Asset Purchase Agreement, dated as of October 13, 2020 (the "**Stalking Horse Agreement**"), among the Debtors and Magris Resources Canada Inc. (the "**Stalking Horse Bidder**"), attached as Exhibit A to the Stalking Horse Notice; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief granted herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of the Stalking Horse Notice was appropriate and no other notice need be provided; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.      <u>Statutory Predicates</u>.  The predicates for the relief granted herein are sections 105, 363, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. <u>Notice of Order</u>. The Stalking Horse Notice was appropriate and reasonably calculated to provide all interested parties with timely and proper notice of, and an opportunity to object to, the Debtors' entry into the Stalking Horse Agreement, including the Break-Up Fee, the Expense Reimbursement, and the Initial Minimum Overbid (as defined below) (collectively, the "**Bid Protections**") contemplated thereby, and provided a fair and reasonable opportunity for parties in interest to object, and to be heard, with respect to the proposed entry of this Order, and was provided in accordance with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, the applicable Local Rules, and the Bidding Procedures Order. Accordingly, no other or further notice with respect to such matters is necessary or shall be required.

C. <u>Designation of Stalking Horse Bidder</u>. Pursuant to the Bidding Procedures Order, the Debtors are authorized to, after consultation with the Consultation Parties and with the consent of the TCC and the FCR, select and designate one or more Potential Bidders to act as stalking horse bidder for up to substantially all of the Debtors' Assets, and agree to provide certain bid protections to such stalking horse bidder, subject to approval of this Court.

D. <u>Bid Protections</u>. The Bid Protections, as set forth in the Stalking Horse Agreement, are: (1) commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Stalking Horse Bidder; (2) reasonable and appropriate in light of the size and nature of the proposed sale contemplated by the Stalking Horse Agreement, the commitments that have been made by the Stalking Horse Bidder, and the efforts that have been and will be expended by the Stalking Horse Bidder; and (3) necessary to induce the Stalking Horse Bidder to continue to pursue such sale and continue to be bound by the Stalking Horse Agreement. The Bid Protections are an essential inducement to, and condition of, the Stalking Horse Bidder's entry into, and continuing obligations under, the Stalking Horse Agreement. Unless it is assured that the Bid Protections will

be available, the Stalking Horse Bidder is unwilling to be bound to the terms of the Stalking Horse Agreement (including the obligation to maintain its committed offer in accordance with the terms of the Stalking Horse Agreement while such offer is subject to higher or otherwise better bids as contemplated by the Bidding Procedures).  The Stalking Horse Bidder has provided a material benefit to the Debtors and their creditors by providing a baseline value, increasing the likelihood of competitive bidding at the Auction, and facilitating participation of other Potential Bidders in the sale process, thereby increasing the likelihood that the value of the Assets will be maximized through the Debtors' sale process.

E.    Accordingly, the Bid Protections are (i) fair, reasonable and appropriate and designed to maximize value for the benefit of the Debtors' estates; and (ii) actual and necessary costs and expenses of preserving the Debtors' estates within the meanings of section 503(b) and 507(a) of the Bankruptcy Code; *provided*, *however*, no Bid Protections shall be payable, nor shall the Stalking Horse Bidder seek to compel payment of the Break-Up Fee and Expense Reimbursement other than as set forth in the Stalking Horse Agreement; *provided, further*, that nothing herein constitutes a waiver, limitation, or adverse determination regarding any request by the Stalking Horse Bidder for a claim under section 503(b)(3)(D) of the Bankruptcy Code solely with respect to the Bid Protections.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**I.    Approval of Designation of the Stalking Horse Bidder**

1. The Stalking Horse Bidder shall be deemed a Qualified Bidder, and the Stalking Horse Agreement in the form attached to the Stalking Horse Notice as <u>Exhibit A</u> as the stalking horse bid for the Assets shall be deemed a Qualified Bid, for all purposes under the Bidding Procedures Order and Bidding Procedures.

2. For the avoidance of doubt and notwithstanding anything to the contrary contained in this Order, this Order does not approve or authorize the sale of the Assets or the assumption and assignment of executory contracts or unexpired real property leases under the Stalking Horse Agreement. Such approval and authorization (if any) is to be considered only at the Sale Hearing pursuant to the Bidding Procedures and Bidding Procedures Order.

## II.     Approval of the Bid Protections

3. The Bid Protections, as set forth in the Stalking Horse Agreement, are approved in their entirety. The Bid Protections and this Order shall be binding on the Debtors, their successors and assigns, and shall survive the termination of the Stalking Horse Agreement, appointment of a chapter 11 trustee or similar fiduciary, and dismissal or conversion of the Chapter 11 Cases; *provided, however*, that the obligation to pay or honor the Bid Protections shall be subject to the terms and conditions of the Stalking Horse Agreement.

4. The Debtors are authorized to pay (i) the Break-Up Fee in an amount equal to $3,345,000 (1.5% of the cash component of the Purchase Price), and (ii) the Expense Reimbursement, not to exceed $500,000, for reasonable and documented out-of-pocket costs and expenses (including expenses of outside counsel, accountants and financial advisors) incurred by the Stalking Horse Bidder in connection with, or related to, its evaluation, consideration, analysis, negotiation, and documentation of a possible transaction with the Debtors, or in connection with or related to the transactions contemplated by the Stalking Horse Agreement, in each case, as provided in the Stalking Horse Agreement, subject to the terms and conditions set forth therein, in the Bidding Procedures Order, the Bidding Procedures and this Order. The Break-Up Fee and the Expense Reimbursement shall be entitled to administrative expense status under sections 503(b) and 507(a)(2) of the Bankruptcy Code.

5. An initial minimum overbid amount of $100,000 (the "**Initial Minimum Overbid**") is approved, subject to the terms and conditions set forth in the Stalking Horse Agreement, the Bidding Procedures Order, the Bidding Procedures and this Order.

6. The Debtors and the Stalking Horse Bidder are granted all rights and remedies provided to them under the Stalking Horse Agreement, including, without limitation, the right to specifically enforce the Stalking Horse Agreement (including with respect to the Bid Protections and the Deposit) in accordance with its terms; *provided, however*, that the Break-Up Fee and Expense Reimbursement shall not be payable, nor shall the Stalking Horse Bidder seek to compel payment of the Break-Up Fee and Expense Reimbursement, prior to consummation of an Alternative Transaction.

7. Notwithstanding Bankruptcy Rule 6004(h) or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors and the Stalking Horse Bidder are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order.

9. To the extent the automatic stay provisions of section 362 of the Bankruptcy Code would otherwise apply, such provisions are vacated and modified to the extent necessary to permit the parties to the Stalking Horse Agreement to exercise their termination rights thereunder in accordance with its terms, and deliver any notice contemplated thereunder, in each case, without further order of the Court.

10. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Stalking Horse Agreement, any purported

termination of such Stalking Horse Agreement pursuant to the preceding paragraph 9, and the implementation of this Order.

Dated: October 29th, 2020  
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN  
UNITED STATES BANKRUPTCY JUDGE