

DILWORTH
PAXSON LLP

DIRECT DIAL NUMBER:                                                                          Martin J. Weis
(302) 571-8874                                                                        mweis@dilworthlaw.com

November 3, 2020

**BY CM/ECF AND ELECTRONIC MAIL**

The Honorable Laurie Selber Silverstein
United States Bankruptcy Judge
United States Bankruptcy Court
For the District of Delaware
824 North Market Street, 6th Floor
Wilmington, DE 19801

     **Re:    Imerys Talc America, Inc., et al., Case No. 19-10289 (LSS)**

Dear Judge Silverstein:

     This firm represents Employers Mutual Casualty Company in the above referenced matter. Employers is a party to certain prepetition coverage litigation pending in California involving the debtors wherein the parties are contesting, among other things, whether Employers has any obligation to cover certain tort claims asserted against the debtors. Employers is not a party to the instant discovery dispute presently before the Court but submits this letter out of concern over a perceived invitation by the objectors/plan proponents to have this Court make a finding that the current iteration of the plan is "insurance neutral" as a matter of law.

     We have reviewed the letter briefs submitted by Plan Proponents in response to the motions to compel filed by J&J and the Cyprus Historical

The Honorable Laurie Selber Silverstein
November 3, 2020
Page 2

Excess Insurers, and note that some of the letters make passing mention of the concept of "neutrality." In sum, the letters argue, among other things, that because the Plan is purportedly "insurance neutral" or "indemnity neutral," neither J&J nor the Cyprus Historical Excess Insurers have standing to seek the discovery at issue in the motions to compel.

Whether the Plan is or is not "insurance neutral" and how, if at all, that affects the standing of insurers to object to the Plan, are issues that generally affect all of the Debtors' insurers, including those which are not involved in the motions to compel. It is a complex issue of such critical, general importance that it should not be decided in the context of passing mentions in short letters to the Court about discovery disputes involving only a limited number of parties and at a point in the case when the proponents, according to their proposed schedule, are a month away from identifying the policies they contend are at issue in this proceeding.

The implications of a ruling on insurance neutrality are significant – insurers can be deprived of an opportunity to be heard on whether a plan that they believe adversely affects them ought to be confirmed, and rulings against insurers on insurance neutrality and standing issues can delay the effectiveness of a plan for years, if appellate courts reverse standing rulings against insurers and remand for further proceedings in which bankruptcy courts are instructed to allow insurers to be heard (as occurred in *Global Industrial Technologies*, 645 F.3d 201 (3d Cir. 2011), and *Thorpe Insulation*, 677 F.3d 869 (9th Cir. 2012)). Moreover, whether a Plan is "insurance neutral" is in part a factual issue that ought to be decided based on evidence presented during a confirmation hearing. *See generally Global Industrial Technologies.* For this reason, it is premature to decide now whether insurers have standing to object to the Plan – instead, that is an issue that ought to be addressed at the confirmation hearing, after insurers have had a chance to submit evidence in support of their standing and argument regarding whether the Plan's purported "neutrality" language is, in fact, sufficient under the circumstances presented to protect the insurers' contractual rights. (It should also be noted that the short arguments in the letter briefs also do not consider the consequences for the standing issue of certain insurers' status as holders of Class 4 impaired claims against Debtors.)

The Honorable Laurie Selber Silverstein
November 3, 2020
Page 3


        In sum, Employers Mutual Casualty Company would respectfully request that this court not decide the issue of insurance neutrality at this time.


                        Respectfully submitted,


                        /s/ Martin J. Weis


                        Martin J. Weis
                        ID No. 4333


MJW/lz