# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                        : Chapter 11
                                              :
IMERYS TALC AMERICA, Inc., *et al.*,[1]       : Case No. 19-10289 (LSS)
                                              :
      Debtors.    : (Jointly Administered)
                                              :
                                              : **Re: Docket Nos. 1714, 1715, 1716, 2083,**
                                              : **2084, 2288, 2289, 2290, 2354, 2355, 2615,**
                                              : **2616, 2619, 2673, 2674, 2726, 2750, 2751,**
                                              : **2809, 2810, 2833, 2834, 2852 & 2853**
                                              :
---------------------------------------------------------------- x

**ORDER (I) APPROVING DISCLOSURE STATEMENT AND FORM AND MANNER OF NOTICE OF HEARING THEREON, (II) ESTABLISHING SOLICITATION PROCEDURES, (III) APPROVING FORM AND MANNER OF NOTICE TO ATTORNEYS AND CERTIFIED PLAN SOLICITATION DIRECTIVE, (IV) APPROVING FORM OF BALLOTS, (V) APPROVING FORM, MANNER, AND SCOPE OF CONFIRMATION NOTICES, (VI) ESTABLISHING CERTAIN DEADLINES IN CONNECTION WITH APPROVAL OF DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN, AND (VII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order, pursuant to sections 105(a), 341, 502, 521, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, 9006, and 9008, and Local Rules 2002, 3017-1, and 9006-1, (a) approving the Disclosure Statement for the Plan, (b) approving the form and manner of the Disclosure Statement Hearing Notice in respect of the Disclosure Statement Hearing, (c) establishing Solicitation Procedures, (d) approving the form and manner of the Direct Talc Personal Injury Claim Solicitation Notice and Certified Plan Solicitation Directive, (e) approving

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

the forms of Ballots, (f) approving the form, manner, and scope of the Confirmation Notices in respect of the Confirmation Hearing, (g) establishing certain deadlines in connection with the foregoing, and (h) granting related relief—all as more fully set forth in the Motion; and it appearing that this Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Solicitation Procedures Order, it is hereby

**FOUND AND DETERMINED THAT:**

A.   Notice of the Disclosure Statement Hearing, provided in the manner described in the Motion, was sufficient and appropriate under the circumstances and complied with the applicable requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules, and no further notice is needed.

B.   The Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code, and no further information is necessary.

C.   The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release provisions contained in the Plan.

D.	The Solicitation Procedures attached hereto as <u>Exhibit 1</u> provide a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the applicable Bankruptcy Rules.

E.	The contents of the Solicitation Packages and other notices, as set forth in the Motion, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice of the Plan, the Confirmation Hearing, and related matters to all interested parties.

F.	The forms of Ballots attached hereto as <u>Exhibits 3-1</u>, <u>3-2</u>, and <u>3-3</u>, including all instructions provided therein, (a) are sufficiently consistent with Official Form No. 14 to be approved, (b) adequately address the particular needs of the Chapter 11 Cases, and (c) are appropriate for the Class of Claims entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

G.	Ballots need not be provided to holders of Claims in any Class other than Class 4 (Talc Personal Injury Claims) because all other Classes are presumed to accept the Plan because (a) they are Unimpaired or (b) they are Impaired but have consented to the treatment proposed for their Class pursuant to the Plan.

H.	The period during which the Debtors may solicit votes on the Plan is a reasonable and adequate period of time for holders of Claims entitled to vote on the Plan to make an informed decision to accept or reject the Plan and timely return Ballots evidencing such decision.

I.	The combination of direct and published notice of the Plan and Confirmation Hearing, as set forth in the Motion, provides good and sufficient notice of the Plan, the Confirmation Hearing, and the opportunity to vote on and object to the Plan, complies with Bankruptcy Rules 2002 and 3017, and satisfies the requirements of due process with respect to all known and unknown creditors.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

**Disclosure Statement**

2. The Disclosure Statement is APPROVED as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code as to the Debtors. As used in this Solicitation Procedures Order, "**Debtors**" means Imerys Talc America, Inc., Imerys Talc Vermont, Inc., and Imerys Talc Canada Inc., and does not include Imerys Talc Italy S.p.A. ("**ITI**"). This Solicitation Procedures Order does not approve any action that may be taken by ITI, does not approve the Disclosure Statement for solicitation of ITI's creditors, and does not approve any solicitation procedures with respect to ITI or its creditors.

3. All objections to the Disclosure Statement that have not been withdrawn or resolved previously or at the hearing to consider the Disclosure Statement are overruled.

4. The Disclosure Statement Hearing Notice and the manner of service thereof are each APPROVED.

**Plan Confirmation Schedule**

5. The following dates and deadlines in connection with the Solicitation Procedures and Confirmation Hearing are APPROVED:

| **Event** | **Date** |
|---|---|
| Voting Record Date | January 27, 2021 |
| Deadline to Mail Solicitation Packages and Related Notices | February 1, 2021 |
| Newspaper Publication Notice | February 1, 2021 – February 14, 2021 |
| Deadline to File Plan Supplement | February 5, 2021 |

| Event | Date |
|---|---|
| Deadline for Cure Objections | The later of (a) 14 days after receipt of a Sale Cure Notice (for North American Debtor counterparties only) or February 15, 2021 (for (i) ITI counterparties and (ii) North American Debtor counterparties not previously included on a Sale Cure Notice) and (b) 14 days after (for all counterparties) (i) the Debtors serve a counterparty with notice of any amendment or modification to such counterparty's proposed cure cost or (ii) the Debtors serve a counterparty with notice of a supplement to the list of contracts to be assumed pursuant to the Plan |
| Deadline for Assumption Objections | The later of (a) February 15, 2021 and (b) 14 days after the Debtors serve a counterparty with notice of a supplement to the list of contracts to be assumed |
| Deadline to Serve Written Discovery in Connection With Confirmation | February 15, 2021 |
| Deadline for Attorneys for Holders of Direct Talc Personal Injury Claims to Return Certified Plan Solicitation Directives and Client Lists | February 17, 2021 |
| Deadline to File Rule 3018 Motions | February 19, 2021 |
| Deadline for Plan Proponents to Identify Topics of Anticipated Expert Discovery | February 19, 2021 |
| Deadline to Reply to Rule 3018 Motions | March 5, 2021 |
| Deadline for All Parties Other than Plan Proponents to Identify Topics for Anticipated Affirmative Expert Discovery | March 5, 2021 |
| Hearing on Rule 3018 Motions | March 15, 2021 |
| Deadline for Substantial Completion of Document Productions | March 24, 2021 |

| **Event** | **Date** |
|---|---|
| Voting Deadline | March 25, 2021, at 4:00 p.m. (Prevailing Eastern Time); *provided* that the Debtors are authorized to extend the Voting Deadline for any party entitled to vote on the Plan |
| Fact Depositions | March 29, 2021 – April 14, 2021 |
| Deadline to File Voting Certification[3] | April 8, 2021, at 4:00 p.m. (Prevailing Eastern Time) |
| End of Fact Discovery | April 14, 2021 |
| Affirmative Expert Reports Due | April 19, 2021 |
| Responsive Expert Reports Due | May 10, 2021 |
| Expert Depositions | May 13, 2021 – May 21, 2021 |
| End of Expert Discovery | May 21, 2021 |
| Confirmation Objection Deadline | May 28, 2021, at 4:00 p.m. (Prevailing Eastern Time) |
| Confirmation Reply Deadline and Deadline to File Form of Confirmation Order | June 14, 2021, at 4:00 p.m. (Prevailing Eastern Time) |
| Confirmation Hearing | June 21, 22, and 23, 2021, at 10:00 a.m. (Prevailing Eastern Time) |

6.   The Confirmation Hearing shall be held on June 21, 22, and 23, 2021, at 10:00 a.m. (Prevailing Eastern Time).  The Confirmation Hearing may be adjourned from time to time by this Court or the Plan Proponents without further notice other than as indicated in any notice or agenda of matters scheduled for a particular hearing that is filed with this Court.

---

[3]   In addition to tabulating the votes from Class 4 to accept or reject the Plan, the Voting Certification shall also include a list of Class 4 creditors who opted out of the releases contained in the Plan, as well as those Class 4 creditors whose Solicitation Packages were returned as undeliverable, or who were not served with a Solicitation Package pursuant to paragraph 10 of this Solicitation Procedures Order.

**Distribution of Solicitation Packages**

7. The proposed distribution and contents of the Solicitation Packages, which shall include the following, are APPROVED:

   a. a cover letter in paper form describing the contents of the Solicitation Package and the enclosed USB flash drive (described below), and instructions for obtaining (free of charge) printed copies of the materials provided in electronic format;

   b. the Confirmation Hearing Notice in paper form;

   c. a copy of the Disclosure Statement with all exhibits, including the Plan with its exhibits, which may be provided by way of a USB flash drive;

   d. this Solicitation Procedures Order (without exhibits);

   e. the Solicitation Procedures;

   f. solely to counsel for holders of Direct Talc Personal Injury Claims, the Direct Talc Personal Injury Claim Solicitation Notice and the Certified Plan Solicitation Directive;

   g. solely for holders of Talc Personal Injury Claims and their counsel, an appropriate Ballot and voting instructions for the same in paper form;

   h. solely for holders of Talc Personal Injury Claims and their counsel, a pre-addressed, return envelope for completed Ballots; and

   i. solely for holders of Talc Personal Injury Claims and their counsel, a letter from the Tort Claimants' Committee in the form attached hereto as <u>Exhibit 5</u>.

8. On or before February 1, 2021, (a) the Debtors shall transmit, or cause to be transmitted, the Solicitation Packages to the Solicitation Parties identified in the Motion and (b) the Solicitation Agent shall serve a Direct Talc Personal Injury Claim Solicitation Notice and a Certified Plan Solicitation Directive on all known Firms.

9. As part of the Solicitation Packages, copies of the Disclosure Statement, the Plan, this Solicitation Procedures Order, and exhibits to all of such documents, may be provided in PDF format on a USB flash drive, instead of printed hard copies. The cover letter included in the

Solicitation Package shall include instructions for obtaining printed copies of the materials free of charge, and include the website of the Debtors' claims and noticing agent from which these materials may also be downloaded. The Debtors may substitute hard copies of all solicitation materials instead of the USB flash drive as may be necessary to achieve timely distribution of the Solicitation Packages or for any other reason.

10. The Debtors and the Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to any person or entity from which the notice of the Motion or other mailed notice in this case was returned as undeliverable by the postal service, unless the Solicitation Agent is provided with accurate addresses for such persons or entities before the Solicitation Date, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such persons or entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

11. The Debtors shall distribute a copy of the Confirmation Hearing Notice and Notice of Non-Voting Status to the holders of Claims and Equity Interests in the Non-Voting Classes and to the holders of Unclassified Claims, and the Debtors and the Solicitation Agent shall not be required to mail a Solicitation Package or any other materials related to voting or confirmation of the Plan to the holders of Claims or Equity Interests in Non-Voting Classes or holders of Unclassified Claims, except that copies of the Plan and Disclosure Statement shall be served on all parties in Classes 5a and 6.

12. The Debtors shall not be required to deliver Ballots, Solicitation Packages, or a Notice of Non-Voting Status to counterparties to the Debtors' Executory Contracts and Unexpired Leases who do not have scheduled Claims or Claims based upon filed Proofs of Claim. Rather, in

lieu thereof, and in accordance with Bankruptcy Rule 3017(d), the Debtors shall mail to the counterparties to the Debtors' Executory Contracts and Unexpired Leases a notice, substantially in the form of Exhibit 4-4 attached hereto (the "**Contract/Lease Notice**"), as well as a copy of the Confirmation Hearing Notice, by no later than February 1, 2021.

13. On or before February 5, 2021, the Debtors shall file and serve the Plan Supplement on the 2002 List. The Debtors shall also file and serve the identity of the initial Talc Trustees and their compensation on all parties receiving Ballots. No further service of the Plan Supplement is necessary, except that the Debtors shall also serve the Plan Supplement on any party in interest who requests a copy from the Debtors' counsel in writing. The Debtors shall further serve copies of all Executory Contract and Unexpired Lease exhibits on the applicable counterparties. The lists of Executory Contracts and Unexpired Leases included in the Plan Supplement will be revised by the Debtors as needed subject to Article V of the Plan.

**Solicitation Procedures**

14. The Solicitation Procedures attached hereto as Exhibit 1 are APPROVED in all respects.

15. The forms of Direct Talc Personal Injury Claim Solicitation Notice and Certified Plan Solicitation Directive attached hereto as Exhibits 2-1 and 2-2, respectively, are APPROVED in all respects.

16. The forms of Ballots attached hereto as Exhibits 3-1, 3-2, and 3-3, respectively, are APPROVED in all respects.

17. The form of letter from the Tort Claimants' Committee and the FCR to holders of Talc Personal Injury Claims and their counsel attached hereto as Exhibit 5 may be included in the Solicitation Packages.

18. All Talc Personal Injury Claims in Class 4 of the Plan shall be temporarily allowed in the amount of $1.00 in the aggregate per claimant solely for purposes of voting to accept or reject the Plan and not for any other purpose; *provided* that any votes that are determined by final non-appealable order, following a motion on notice and hearing, to not have been filed in good faith shall be subject to designation pursuant to section 1126(e) of the Bankruptcy Code.  Holders of Indirect Talc Personal Injury Claims may file a Rule 3018 Motion seeking temporary allowance of such holders' Claims in a different amount.  Any such Rule 3018 Motion must be filed no later than February 19, 2021 (34 calendar days before the Voting Deadline).

19. The Plan Proponents shall not object to any Claims solely for voting purposes.  For the avoidance of doubt, neither the Classification Motion (as defined in the Disclosure Statement) nor the filing of any objection to Direct Talc Personal Injury Claims by any party shall impact the voting rights of any Direct Talc Personal Injury Claims that are subject to the Classification Motion or any objection.

20. As Solicitation Agent, Prime Clerk LLC shall process and tabulate Ballots and file the Voting Certification no later than April 8, 2021 at 4:00 p.m. (Prevailing Eastern Time).  A Ballot shall not be counted if:

   a. The Ballot is submitted by or on behalf of a claimant not entitled to vote pursuant to the Solicitation Procedures;

   b. The Ballot is not actually received by the Solicitation Agent in the manner set forth in the Solicitation Procedures by the Voting Deadline, unless the Debtors shall have granted an extension of the Voting Deadline with respect to such Ballot, or this Court shall have granted such an extension;

   c. The Ballot is returned to the Solicitation Agent indicating acceptance or rejection of the Plan but is unsigned;

   d. The Ballot is returned to the Solicitation Agent: (i) indicating neither acceptance nor rejection of the Plan; (ii) indicating both acceptance and rejection of the Plan; or (iii) indicating partial rejection and partial acceptance of the Plan; *provided* that such Ballot will be examined and

      considered for the purpose of determining whether the claimant has opted out of giving the releases contained in the Plan;

    e.    The Ballot is illegible or contains insufficient information to permit the identification of the claimant;

    f.    The Ballot is transmitted to the Solicitation Agent by facsimile or other electronic means other than by online transmission through the E-Ballot platform on the Solicitation Agent's website;

    g.    The Ballot is submitted in a form that is not the appropriate Ballot for such Claim; or

    h.    The Ballot is not completed, including, without limitation, (i) a Master Ballot on which the attorney fails to make the required certifications, (ii) a Master Ballot that fails to include the required Exhibit, or (iii) a Ballot submitted by or on behalf of a holder of a Talc Personal Injury Claim who has a Social Security Number that does not provide the last four digits of the claimant's Social Security Number. If the last four digits of a claimant's Social Security Number are not listed because the holder of such Claim does not have a Social Security Number, then the Ballot shall state such fact conspicuously in the area where such number would have been inserted.

21.    The Debtors are authorized to cause Solicitation Packages to be distributed to the attorney of record for holders of Direct Talc Personal Injury Claims entitled to vote on the Plan in lieu of serving a Solicitation Package on each individual claimant. Holders of Direct Talc Personal Injury Claims entitled to vote on the Plan shall have the ability to vote their Claims in the event their attorney lacks or is otherwise unable to certify that he or she has the authority to vote on behalf of the claimant in question, or otherwise declines to exercise any such authority. Holders of Direct Talc Personal Injury Claims entitled to vote on the Plan shall have the ability to request a Solicitation Package directly from the Solicitation Agent.

22.    In the case of claimants whose Direct Talc Personal Injury Claims are voted by their attorney, such attorney must certify that he or she has the authority to vote on behalf of the holders of each of the Direct Talc Personal Injury Claims listed on the exhibit to the Master Ballot returned by such attorney.

23. Any attorney for the holder of a Direct Talc Personal Injury Claim who is not entitled to, or elects not to, vote on behalf of such holder, is hereby directed, no later than February 17, 2021 (16 calendar days after the Solicitation Date), to notify the Solicitation Agent and furnish the Solicitation Agent with the name, address, and last four digits of the Social Security Number of each such holder (if the holder has a Social Security Number).  The attorney may request that the Solicitation Agent either (a) transmit Solicitation Packages directly to the claimants represented by the attorney, or (b) provide the attorney with a sufficient number of Solicitation Packages for the attorney to serve on his or her clients.  The Solicitation Agent shall serve the Solicitation Packages as requested by the attorney within three Business Days of receiving such notice from the attorney.  If the attorney requests option (b) in this paragraph, such attorney is required to mail out those Solicitation Packages to the attorney's clients within three Business Days of receipt of the same from the Solicitation Agent.  Any attorney for a holder of a Direct Talc Personal Injury Claim who is entitled to vote on behalf of such holder may also, no later than February 17, 2021 (16 calendar days after the Solicitation Date), provide the Solicitation Agent with the name and address of such holder and request that the Solicitation Agent send a Solicitation Package (without a Ballot) for informational purposes.  The Solicitation Agent shall serve those Solicitation Packages without Ballots to such claim holders within three Business Days of receiving such request from an attorney.  Any attorney who furnishes the name and address of a holder of a Direct Talc Personal Injury Claim to the Solicitation Agent so that the Solicitation Agent may send the holder a Solicitation Package may also furnish the Solicitation Agent with a cover letter from the attorney to be sent to such holder with the Solicitation Package.  If an attorney requests that the Solicitation Agent send Solicitation Packages to the attorney for transmission to holders of Direct Talc Personal Injury Claims represented by such attorney, such attorney shall

file an affidavit of service with this Court within three Business Days of such service and provide a copy to the Solicitation Agent. The affidavit of service filed with this Court need not list the names and addresses of the clients served, but must state that service was completed, the date(s) service was completed, and that for the clients served the attorney has provided the Solicitation Agent with a list of such clients. The affidavit of service provided to the Solicitation Agent must include the names and addresses of the clients served in addition to the above and the Solicitation Agent will keep a copy of such affidavit for a period of five years after receipt. The affidavit of service provided to the Solicitation Agent shall not be deemed to be filed with the Court or part of the docket in the Chapter 11 Cases and shall not be published or otherwise disclosed.

**Confirmation Notices and Objection Procedures**

24.     The form, manner, and scope of the mailed Confirmation Hearing Notice, the Publication Notice, the Notice of Non-Voting Status, and the Contract/Lease Notice attached hereto as Exhibits 4-1, 4-2, 4-3, and 4-4, respectively, and the Supplemental Publication Plan, constitute good, sufficient, and adequate notice to all parties, including known and unknown creditors and holders of Equity Interests, comply with due process, and are APPROVED. Such notices are being provided by means reasonably calculated to reach all interested persons, reasonably convey all the required information to inform all persons affected thereby, and provide a reasonable time for a response and an opportunity to object to the relief requested. No other or further notice is necessary.

25.     Notwithstanding anything else herein, the Debtors shall serve the Confirmation Hearing Notice on: (a) all holders of Claims, including Unclassified Claims, and Equity Interests, whether or not they are entitled to vote; (b) the 2002 List; (c) the Internal Revenue Service; (d) the SEC; (e) the United States Attorney for the District of Delaware; (f) the U.S. Trustee; (g) counsel

to the Torts Claimants' Committee; (h) counsel to the FCR; (i) all state and local taxing authorities in the United States and Canada in the jurisdictions in which the Debtors have tax liabilities; (j) all federal, state, and local authorities in the United States and Canada that regulate any portion of the Debtors' businesses, including the Environmental Protection Agency; (k) all other persons or entities listed on the Debtors' creditor mailing matrix; and (l) all counterparties to Executory Contracts and Unexpired Leases.

26.     Notwithstanding anything else herein, the Debtors shall also serve the entities set forth in (b) through (j) of paragraph 25 above with a copy of this Solicitation Procedures Order, with all attachments, and a copy of the Plan and Disclosure Statement.

27.     Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) set forth in detail the name and address of any party filing the objection, the legal and factual basis for the objection, and the amount of the objector's Claims or such other grounds that give the objector standing to assert the objection, (c) conform to the Bankruptcy Rules and Local Rules, (d) be filed with this Court, and (e) be served upon the parties listed in the Confirmation Hearing Notice at the addresses set forth therein, on or before the Confirmation Objection Deadline, which service may be through the CM/ECF system, with courtesy copies by e-mail delivered to counsel for each of the Plan Proponents.

28.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Solicitation Procedures Order shall not be considered by this Court and are denied and overruled unless otherwise ordered by this Court.

29.     The Plan Proponents or other parties in interest may file and serve a reply or replies to any objections or responses to confirmation of the Plan on or before the Confirmation Reply Deadline.

**Additional Relief**

30.     The Debtors are authorized to take any action necessary or appropriate to implement the terms of and the relief granted in this Solicitation Procedures Order without seeking further order of this Court.

31.     The Debtors are authorized to make any non-substantive changes to the Solicitation Procedures, Direct Talc Personal Injury Claim Solicitation Notice, Certified Plan Solicitation Directive, Ballots, and Confirmation Notices without further order of this Court, including, without limitation, changes to (a) correct any typographical, grammatical, and formatting errors or omissions before their mailing to parties in interest or publication, and (b) modify the Publication Notice as necessary or desirable for purposes of providing notice in foreign publications.

32.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Solicitation Procedures Order.

**Dated: January 27th, 2021**
**Wilmington, Delaware**

15    LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE