**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 2979** |

---

**ORDER RESOLVING THE NEW JERSEY ACTION INSURERS' MOTION FOR AN ORDER (I) CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO THE NEW JERSEY ACTION OR, IN THE ALTERNATIVE (II) GRANTING RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE NEW JERSEY ACTION TO PROCEED**

Upon (a) the *Motion For An Order (I) Confirming That The Automatic Stay Does Not Apply To The New Jersey Action Or, In The Alternative (II) Granting Relief From The Automatic Stay To Allow The New Jersey Action To Proceed* [D.I. 2979] (the "**Motion**")[2] filed by Atlanta International Insurance Company (as successor in interest to Drake Insurance Company); AIG Property Casualty Company (f/k/a Birmingham Fire Insurance Company of Pennsylvania); AIG Europe S.A. (as successor in interest to Union Atlantique d'Assurances S.A); AIU Insurance Company; ASR Schadeverzekering N.V. (as successor in interest to Assurantiekoor Van Wijk & Co.); Granite State Insurance Company; The Insurance Company of the State of Pennsylvania; Lexington Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; New Hampshire Insurance Company; The North River Insurance Company; Starr Indemnity & Liability

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Company (as successor in interest to Republic Insurance Company); N.V. Schadeverzekeringsmaatschappij Maas Lloyd (individually and as successor in interest to policies subscribed in favor of Johnson & Johnson by N.V. Rotterdamse Assurantiekas, n/k/a De Ark).; and RheinLand Versicherungen (as successor in interest only to the subscriptions of the former Dutch company Rheinland Verzekeringen) (collectively, the "**Moving Insurers**"); (b) the Joinder [D.I. 3039] filed by Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company) and The Travelers Indemnity Company (collectively, "**Travelers**"); (c) the Joinder [D.I. 3043] filed by Century Indemnity Company, Pacific Employers Insurance Company, Westchester Fire Insurance Company, Great Northern Insurance Company, and ACE Property & Casualty Insurance Company (collectively, the "**Chubb Insurers**" and together with the Moving Insurers, Travelers, and the other insurers in the New Jersey Action that are identified in **Schedule 1** attached hereto, solely with regard to the insurance policies issued or allegedly issued to J&J by such insurer and solely in such capacity, the "**J&J Insurers**"); and (d) the Reservation of Rights [D.I. 3044] filed by Johnson & Johnson and Johnson & Johnson Consumer Inc. (together, "**J&J**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having considered the Motion and any objections or responses thereto; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED that:

1. The Motion is GRANTED as set forth herein.

2. To the extent it may apply, the automatic stay of the Bankruptcy Code § 362(a) is lifted and modified to permit each J&J Insurer and J&J to litigate, manage and resolve all claims at issue in the action styled *Atlanta International Insurance Company, et al. v. Johnson & Johnson, et al.*, Case No. MID-L-003563-19, currently pending in the Superior Court of New Jersey (the "**New Jersey Action**"); ***provided***, however, that no J&J Insurer nor J&J may assert that any ruling or judgment entered in the New Jersey Action during the Subject Period (defined herein) is binding on the Debtors or any personal injury trust (the "**Trust**") to be established pursuant to the Debtors' *Ninth Amended Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 2864] (as may be further amended, supplemented, or modified, the "**Plan**") solely to the extent such ruling or judgment relates directly to the availability, scope, or extent of insurance coverage for claims alleging bodily injury allegedly due to exposure to talc or talc-containing products. For purposes of this Order, the "**Subject Period**" means the period commencing on the date of entry of this Order and concluding on the earlier of (a) the Effective Date (as currently defined in section 1.1.91 of the Plan) and (b) September 30, 2021. The Debtors retain the right to seek further relief from this Court if the Subject Period terminates prior to the Effective Date (as currently defined in section 1.1.91 of the Plan); ***provided***, that each J&J Insurer and J&J retains the right to object to any such request and nothing herein shall prejudice such right.

3. During the Subject Period, no Debtor shall commence an adversary proceeding or file a motion against any J&J Insurer or J&J regarding the availability, scope, or extent of insurance coverage obligations to J&J under the policies issued by the J&J Insurers for claims alleging bodily injury allegedly due to exposure to talc or talc-containing products.

4. Nothing in this Order shall impair or otherwise impact the rights and obligations of any J&J Insurer or J&J as between each other regarding any claim at issue in the New Jersey Action or any insurance policy, the rights of J&J or any J&J Insurer with respect to any insurance policy, the ability of J&J to pursue insurance coverage under any policy, or the ability of any J&J Insurer to advance coverage issues or defenses with respect to any policy.

5. Any insurer in the New Jersey Action that is not a "J&J Insurer" as of the date of entry of this Order may become a J&J Insurer, solely with respect to insurance policies issued or allegedly issued to J&J by such insurer, without further Order of this Court, by filing a notice with the Court stating that it wishes to be a J&J Insurer for all purposes under this Order.  The Debtors shall file with the Court on a periodic basis an updated version of **Schedule 1** of this Order to reflect such additional insurers that have become a "J&J Insurer" within the meaning of this Order.

6. This Court shall retain jurisdiction to construe and enforce the terms of this Order.

7. Notwithstanding the possible application of Bankruptcy Rules 4001(a)(3), 6004(h), 7062, 9014, or otherwise, this order shall be effective and enforceable immediately upon entry hereof.

**Dated: March 19th, 2021**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**