**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 19-10289 (LSS)<br>Jointly Administered<br><br>**Related to Dkt. No. 3332** |

**MOTION TO SHORTEN THE OFFICIAL COMMITTEE OF TORT CLAIMANTS' MOTION FOR A PROTECTIVE ORDER OR TO QUASH SUBPOENAS**

The Official Committee of Tort Claimants (the "**Committee**"), by and through its undersigned counsel, hereby moves to shorten (the "**Motion to Shorten**") notice of its Motion for a Protective Order or to Quash Subpoena [Dkt. No. 3332] ("**Motion to Protect**")[2] filed with this Court. In support thereof, the Committee represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

2. The statutory predicates for the relief sought in this Motion are sections 102(1) and 105(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), as supplemented by Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9006-1(e).

---

[1] The above-captioned debtors in these cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. ("**ITA**") (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Motion to Protect.

**BACKGROUND**

3. On February 13, 2019 (the "**Petition Date**"), the above-captioned debtors and debtors-in-possession (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On March 5, 2019, the Office of the United States Trustee for the District of Delaware appointed the Committee [D.I. 132].

5. Between March 26, 2021 and March 30, 2021 the following nonparty subpoenas were served by Johnson & Johnson and Johnson & Johnson Consumer Inc. (together, "**J&J**"): the (i) Notice of Subpoena to Claims Processing Facility, Inc. [Dkt. No. 3257], filed on March 26, 2021; (ii) Notice of Subpoena to Claims Resolution Management Corporation [Dkt. No. 3258], filed on March 26, 2021; (iii) Notice of Subpoena to Delaware Claims Processing Facility, LLC [Dkt. No. 3259], filed on March 26, 2021; (iv) Notice of Subpoena to MFR Claims Processing, Inc. [Dkt. No. 3260], filed on March 26, 2021; (v) Notice of Subpoena to Trust Services, Inc. [Dkt. No. 3261], filed on March 26, 2021; (vi) Notice of Subpoena to Verus Claims Services, LLC [Dkt. No. 3262], filed on March 26, 2021; and (vii) Notice of Subpoena to Western Asbestos Settlement Trust [Dkt. No. 3272], filed on March 30, 2021 (collectively, the "**Subpoenas**").

6. The deadline J&J set in the Subpoenas for production of the requested information was April 6, 2021. On April 6, 2021, the Committee filed the Motion to Protect.

**AVERMENT PURSUANT TO LOCAL RULE 9006-1(e)**

7. Pursuant to Local Rule 9006-1(e), the Committee hereby states that it contacted J&J prior to filing this Motion to Shorten and the Motion to Protect requesting that they withdraw the Subpoenas and such request was denied.

**RELIEF REQUESTED**

8. The Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, shortening notice of the Motion to Protect so that it may be presented at a hearing in these chapter 11 cases at the Court's earliest convenience but preferably no later than April 23, 2021.

**BASIS FOR RELIEF REQUESTED**

9. Section 102(1) of the Bankruptcy Code provides that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1). The Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

10. Bankruptcy Rule 9006 provides that the Court may order time periods set by the Bankruptcy Rules to be reduced "for cause shown." Fed. R. Bankr. P. 9006. Local Rule 9006-1 sets the default time period requiring that "all motion papers shall be filed and served . . . at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c).

11. Pursuant to Federal Rule of Bankruptcy Procedure 9006(c), "the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). In exercising such discretion, the court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012) (noting

the commonality of such motions "given the accelerated time frame of bankruptcy proceedings").

12. Local Rule 9006-1(e) likewise provides for shortened notice "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

13. Here, the Committee believes that such cause exists to shorten the time period under Bankruptcy Rule 9006-1(c) and Local Rule 9006-1(e) to consider the Motion to Protect.

14. By virtue of the Subpoenas, J&J is seeking personal medical and financial information from thousands of individuals. Resolution of the Motion to Protect is critical given the nature and scope of the demands made in the Subpoenas prior to the next omnibus hearing in these cases currently scheduled for May 18, 2021.

## **NOTICE**

15. Notice of this Motion will be given to: (a) the Debtors' counsel, (b) counsel for the Future Claimants' Representative, (c) the Office of the United States Trustee for the District of Delaware; (d) any party that has requested notice pursuant to Bankruptcy Rule 2002; and (e) counsel for J&J. The Committee submits that, under the circumstances, no other or further notice is required.

*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Committee respectfully requests entry of an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and appropriate under the circumstances.

Dated: April 6, 2021
Wilmington, Delaware

**ROBINSON & COLE LLP**

*/s/ Mark A. Fink*
Natalie D. Ramsey (No. 5378)
Mark A. Fink (No. 3946)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
Tel: (302) 295-4800; Fax: (302) 351-8618
nramsey@rc.com
mfink@rc.com

-and-

Michael R. Enright (admitted *pro hac vice*)
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8290; Fax: (860) 275-8299
menright@rc.com

*Counsel to the Official Committee of Tort Claimants*