# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | ) ) ) ) | Case No. 19-10289 (LSS) |
| Debtors. | ) ) | Jointly Administered |

**MOTION TO SHORTEN NOTICE
AND SCHEDULE EXPEDITED HEARING WITH RESPECT TO
MOTION OF HOLDERS OF TALC PERSONAL INJURY CLAIMS REPRESENTED
BY ARNOLD & ITKIN LLP TO EXTEND DISCOVERY DEADLINES AND PERMIT
DISCOVERY OF THE PLAN PROPONENTS, PRIME CLERK AND CERTAIN
THIRD PARTIES RELATING TO THE SOLICITATION AND VOTING WITH
RESPECT TO THE NINTH AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF IMERYS TALC AMERICA, INC. AND ITS DEBTOR
AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Arnold & Itkin LLP ("Arnold & Itkin"), on behalf of holders of Talc Personal Injury Claims represented by Arnold & Itkin (the "Movants"), hereby submits this motion (the "Motion to Shorten") for entry of an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(e) (each as defined herein), substantially in the form attached hereto as **Exhibit A**, shortening the notice period and scheduling an expedited hearing with respect to the *Motion of Holders of Talc Personal Injury Claims Represented by Arnold & Itkin LLP to Extend Discovery Deadlines and Permit Discovery of the Plan Proponents, Prime Clerk and Certain Third Parties Relating to the Solicitation and Voting With Respect to the Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

*Bankruptcy Code* ("Motion"), filed concurrently herewith.[2]  In further support of this Motion to Shorten, the Movants respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Movants consent to the entry of a final order by the Court in connection with this Motion to Shorten to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9006-1(e).

### Relief Requested

3. By this Motion to Shorten, the Movants request, pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9006-1(e), that the Court shorten the notice required for a hearing on the Motion so that the Motion may be heard as soon as the Court's calendar will permit at a time convenient for the Court (the "Hearing"), with responses, if any, to the Motion to be filed on or before noon (Eastern Time) one business day before the Hearing (the "Objection Deadline").

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**Basis for Relief**

4.      Local Rule 9006-1(c)(i) provides that unless the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date."  Pursuant to Bankruptcy Rule 9006, the Court may, for cause shown, shorten the otherwise applicable notice period for motion papers.  *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.").  Similarly, Local Rule 9006-1(e) provides that the Court may shorten the notice period "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice."  Del. Bankr. L.R. 9006-1(e).

5.      By the Motion, the Movants seek the Court's approval of the Movants' ability to take discovery of the Plan Proponents, Prime Clerk, and certain law firms that were permitted to submit Master Ballots after the Voting Deadline that account for about 25% of the total votes counted on the Plan (the "Late Voting Parties"), with respect to issues that only came to light after Prime Clerk filed its Preliminary Voting Certification on April 7, 2021, and that are integral to the voting process in this case.  As detailed in the Motion, the Movants have serious concerns about the integrity of the voting process raised by the Preliminary Voting Certification, including, among others, the inclusion in the vote count of (largely accepting) post-Voting Deadline Master Ballots that account for about 25% of the counted votes, the exclusion of (largely rejecting) Ballots that account for over 25% of the total votes cast, and the murky circumstances regarding the vote of one of the Late Voting Parties—Bevan—which appears to

3

claim the right to vote over 15,000 claims.  The inclusion of so many late Master Ballots and the massive exclusion of other Ballots may have changed the outcome of the Plan vote.

6. If the Court's consideration of the Motion were delayed or scheduled on regular notice for the next omnibus hearing on May 18, 2021, the Movants would lose nearly a month of time to pursue necessary discovery.  In addition, while the confirmation hearing has been adjourned to August 16, 2021, the deadline for fact discovery was extended only until May 14, 2021.  The Movants believe the Plan Proponents will not be prejudiced by allowing this additional factual discovery to move forward, particularly in light of the vital nature of the information to ensuring the integrity and transparency of the plan voting process, and the Movants respectfully request that the Court give expedited consideration to the Motion so that the requested discovery can commence immediately.

## Local Rule 9006-1(e) Averment

7. Pursuant to Local Rule 9006-1(e), the Movants do not believe that making efforts to provide advance notice of the Motion to Shorten to counsel for the Debtors, counsel for the TCC, and the Office of the United States Trustee (the "U.S. Trustee") would be appropriate given the urgent need to have the Court rule on the requested relief in the Motion and the prior resistance manifested by the Debtors and TCC with respect to other plan-related discovery sought by the Movants.

## Notice

8. Notice of this Motion shall be given by email or overnight mail to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Debtors; (c) the Official Committee of Tort Claimants; (d) the Future Claimants' Representative; (e) Prime Clerk; (f) the Late Voting Parties; (g) all parties

who have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.   The Movants respectfully submit that no further notice is required.

WHEREFORE, the Movants respectfully request the entry of an order, substantially in the form attached hereto as **Exhibit A**, and for such other and further relief as may be appropriate.

| | |
|---|---|
| Dated: April 17, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | Debra I. Grassgreen (CA Bar No. 169978) |
| | John A. Morris (NY Bar No. 2405397) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:   ljones@pszjlaw.com |
| |              dgrassgreen@pszjlaw.com |
| |              jmorris@pszjlaw.com |
| |              pkeane@pszjlaw.com |
| | |
| | *Special Bankruptcy Counsel to Arnold & Itkin LLP* |
| | |
| | -and- |
| | |
| | ARNOLD & ITKIN LLP |
| | Jason A. Itkin |
| | 6009 Memorial Drive |
| | Houston, TX 77007 |
| | Main: 713.222.3800 |
| | Fax: 713.222.3850 |
| | Email: jitkin@arnolditkin.com |
| | |
| | *Counsel to the Movants* |