# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------- x
In re:                                                          :   Chapter 11
                                                                :
IMERYS TALC AMERICA, INC., *et al.*,[1]                         :   Case No. 19-10289 (LSS)
                                                                :
    Debtors.                                 :   (Jointly Administered)
                                                                :
                                                                :   **Re: Docket No. _____**
                                                                :
---------------------------------------------------------------- x

## ORDER (I) APPROVING NOTICE PROCEDURES, (II) AUTHORIZING ACQUISITIONS, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") (a) subject to the Notice Procedures and the consent of the Tort Claimants' Committee and the FCR, authorizing the Debtors to purchase, either directly or indirectly through a wholly-owned subsidiary, one or more businesses with real property assets, any fixtures and improvements thereon, and certain personal property related thereto for an aggregate purchase price not to exceed $12 million, including any deposits; (b) approving the Notice Procedures; (c) authorizing the Debtors to make one or more refundable deposits with respect to potential Acquisitions; (d) authorizing the Debtors to take other actions as they may deem necessary to effectuate the Acquisitions; and (e) granting related relief; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050) and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

*of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record of all of the proceedings before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6004 and 9014, the Debtors are authorized to purchase, either directly or through a wholly-owned subsidiary, one or more businesses with real property assets, any fixtures and improvements located thereon, and certain personal property related thereto; *provided* that (i) the Debtors comply with the Notice Procedures, (ii) the Tort Claimants' Committee and the FCR consent to each purchase, and (iii) the aggregate purchase price shall not exceed $12 million, including any deposits, absent further order of this Court.

3. The following notice procedures (the "**Notice Procedures**") are approved:

    i. Within two (2) business days following entry by the Debtors, or a wholly-owned subsidiary of one or more of the Debtors, into an agreement to purchase one or more businesses with real property assets, any fixtures and improvements located thereon, and certain personal property related thereto as described in the Motion, which agreement will not be entered absent consent by each of the Tort Claimants' Committee and the FCR to the terms thereof, the Debtors shall file with the Court a notice of entry into such agreement, substantially in the form attached as **Exhibit B** to the Motion (each a "**Purchase Notice**"), which notice will include the applicable purchase agreement (subject to

confidentiality considerations) and set forth the material terms of the proposed Acquisition. The Purchase Notice shall be served on (a) the U.S. Trustee; (b) the Office of the United States Attorney for the District of Delaware; (c) the Internal Revenue Service; and (d) the Information Officer (as defined in the Plan) (collectively, the "**Notice Parties**").

ii. Each Notice Party shall have seven (7) calendar days after service of a Purchase Notice (each an "**Objection Deadline**") to object to the proposed Acquisition.

iii. If no objections are timely filed, upon expiration of the Objection Deadline, the Debtors shall be authorized to take actions necessary to consummate the proposed Acquisition and perform under the applicable purchase agreement without further notice or order of the Court.

iv. If any Notice Party objects to a proposed Acquisition, it must file and serve on the Debtors and each other Notice Party a written objection (an "**Objection**") so as to be received on or before the Objection Deadline. Any Objection must identify with specificity the terms of the proposed Acquisition or purchase agreement that are subject to the Objection and the basis for such Objection. The Debtors shall, in good faith, attempt to resolve the Objection; *provided* that any resolution of an Objection shall be subject to the consent of the Tort Claimants' Committee and the FCR. If the Objection has not been resolved in accordance with the preceding sentence within seven (7) calendar days after the Objection is filed (or another mutually agreed-upon period), the parties shall seek an order of the Court resolving any unresolved issues. The Debtors shall have seven (7) calendar days after the filing of an Objection to file a response to such Objection.

4. The Debtors are authorized and empowered to take such actions and to execute such documents as may be necessary or desirable to effectuate the purchases and implement the relief granted by this Order, including, without limitation, (a) forming a wholly-owned subsidiary owned by one or more of the Debtors for the purpose of purchasing and holding the purchased assets and (b) subject to the Notice Procedures and the prior consent from each of the Tort Claimants' Committee and the FCR in each case, (i) entering into one or more asset purchase agreements and (ii) performing under such asset purchase agreements.

5. The Debtors are authorized and empowered to make one or more refundable deposits on customary terms and conditions with respect to potential Acquisitions in an aggregate

amount not to exceed $1.2 million, subject in each case to the consent of the Tort Claimants' Committee and the FCR.

6.      The stay provided in Bankruptcy Rule 6004(h) is hereby expressly waived and shall not apply.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.