# EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | Jointly Administered |

**ARNOLD & ITKIN LLP'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO THE OFFICIAL COMMITTEE OF TORT CLAIMANTS RELATING TO THE NINTH AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF IMERYS TALC AMERICA, INC. AND ITS DEBTOR AFFILIATES**

Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7034 and 9014, Federal Rules of Civil Procedure 26 and 34, Arnold & Itkin LLP ("Arnold & Itkin"), on behalf of Talc Personal Injury Claimants[2] on whose behalf Arnold & Itkin has filed proofs of claim ("Claimants") hereby requests that the Official Committee of Tort Claimants, as defined below, produce the documents described herein for inspection and copying at the offices of Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899, Attn: Laura Davis Jones, on or before **April 30, 2021**.

### I.    DEFINITIONS

The definitions of terms provided by the Federal Rules of Bankruptcy Procedure

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan and the TDP (as those terms are defined below).

and the Federal Rules of Civil Procedure, where applicable, are incorporated herein by reference.

1. "<u>Affiliate</u>" shall have the meaning ascribed to that term in 11 U.S.C. section 101(2).

2. "<u>Attorney Representatives</u>" shall mean those attorneys and law firms representing one or more members of the TCC.

3. "<u>Ballot(s)</u>" shall have the meaning ascribed to that term in the Solicitation Procedures.

4. "<u>Bevan</u>" shall mean Bevan & Associates LPA, Inc., and each of its officers, employees, agents, attorneys, representatives, or any other Person purporting to act on its behalf.

5. "<u>Chapter 11 Cases</u>" means the cases before the United States Bankruptcy Court for the District of Delaware docketed as, or associated with, 19-10289.

6. "<u>Claimant Representatives</u>" shall mean those attorneys or law firms that submitted one or more Master Ballots on behalf of one or more Claimants.

7. "<u>Claimants</u>" shall mean any individual who submitted a Ballot, and each of their attorneys, agents, representatives, or any other Person purporting to act on his or her behalf.

8. "<u>Class 4</u>" shall have the meaning ascribed to that term in the Ninth Amended Plan.

9. "<u>Communication</u>" means all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, notes, telegrams, correspondence, memoranda, emails, facsimile transmissions, or other form of verbal, written, mechanical, or electronic disclosure, in Your actual or constructive control or custody or in the control or custody of any current or former affiliates, representatives and advisors.

10. "<u>Concerning</u>" means relating to, constituting, concerning, referring to, regarding, bearing upon, supporting or negating, summarizing, pertaining to, alluding to, commenting upon, touching upon, recording, consisting of, affecting, reflecting, discussing, describing, evidencing, mentioning or having any logical or factual connection with the matter in question.

11. "<u>Debtors</u>" means the entities identified in footnote 1 hereto, and shall include, without limitation, all of the debtors' agents, attorneys, accountants, investigators, employees, officers, consultants, and other persons acting or purporting to act on their behalf.

12. "<u>Document</u>" means any writings, recordings, electronic files and mails, or photographs, whether original or duplicate, as defined in Federal Rule of Evidence 1001, Bankruptcy Rule 7034 and Federal Rule of Civil Procedure 34(a), inclusively, including (but not limited to) inter-office memoranda, notes to file, facsimile transmissions, financial statements, bank statements, charts, appraisal reports, and other data compilations, in Your actual or constructive control or in the custody any of any affiliates, representatives and advisors.

13. "<u>FCR</u>" means James L. Patton, Jr., the appointed future claims representative, in these Chapter 11 Cases, including any attorneys, representatives, consultants, advisors or anyone acting on the FCR's behalf.

14. "<u>Master Ballot</u>" shall have the meaning ascribed to that term in the Solicitation Procedures.

15. "<u>Ninth Amended Plan</u>" means the *Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code*, Case No. 19-10289 (LSS) filed January 27, 2021 [D.I. 2854], and any subsequent amended or modified plan filed by any or all of the Debtors, the TCC or the FCR.

3

16. "Period of Inquiry" means January 27, 2021 through the present.

17. "Person" means all natural individuals, corporations, partnerships, or other business associations, and all legal entities.

18. "Plan Documents" has the meaning ascribed to that term in the Ninth Amended Plan.

19. "Plan Proponents" means the Debtors, the TCC and the FCR.

20. "Prime Clerk" means Prime Clerk LLC, and each of its agents, attorneys, employees, officers, consultants, and other Persons purporting to act on its behalf.

21. "Prime Clerk Declaration" shall mean the *Declaration of Christina Pullo of Prime Clerk LLC Regarding the Solicitation of Votes and Preliminary Tabulation of Ballots Cast on the Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 3334].

22. "Revised Disclosure Statement" means the *Disclosure Statement for the Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code,* Case No. 19-10289 filed with the Court on January 27, 2021 [D.I. 2854] and any subsequent or modified disclosure statement filed by any or all of the Debtors, the TCC or the FCR.

23. "Solicitation Procedures" shall mean the *Solicitation Procedures for Plan of Reorganization of Imerys Talc America and its Debtor Affiliates* [Dkt. No. 2863-1] in these Chapter 11 Cases.

24. "TAC Professionals" has the meaning ascribed to that term in the Plan.

4

25. "TCC" means the Official Committee of Tort Claimants appointed in these Chapter 11 Cases, including its individual members, and any other attorneys, representatives, consultants, advisors or anyone acting on the TCC's behalf.

26. "Voting Deadline" shall mean March 25, 2021.

27. "You" or "Your" means the TCC, as defined above.

## II.    INSTRUCTIONS

1. You are required to conduct a thorough investigation and produce all Documents (as defined above) in Your possession, custody and control including all Documents in the possession, custody and control of Your attorneys, investigators, experts, officers, directors, employees, agents, representatives and anyone acting on Your behalf.

2. You are required to produce the following categories of Documents in compliance with the Federal Rules of Bankruptcy Procedure 7026, 7034 and 9014, incorporating the provisions of Federal Rule of Civil Procedure 26 and 34.

3. The use of either the singular or plural shall not be deemed a limitation and the use of the singular should be considered to include the plural and vice versa.

4. The words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; and the word "any" means "any and all"; the word "including" means "including without limitation."

5. If You are unable to comply with a particular category of the requests below and Document(s) responsive to the category exist, You must provide the following information:

   a. The date of the Document;

   b. The type of Document (*e.g.,* letter, memorandum, report, etc.);

DOCS_LA:337317.1 05471/001

      c.      The name, address, telephone number and title of the author(s) of the Document;

      d.      The name, address, telephone number and title of each recipient of the Document;

      e.      The number of pages in the Document;

      f.      The control number for the Document, if any;

      g.      The present location(s) of the Document and the name, address and telephone number of the person(s) who has (have) possession of the Document;

      h.      A specific description of the subject matter of the Document; and,

      i.      The reason why You cannot produce the Document or comply with the particular category of request.

6.      If You are unable to comply with a particular category of the requests below and Document(s) responsive to the category do not exist, You must provide the following information:

      a.      The date of the Document;

      b.      The type of Document (e.g., letter, memorandum, report, etc.);

      c.      The name, address, telephone number and title of the author(s) of the Document;

      d.      The name, address, telephone number and title of each recipient of the Document;

      e.      The number of pages in the Document;

   f. The last known location(s) of the Document and the name, address and telephone number of the last known person(s) who had possession of the Document;

   g. A specific description of the subject matter of the Document;

   h. The date when the Document ceased to exist; and,

   i. The circumstances under which the Document ceased to exist (i.e., whether it was lost, stolen, discarded, destroyed, etc.).

  7. You are required to produce the full and complete originals, or copies if the originals are unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts or redactions.  Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete and an accurate duplication of the original(s).

  8. You are required to produce the documents as they are kept in the usual course of business or to organize and label them to correspond with each category in these requests.

  9. You are required to produce Electronically Stored Information ("ESI") in searchable form on DVDs, CD-ROMs, via FTP, or any other medium that is acceptable to counsel to the propounding party.  If necessary, all ESI shall be translated before production into reasonably usable form.  Unless otherwise specified, documents, reports, and other ESI created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on

whatever media it currently resides.  The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in Your systems.  <u>Electronic mail (e-mail) should be produced in native form</u>; that is, in whatever database and/or file/directory structures are used by Your e-mail processing software.  All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

      10. If You withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified by the following information:

        a. The date of the Document;

        b. The type of Document (e.g., letter, memorandum, report, etc.);

        c. The name, address, telephone number and title of the author(s) of the Document;

        d. The name, address, telephone number and title of each recipient of the Document;

        e. The number of pages in the Document;

        f. The control number for the Document, if any;

        g. The present location(s) of the Document and the name, address and telephone number of the person(s) who has (have) possession of Document;

    h.  A general description of the subject matter of the Document or the portion redacted without disclosing the asserted privileged or protected communication; and,

    i.  The specific privilege(s) or protection(s) that Responding Party contends applies.

### III.  REQUESTS FOR PRODUCTION

1.  All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning any proposed or submitted Master Ballot.

2.  All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning any actual, proposed, or requested extension of time to submit a Master Ballot after the Voting Deadline or to waive the Voting Deadline.

3.  All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning the changing of any votes from a vote rejecting the Plan to a vote accepting the Plan.

4.  All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning any defects in any submitted Master Ballots, including whether any defects could, should, or would be corrected and whether any opportunity to cure the defect would be offered to the party that submitted the Master Ballot.

5. All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning the filing or submission of Master Ballots.

6. All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning whether Prime Clerk would, should, or did exercise its discretion to contact voters to cure any actual or perceived defects in the Ballots, as provided on page 15 of the Solicitation Procedures.

7. All Documents and Communications Concerning the withdrawal, alteration, change or correction of any Master Ballot.

8. All Documents and Communications exchanged between You and Bevan Concerning the submission or withdrawal of any Master Ballots or the change or withdrawal of any vote contained on a Master Ballot submitted by Bevan.

9. All Documents and Communications exchanged between You and (a) any Claimant Representative, or (b) any Attorney Representative, or (c) any Plan Proponent, or (d) Prime Clerk Concerning Bevan's submission or withdrawal of any Master Ballots or the change or withdrawal of a vote reflected on a Master Ballot submitted by Bevan.

10. All Documents and Communications Concerning the submission of Master Ballot(s) superseding the Master Ballot submitted by Bevan or any vote reflected on that Master Ballot listed in Exhibit C to the Prime Clerk Declaration.

| | |
|---|---|
| Dated: April ___, 2021 | PACHULSKI STANG ZIEHL & JONES LLP |
| | |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | Debra I. Grassgreen (CA Bar No. 169978) |
| | John A. Morris (NY Bar No. 2405397) |
| | Peter J. Keane (DE Bar No. 5503) |
| | 919 N. Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email:   ljones@pszjlaw.com |
| | dgrassgreen@pszjlaw.com |
| | jmorris@pszjlaw.com |
| | pkeane@pszjlaw.com |
| | |
| | *Special Bankruptcy Counsel to Arnold & Itkin LLP* |
| | |
| | -and- |
| | |
| | ARNOLD & ITKIN LLP |
| | Jason A. Itkin |
| | 6009 Memorial Drive |
| | Houston, TX 77007 |
| | Main: 713.222.3800 |
| | Fax: 713.222.3850 |
| | Email: jitkin@arnolditkin.com |
| | |
| | *Counsel to the Arnold & Itkin Plaintiffs* |

DOCS_LA:337317.1 05471/001