IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| IMERYS TALC AMERICA INC., *et al.* | § | CASE NO. 19-10289 (LSS) |
| | § | |
| *Debtors*. | § | D.I. Nos. 3624 |

**WILLIAMS HART PLAINTIFFS' OBJECTION TO
MOTION OF HOLDERS OF TALC PERSONAL INJURY CLAIMS
REPRESENTED BY ARNOLD & ITKIN LLP TO DISREGARD CERTAIN VOTE
CHANGES MADE WITHOUT COMPLYING WITH BANKRUPTCY RULE 3018,
AND THE REQUIRED SHOWING OF CAUSE, IN CONNECTION WITH THE
VOTING ON THE NINTH AMENDED JOINT CHAPTER 11 PLAN OF
REORGANIZATION OF IMERYS TALC AMERICA, INC. AND ITS DEBTOR
AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE [DOC. 3624]**

Williams Hart Boundas Easterby, LLP, on behalf of certain personal injury claimants ("William Hart Plaintiffs"), by and through their undersigned counsel, hereby file this Objection ("Objection") to the *Motion to Disregard Certain Vote Changes Made Without Complying With Bankruptcy Rule 3018, and the Required Showing of Cause in Connection With the Voting on the Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [Docket No. 3624] (the "Motion") filed by Arnold & Itkin LLP ("Movant"). In support of the Objection, the Williams Hart Plaintiffs, by and through their counsel, respectfully represent as follows:

### I. PRELIMINARY STATEMENT

1. Movant seeks to disregard certain ballots representing more than 17,000 votes in favor of accepting the Plan, including 493 Williams Hart Plaintiffs. Movant further seeks to convert those acceptance votes to rejection votes. The Williams Hart Plaintiffs initially cast a Master Ballot rejecting the Plan ("Initial Ballot"), and then submitted a subsequent Master Ballot accepting the Plan ("Superseding Ballot") after the deadline to submit ballots. The Debtor, with

the consent of the Plan Proponents, granted the Williams Hart Plaintiffs a voting extension, in conformity with the Solicitation Procedures Order. The existence of a provision in the Solicitation Procedures allowing for such superseding votes, agreed to by the Plan Proponents, is to eliminate the need for separate notice and a hearing pursuant to Bankruptcy Rule 3018 in order to approve a vote change. Thus, the Superseding Ballot of the Williams Hart Ballot should not be disregarded.

2. The Williams Hart Plaintiffs agree that the integrity of the voting process is fundamental to the confirmation of a plan of reorganization and they have acted in strict compliance with the Court-approved Solicitation Procedures. Movant has not presented any admissible evidence of bad faith or impropriety by the Williams Hart Plaintiffs, the Debtor or the Plan Proponents, and does not identify any breach of any provision of the Solicitation Procedures. Thus, Movant has not rebutted the presumption established in the Solicitation Procedures that the Williams Hart Plaintiffs had sufficient cause to change their votes. As such, Movant's request to disregard the Superseding Ballot of the Williams Hart Plaintiffs is without merit and should be denied.

## II.     FACTUAL BACKGROUND

3. On January 27, 2021, the Court entered the Solicitation Procedures Order, which established the Voting Deadlines as "March 25, 2021, at 4:00 p.m. (Prevailing Eastern Time); provided that the Debtors are authorized to extend the Voting Deadline for any party entitled to vote on the Plan[.]" *See* Solicitation Procedures Order at ¶ 5.

4. The Solicitation Procedures direct the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk"), to count superseding ballots submitted on or before the March 25, 2021 Voting Deadline, or such later date as agreed to by the Debtors with the consent of the Plan Proponents. *See* Solicitation Procedures at § VI.2.f.

5. The Solicitation Procedures further provide a "rebuttable presumption that any claimant who submits a properly completed superseding Ballot . . . on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change . . . such claimant's acceptance or rejection of the Plan." *See* Solicitation Procedures at § VI.2.h.

6. To be included in the tabulation results as valid, a ballot must have been (i) properly completed pursuant to the Solicitation Procedures, (ii) executed by the relevant holder entitled to vote on the Plan (or such holder's authorized representative), (iii) returned to the Debtors' solicitation agent, Prime Clerk LLC ("Prime Clerk") via an approved method of delivery set forth in the Solicitation Procedures, and (iv) received by Prime Clerk on the Voting Deadline, ***except to the extent such Voting Deadline was extended by the Debtors, with the consent of the Plan Proponents***. *See* Supplemental Voting Declaration at ¶ 8, attached as Exhibit A to Doc. 3640, incorporated herein (emphasis added).

7. On March 25, 2021, prior to the expiration of the Voting Deadline, the Williams Hart Plaintiff submitted their Initial Ballot to Prime Clerk indicating that they were rejecting the Plan.

8. Subsequent to expiration of the voting deadline, and as permitted by the Solicitation Procedures, the Debtors, with the consent of the Plan Proponents, extended the Voting Deadline to allow the Williams Hart Plaintiffs to submit their Superseding Ballot, which indicated they were accepting the Plan.

9. The Debtors directed Prime Clerk to count only superseding votes where multiple ballots were cast by the same claimant, in order to avoid double counting. *See* Suppl. Voting Decl. at ¶ 16, attached as Exhibit A to Doc. 3640. Accordingly, the Second Ballot supersedes the First Ballot such that only the votes accepting the Plan will tabulated.

10. Thereafter, Movant filed its Motion to disregard, among other votes, the Second Ballot of the Williams Hart Plaintiffs.

### III.    ARGUMENT

**A.    The Rebuttable Presumption that Sufficient Cause Exists to Change Votes**

11. The Solicitation Procedures provide that:

> if multiple Ballots are received from the same attorney or agent with respect to the same Claim (but not from the holder thereof), the latest-dated otherwise valid Ballot that is received before the Voting Deadline (or such later date as agreed by the Debtors with the consent of the Plan Proponents, with such consent not to be unreasonably withheld) will be the Ballot that is counted as a vote to accept or reject the Plan.

Solicitation Procedures at § VI.2.h. Thus, Prime Clerk was required to count the latest-dated ballot received from the Williams Hart Plaintiffs, before or after the Voting Deadline, if agreed to by the Debtors with the consent of the Plan Proponents.

12. In the event a superseding ballot was received, the Solicitation Procedures further provide that "[t]here will be a rebuttable presumption that any claimant who submits a properly completed superseding Ballot or withdrawal of a Ballot on or before the Voting Deadline has sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change or withdraw such claimant's acceptance or rejection of the Plan." *Id*. at § VI.2.f (emphasis added) (the "Rebuttable Presumption Provision").

13. These provisions allow the Williams Hart Plaintiffs to submit superseding ballots after the Voting Deadline, if an extension to such Voting Deadline is agreed to by the Debtors, with the consent of the Plan Proponents, and create a rebuttable presumption that the Williams Hart Plaintiffs acted with cause in changing theirs votes within the meaning of Bankruptcy Rule 3018(a), thus eliminating the need for a separate notice and a hearing.

14. The Superseding Ballot was appropriately included in the vote tabulation without the need for the Williams Hart Plaintiffs to seek separate notice and a hearing under Bankruptcy Rule 3018 because the Plan Proponents consented to the late submission of the Superseding Ballot.

15. Movant fails to adequately explain why the Second Ballot should be disregarded in light of the fact that the Debtors, with the consent of the Plan Proponents, granted the Williams Hart Plaintiffs an extension of the Voting Deadline, which is expressly permitted by, and was provided in accordance with, the terms of the Solicitation Procedures – thereby extending the Voting Deadline – which resulted in a rebuttable presumption that the Williams Hart Plaintiffs had cause to change and/or withdraw their Initial Ballot.

16. Provisions authorizing debtors to extend a voting deadline are routinely approved in solicitation procedures in this District (both in the mass tort context and otherwise) and are commonly utilized by debtors in practice. See, e.g., *In re APC Auto. Techs. Intermediate Holdings, LLC*, No. 20-11466 (CSS) (Bankr. D. Del. July 8, 2020) [Docket No. 166] (debtors extended voting deadline in accordance with solicitation procedures to permit tabulation of late-filed accepting votes); *In re TK Holdings Inc.*, No. 17-11375 (BLS) (Bankr. D. Del. Feb. 16, 2018) [Docket No. 2100] (voting deadline was extended by the Debtors by six weeks consistent with the court-approved solicitation procedures); *In re 24 Hour Fitness WorldWide, Inc.*, No. 20-11558 (KBO) (Bankr. D. Del. Nov. 17, 2020) [Docket No. 1243] (solicitation procedures authorize debtor to grant extension of voting deadline at sole discretion); *In re Akorn, Inc.*, No. 20-11177 (KBO) (Bankr. D. Del. July 2, 2020) [Docket No. 318] (same); In re Achaogen, Inc., No. 19-10844 (BLS) (Bankr. D. Del. April 21, 2020) [Docket No. 654] (same); *In re Cloud Peak Energy, Inc.*, No. 19-11047 (KG) (Bankr. D. Del. Oct. 4, 2019) [Docket No. 685] (same); *In re Yarway Corp.*, No. 13-11025 (BLS) (Bankr. D. Del. Jan. 27, 2015) [Docket No. 756] (same); *In re Leslie Controls, Inc.*, No. 10-12199 (CSS) (Bankr. D. Del. Aug. 19, 2010) [Docket No. 166] (same).

17. Movant argues that the Solicitation Procedures "do not provide the same rebuttable presumption under Rule 3018 for votes submitted after the Voting Deadline even if the Debtors and Plan Proponents permit such votes to be submitted after the Voting Deadline." Motion at ¶ 20. However, Movant's reading of the Solicitation Procedures ignores the fact that the Debtors can extend the voting deadline, with the consent of the Plan Proponents. Movant's reading of the Solicitation Procedures also ignores the fact that Section VI.2.h. requires Prime Clerk to count superseding ballots received before the Voting Deadline or such later date as agreed by the Debtors with the consent of the Plan Proponents. *See id.* at § VI.2.h.

18. It is clear that the Rebuttable Presumption Provision is intended to apply equally to claimants that submit properly completed superseding ballots on or before the Voting Deadline as such deadline may be extended as agreed by the Debtors with the consent of the Plan Proponents. *See United States v. Nee*, 573 F. App'x 37, 39 (2d Cir. 2014) ("When interpreting a particular provision of a [order], 'we are required . . . to read that provision in light of the [order] as a whole.'") (internal citation omitted); *In re Dura Auto. Sys., Inc.*, 379 B.R. 257, 268 (Bankr. D. Del. 2007) ("[R]ead the contract as a whole and consider all parts of the whole and not give undue force to certain words or phrases that would distort or confuse the primary and dominant purpose of the contract.").

**B.    Bankruptcy Rule 3018(a)**

19. The Williams Hart Plaintiffs were not required to file a Bankruptcy Rule 3018 motion in order to change their votes. Their compliance with the Solicitation Procedures creates a rebuttable presumption that they had sufficient cause, within the meaning of Bankruptcy Rule 3018(a), to change their votes to accept the Plan. Yet, Movant argues that the Williams Hart Plaintiffs still had to file a motion under Rule 3018 and get Court approval to change their votes.

20. It is routine and customary for claimants to cast superseding votes in accordance with court-approved solicitation procedures and without seeking separate notice and a hearing. *See In re BBGI US, Inc.*, No. 20- 11785 (CSS) (Bankr. D. Del. March 3, 2021) [Docket No. 1085] (final tabulation excluded ballots that were superseded by later received valid ballots, consistent with solicitation procedures); *In re GNC Holdings, Inc.*, No. 20-11662 (KBO) (Bankr. D. Del. Oct. 8, 2020) [Docket No. 1350] (same); *In re TK Holdings, Inc.*, No. 17-11375 (BLS) (Bankr. D. Del. Feb. 16, 2018) [Docket No. 2100] (same).

21. If Movant took issue with the Rebuttable Presumption Provision of the Solicitation Procedures, it could have objected to that provision. It did not do so. Thus, Movant has waived any arguments with respect to whether a Rule 3018 motion should be required before a claimants changes its vote.

22. However, even if this Court were to decide that Rule 3018 should apply to the Solicitation Procedures, despite the Rebuttable Presumption Provision, Rule 3018 provides that "[f]or cause shown, the court after notice and a hearing may permit a creditor or equity security holder to change or withdraw an acceptance or rejection." "Cause" is not defined in Bankruptcy Rule 3018, and is "left up to the court to determine in the exercise of its discretion." *See In re MPM Silicones, LLC*, No. 14-22503-rdd, 2014 WL 4637175, at *1-2 (Bankr. S.D.N.Y. Sept. 17, 2014). In analyzing Bankruptcy Rule 3018(a), courts have determined that the test for determining whether cause exists is not a difficult one to meet. *See In re Kellogg Square P'ship*, 160 B.R. 332, 334 (Bankr. D. Minn. 1993).

23. If this Court were to retroactively require a separate notice and a hearing pursuant to Rule 3018 in order for the Williams Hart Plaintiffs to change their votes, the Williams Hart Plaintiffs request that the Court provide them with the opportunity to file a motion pursuant to Rule 3018 prior to ruling on the relief sought by Movant in the Motion.

## IV.    CONCLUSION

The Motion, along with Movant's simultaneous efforts to re-open discovery regarding the solicitation process, demonstrate Movant's disappointment with the results of the voting on the Plan. However, such disappointment does not entitle a creditor to disregard the votes of hundreds (or thousands) of other creditors. As described in detail above, the Williams Hart Plaintiffs, the Debtor and the Plan Proponents complied with the express terms of the Solicitation Procedures. Movant has not presented evidence that would warrant this Court disregarding the Superseding Ballot of the Williams Hart Plaintiffs.

For the reasons cited in this Objection, the Motion should be denied. Further, the William Hart Plaintiffs expressly reserve and preserve their rights to supplement this Objection at any time up to and including the hearing to consider the Motion.

Dated: June 15, 2021
      Wilmington, Delaware

                THE ROSNER LAW GROUP LLC

                */s/ Jason A. Gibson*
                Jason A. Gibson (DE 6091)
                824 N. Market Street, Suite 810
                Wilmington, DE 19801
                Telephone:  (302) 777-1111
                gibson@teamrosner.com

                -and-

                ANDREWS MYERS, P.C.
                LISA M. NORMAN (pro hac)
                State Bar No. 24037190
                1885 Saint James Place, 15th Floor
                Houston, Texas 77056
                (713) 850-4200 – Telephone
                lnorman@andrewsmyers.com

                *Special Bankruptcy Counsel*
                *to the Williams Hart Plaintiffs*