

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

Laurie Selber Silverstein  
Chief Judge

824 N. Market Street  
Wilmington, DE 19801  
(302) 252-2900

July 23, 2021

**Via CM/ECF Notification and email**

Marcos A. Ramos  
Richards Layton & Finger PA  
One Rodney Square  
920 North King Street  
Wilmington, DE 19801

Erin R. Fay  
Bayard P.A.  
600 N. King Street  
Suite 400  
Wilmington, DE 19801

Amy C. Quartarolo  
Latham & Watkins LLP  
355 South Grand Avenue  
Los Angeles, CA 90071

William J. Beausoleil  
Hughes Hubbard & Reed LLP One  
Battery Park Plaza  
New York, NY 10004

Patrick A. Jackson  
Drinker Biddle & Reath LLP  
222 Delaware Ave.  
Wilmington, DE 19801

    Re:   *Imerys Talc America, Inc.*, **Case No. 19-10289**  
           <u>**Letter Submissions: Dkt. Nos. 3267, 3268, 3318**</u>

Dear Counsel:

     I have been working on the discovery dispute discussed in the referenced letter submissions and have found that I have questions not addressed in the submissions nor at argument. I understand that we have an omnibus hearing on July 28 at 2:00 p.m. and would like to continue the argument if counsel are available. If counsel are not available on this short notice, we can find a time convenient to all.

Imerys Talc America, Inc.– 19-10289
July 23, 2021
Page 2

So that you can adequately prepare for the continued argument, I offer the following. The documents submitted in chambers by Debtors ("Documents") are accurately described in Debtors' submission as Category 1 and Category 2. The Documents contain counsels' mental impressions and analysis of Debtors' restructuring generally, including, in some instances, discussion of potential alter ego claims against Imerys S.A. as well as a potential contribution by Imerys S.A. in a bankruptcy case.

At this time, I have the following questions.

1. If I were to determine that the Documents are opinion work product and were shared for purposes consistent with the underlying purpose of the work product doctrine (i.e. to prepare for litigation), do Debtors and Imerys S.A. still receive the protection of the work product doctrine if they are "adversaries" with respect to alter ego claims and the Imerys S.A. contribution? How do those two concepts mesh? Or are they one concept?

2. If I were to determine that Debtors and Imerys S.A. are not "adversaries" with respect to Debtors' restructuring, generally, but are "adversaries" with respect to alter ego claims and an Imerys S.A. contribution, can they share documents that reference the restructuring, alter ego claims and an Imerys S.A. contribution and still receive the protection of the work product doctrine with respect to the whole document? Any portion of the document?

3. For purposes of the common interest doctrine, it is not enough to show that a "unified legal interest theoretically existed. Rather, [a party] must also demonstrate that the parties demonstrated cooperation in developing a common legal strategy."[1] Is the opposite true? Can the parties be categorically or theoretically adverse, but be protected by the common interest doctrine if they demonstrate actual cooperation toward a common goal?

4. Similarly, if Debtors and Imerys S.A. are theoretically adversaries (or, "by definition" adverse) with respect to alter ego claims and an Imerys S.A. contribution, but do not consider themselves to be nor position themselves as potential adversaries in navigating the chapter 11 proceedings, do they receive the protection of the work product doctrine?

---

[1] *In re Leslie Controls, Inc.*, 437 B.R. 493, 497 (Bankr. D. Del. 2010); *see also North River Ins. Co. v. Columbia Cas. Co.*, 1995 WL 5792 * 4 (S.D.N.Y. 1995) ("The common thread of these cases is that the determination of whether the common interest doctrine applies cannot be made categorically. . . . What is important is not whether the parties theoretically shared similar interests but rather whether they demonstrate actual cooperation toward a common goal.")

Imerys Talc America, Inc.– 19-10289
July 23, 2021
Page 3

5. If the Documents are not protected by the work product doctrine because of the sharing among Debtors and Imerys S.A. can the Documents be protected under the common interest doctrine? *See Goldenberg v. Indel, Inc.*, 2012 WL 12906333 *5 (D.N.J. 2012) (footnote 5).

6. Is the discussion at section IV F of *In re Teleglobe Communications Corp.*, 493 F.3d 345 (3d Cir. 2007) applicable? Does the context distinguish it sufficiently from this case, or are there lessons to be applied here?

Further, in addition to the cited cases, I am focusing on the following cases (in no particular order): (i) *In re Chevron Corp.*, 633 F.3d 153 (3d Cir. 2011); (ii) *Westinghouse Elec. Corp. v. Rep. of the Philippines*, 951 F.2d 1414 (3d Cir. 1991); (iii) *In re Quigley Co., Inc.*, 2009 WL 9034027 (Bankr. S.D.N.Y. Apr. 24, 2009); and (iv) *In re Tribune Co.*, 2011 WL 386827 (Bankr. D. Del. Feb. 3, 2011).

Finally, in addition to the exhibits to the letter submissions, I have reviewed: (i) the Declaration of Jeffrey E. Bjork and Disclosure Statement of Latham & Watkins LLP Under 11 U.S.C. §§ 327, 329, and 504, Fed. R. Bankr. P. 2014(a) and 2016(b), and Del. Bankr. L.R. 2014-1(a) and 2016-1 ¶¶ 4, 19, 20., Dkt. No. 89-3 and (ii) Mr. Patton's engagement letter, Dkt. 100-4.

Please contact my chambers to inform us whether counsel are available on July 28 or we need to find another day.

Very truly yours,

Laurie Selber Silverstein

LSS/cmb