**UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>IMERYS TALC AMERICA, INC. *et al.*,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-10289 (LSS)<br><br>**Hearing Date: Nov. 15, 2021 at 10:00 a.m. ET**<br><br>**Objections Due: Nov. 8, 2021, 4:00 p.m. ET** |

**CENTURY INSURERS' MOTION FOR ENTRY
OF AN ORDER MANDATING MEDIATION**

Century Indemnity Company, Federal Insurance Company, and Central National Insurance Company of Omaha (collectively, the "Century Insurers") hereby move, pursuant to § 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), and Rules 9019-3 and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of this Court, for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) mandating that Cyprus Mines Corporation, the Tort Claimants Committee in the *Cyprus Mines* Chapter 11 bankruptcy case, the Future Claimants' Representative in the *Cyprus Mines* case, and Cyprus Amax Minerals Company (collectively, the "Cyprus parties") participate, in good faith, in an ongoing mediation before Lawrence W. Pollack, Esq., between the Century Insurers, on the one hand, and the Debtors, TCC, and FCR in this case (collectively, the "Imerys parties") and (b) granting related relief.

In support of this Motion, the Century Insurers respectfully state as follows:

On October 23, 2020, this Court entered its "Order Appointing Mediator" (Dkt. No. 2399) which appointed Lawrence W. Pollack as mediator to conduct a mediation among the Century Insurers and the Imerys parties (collectively, the "Mediation Parties"). Thereafter, Mr.

Pollack conducted two full-day Zoom mediation sessions with the Mediation Parties, on November 19, 2020 and March 16, 2021. In addition to the mediation sessions, the parties submitted to the mediator, and in some cases exchanged with one another, extensive written materials in aid of the mediation. As a result of these activities, and the Mediation Parties' investment of significant time, money, and effort, Mr. Pollack has developed familiarity with the parties, the issues, and the parties' positions on the issues.

The case did not resolve following the March 16, 2021 mediation session. However, the gap between the parties narrowed during the mediation. While the Century Insurers cannot, of course, know with certainty whether the case will settle if the mediation continues before Mr. Pollack, they have great confidence that continuing the mediation before Mr. Pollack provides the best opportunity to quickly and economically reach a settlement.

Cyprus Mines claims entitlement to insurance coverage under the policies issued by the Century Insurers that are at issue in the mediation before Mr. Pollack.[1] Accordingly, the Century Insurers sought a release of all claims that Cyprus Mines might assert under the Century Insurers' policies. Given the Cyprus Settlement, which was reached before the March 16, 2021 mediation session between the Century Insurers and the Imerys parties, the Century Insurers believed their request would not delay the mediation. However, it turns out that it has, unwittingly, done just that.

For reasons unknown to the Century Insurers, one or more of the Cyprus parties are

---

[1]  At the outset of the case, Debtors sued Cyprus to establish that Debtors had exclusive rights to this coverage. *Imerys Talc America, Inc., et al. v. Cyprus Amax Minerals Company and Cyprus Mines Corporation*, Adv. Pro. No. 19-50115 (Bankr. D. Del., filed March 7, 2019). Those parties later mediated before Mr. Pollack and, in December 2020, reached the "Cyprus Settlement," which is incorporated into Debtors' current Plan. *See* Disclosure Statement for Ninth Amended Joint Chapter 11 Plan of Reorganization of Imerys Talc America, Inc. and its Debtor Affiliates (Dkt. No. 2853) at 13-15, 59-61.

unwilling to participate in the mediation before Mr. Pollack. Instead, they apparently are willing to mediate, but only before a different mediator. That would force the Century Insurers, not to mention the Imerys parties, to start over, at significant expense and with additional delay.

To preserve the progress that has been made to date, and to make the mediation process as cost-efficient and economical as possible, the Century Insurers request that the Court order the Cyprus parties to participate in the ongoing mediation before Mr. Pollack. There is no good reason why they should not be required to do so. Compelling the Cyprus parties to take part in the existing mediation will preserve the progress that has been made to date before Mr. Pollack. Requiring the Century Insurers and the Imerys parties to start over before a new mediator, in order to accommodate the Cyprus parties, would result in wasted time and money and further delay. All of the investment made to date in Mr. Pollack, and all of the time and energy spent educating him about the coverage issues pertaining to the Century Insurers, would be lost.

The Cyprus parties may well prefer a different mediator (although, it should be noted, the Cyprus Settlement was achieved in a mediation before Mr. Pollack). That preference should not be allowed to override the significant investment that the Century Insurers and the Imerys parties have already made in their mediation before Mr. Pollack. Although the Cyprus parties did not participate in the previous mediation sessions before Mr. Pollack, it should be plain that their interests are aligned with the interests of the Imerys parties. And while insurance coverage counsel for the Cyprus parties are skilled and knowledgeable, so, too, are the insurance coverage counsel for the Imerys parties. It should not be difficult for the Cyprus parties to join the ongoing mediation, and the progress that has been achieved in that

mediation to date would seem to be progress that the Cyprus parties likely would support to the same degree that the Imerys parties do.

These Chapter 11 cases are at a point where consensual resolutions of ongoing disputes would appear to be in all parties' interests. The Century Insurers believe that the best way to achieve such a resolution in an economical and efficient manner would be to require the Cyprus parties to join the ongoing mediation between the Century Insurers and the Imerys parties, before Mr. Pollack.

The Century Insurers take no position on who might be an appropriate mediator to assist parties other than the Century Insurers in attempting to resolve any disputes they may have in this case.

WHEREFORE, the Century Insurers respectfully request that the Court should enter the attached proposed order, substantially in the form attached hereto, granting the relief requested herein and any further relief the Court may deem just and proper.

DATED: October 26, 2021                Respectfully submitted,

_/s/ Marc S. Casarino_
Marc S. Casarino
WHITE AND WILLIAMS LLP
Courthouse Square
600 N. King Street, Suite 800
Wilmington, Delaware 19801
Phone: (302) 654-0424
E-mail: casarinom@whiteandwilliams.com

Mark D. Plevin (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com

Tacie H. Yoon (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for Century Indemnity Company,
Federal Insurance Company, and Central
National Insurance Company of Omaha

906312995