## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | : | Case No. 19-10289 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: Nov. 15, 2021 at 10:00 a.m. (ET) |
| | : | Objection Deadline: Nov. 8, 2021 at 4:00 p.m. (ET) |
| | : | |

---------------------------------------------------------- x    Re: Docket Nos.: 4291; 4290; 4295; 4292; 4313; 4315

and

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CYPRUS MINES CORPORATION,[2] | : | Case No. 21-10398 (LSS) |
| | : | |
| Debtor. | : | Hearing Date: Nov. 15, 2021 at 10:00 a.m. (ET) |
| | : | Objection Deadline: Nov. 8, 2021 at 4:00 p.m. (ET) |
| | : | |
| | : | Re: Docket Nos.: 593; 595; 603; 605; 609 |
| | : | |

---------------------------------------------------------- x

## IMERYS DEBTORS' AND CYPRUS DEBTOR'S JOINT OMNIBUS RESPONSE TO MOTIONS SEEKING APPOINTMENT OF MEDIATOR AND REFERRAL OF CERTAIN MATTERS TO MEDIATION

The debtors and debtors-in-possession (collectively, the "**Imerys Debtors**") in Case No.

19-10289 (LSS) and jointly administered cases (the "**Imerys Cases**") and the debtor and debtor-

in-possession (the "**Cyprus Debtor**") in Case No. 21-10398 (LSS) (the "**Cyprus Case**") hereby

---

[1]     The Imerys Debtors, along with the last four digits of each Imerys Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748).  The Imerys Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2]     The last four digits of the Cyprus Debtor's taxpayer identification number are 0890. The Cyprus Debtor's address is 333 North Central Avenue, Phoenix, AZ 85004.

file this joint response (the "**Response**") in support of (a) the *Debtors' Motion for Entry of an Order (I) Appointing Mediator, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [Docket No. 4291] (the "**Imerys Motion**") and (b) the *Joint Motion of the Cyprus Debtor and the Cyprus Future Claimants' Representative For Entry of an Order (I) Appointing Mediator, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [Docket No. 4295 and Cyprus Docket No. 593] (together, the "**Cyprus Motions**") filed by the Cyprus Debtor and Roger Frankel, the future claimants' representative appointed in the Cyprus Case (the "**Cyprus FCR**"), in both the Imerys Cases and the Cyprus Case, and joined by the Official Committee of Tort Claimants of Cyprus Mines Corporation (the "**Cyprus TCC**") [Docket No. 4313; Cyprus Docket No. 605]; and in response to:

(a) *Moving Insurers' Motion For Entry of an Order (I) Appointing a Mediator, (II) Referring Certain Matters to Mandatory Mediation, and (III) Granting Related Relief* [Docket No. 4290; Cyprus Docket No. 603][3] filed by Columbia Casualty Company, Continental Casualty Company, the Continental Insurance Company, as successor in interest to certain insurance policies issued by Harbor Insurance Company, Stonewall Insurance Company (now known as Berkshire Hathaway Specialty Insurance Company), National Union Fire Insurance Company of Pittsburgh PA and Lexington Insurance Company (collectively, the "**Cyprus Historical Excess Insurers**") in the Imerys Cases and the Cyprus Case (together, the "**Cyprus Historical Excess Insurers Motions**");[4] and

(b) *Century Insurers' Motion for Entry of an Order Mandating Mediation* [Docket No. 4292; Cyprus Docket No. 595] filed by Century Indemnity Company, Federal Insurance Company, and Central National Insurance Company of Omaha (collectively, the "**Century Insurers**") in the Imerys Cases and the Cyprus Case (collectively, with the Imerys Motion, the Cyprus Historical Excess Insurers Motions and the Cyprus Motions, the "**Mediation Motions**").

In support of this Response, the Imerys Debtors and the Cyprus Debtor, by and through their undersigned counsel, respectfully represent as follows:

---

[3]    References to docket entries in the Cyprus Case are referred to in this Response as "[Cyprus Docket No. _____]."

[4]    TIG Insurance Company ("**TIG**") filed joinders [Docket No. 4315; Cyprus Docket No. 609] in the Cyprus Historical Excess Insurers Motions.  However, it is unclear what relief TIG seeks as it is not defined as a mediation party in any of the Mediation Motions and does not appear to seek to be included in the mediation in its joinder.

1.     While not aligned in all respects, each of the Mediation Motions express the desire of the moving parties (collectively, the "**Movants**"), including the Imerys Debtors, the Cyprus Debtor, the Cyprus FCR, the Cyprus TCC,[5] the Cyprus Historical Excess Insurers and the Century Insurers, to engage in a mediation process in an effort to resolve disputes over the obligations of the Cyprus Historical Excess Insurers and the Century Insurers (each of which issued insurance policies to the Cyprus Debtor and/or its past or present affiliates) to the Imerys Debtors and/or the Cyprus Debtor.  In addition, the Imerys Debtors, the Cyprus Debtor, the Cyprus FCR, the Cyprus TCC and the remaining Mediation Parties[6] (consisting of the Tort Claimants' Committee (the "**Imerys TCC**") and the future claimants' representative (the "**Imerys FCR**") appointed in the Imerys Cases, and CAMC) support mediation amongst themselves regarding certain additional matters relating to the Cyprus Settlement.[7]  Thus, there do not appear to be any remaining disputes regarding the scope of the mediation with respect to each applicable Mediation Party (the "**Mediation Issues**") or the identity of the parties that should participate in the mediation.

2.     Where the Movants diverge in the Mediation Motions is in the identity of the proposed mediator to oversee the mediation of each of the Mediation Issues.  In the Imerys Motion

---

[5]     The Imerys Debtors' position is that the proceeds of the Cyprus insurance policies are property of the Imerys Debtors' estates.  While the Cyprus Debtor has disputed this position, pursuant to the Cyprus Settlement, the Cyprus Debtor agreed to contribute its interest in relevant insurance policies to the Talc Personal Injury Trust proposed to be created pursuant to the Imerys Debtors' Plan.  However, the Cyprus Settlement Agreement is subject to certain conditions precedent.  If such conditions are not met, the Cyprus Settlement Agreement will not be approved.  Thus, the Imerys Debtors and the Cyprus Debtor believe it would be prudent to include the Cyprus parties, including the Cyprus Debtor, the Cyprus TCC and the Cyprus FCR, in the insurance aspects of the mediation.  The Century Insurers and the Cyprus Historical Excess Insurers appear to agree as they filed Mediation Motions in both the Imerys Cases and the Cyprus Case.

[6]     The Mediation Parties include: (a) the Imerys Debtors; (b) the Imerys TCC; (c) the Imerys FCR; (d) the Cyprus Debtor; (e) CAMC; (f) the Cyprus TCC; (g) the Cyprus FCR; (h) the Century Insurers; and (i) the Cyprus Historical Excess Insurers.

[7]     Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

US-DOCS\127496123.4

and the Cyprus Motions, the movants, joined by the Cyprus TCC, sought the appointment of Kenneth R. Feinberg, Esq. with respect to all Mediation Issues. The Century Insurers have proposed that mediation with respect to their insurance coverage disputes should continue instead with Lawrence W. Pollack, Esq.[8] and the Cyprus Historical Excess Insurers have proposed mediator Jonathan Marks with respect to their insurance disputes.

3.    After reviewing each of the Mediation Motions and following discussions with many of the Movants, in an effort to resolve the logjam, the Imerys Debtors and the Cyprus Debtor suggest the following path forward:

- Mr. Feinberg shall participate in the mediation with respect to each of the Mediation Issues. Mr. Feinberg's fee shall be as follows: (1) a flat monthly fee of up to $125,000 for custodian work and work associated with the exchange of information; (2) a flat monthly fee of $250,000 for work associated with mediation with the Cyprus Historical Excess Insurers and the Century Insurers, and (3) a flat monthly fee of $300,000 for work associated with disputes with respect to the Cyprus Settlement (collectively, the "**Feinberg Mediation Fee**"). Any additional mediation fees with respect to Mr. Feinberg's work will be subject to further approval of the Court. The Feinberg Mediation Fee shall be paid as follows: 50% by the Imerys Debtors and 50% by the Cyprus Debtor.

---

[8]    On October 23, 2020, the Court entered the *Order Appointing Mediator* [Docket No. 2399] authorizing and appointing Mr. Pollack to serve as mediator and to conduct non-binding mediation with the Imerys Debtors, the Imerys TCC, the Imerys FCR and the Century Insurers with respect to disputes over certain insurance obligations allegedly owed by the Century Insurers to the Imerys Debtors. Mediation sessions with respect to the Century Insurers were held on November 19, 2020 and March 16, 2021. Ultimately, no resolution was reached in part because of the intervening bankruptcy filing of the Cyprus Debtor.

US-DOCS\127496123.4

- Given Mr. Pollack's extensive involvement in prior mediation sessions between the Imerys parties and the Century Insurers (as well as with other insurers), the mediation with respect to the Century Insurers and the Cyprus Historical Excess Insures shall proceed jointly with Mr. Pollack and include the Imerys Debtors, the Imerys TCC, the Imerys FCR, the Cyprus Debtor, the Cyprus FCR, the Cyprus TCC and the Century Insurers or the Cyprus Historical Excess Insurers, as applicable.

- Because Mr. Pollack was also instrumental in assisting the Cyprus Debtor, CAMC, the Imerys Debtors, the Imerys TCC and the Imerys FCR in reaching the Cyprus Settlement in the first instance, Mr. Pollack will also assist Mr. Feinberg, as appropriate, in mediating disputes with respect to the Cyprus Settlement and related issues.

- Mr. Pollack's fees shall not exceed $300,000 in the aggregate.  Mr. Pollack's rate shall be as follows: (i) through December 31, 2021, Mr. Pollack shall be paid at a daily rate of $12,000 or an hourly rate of $950; and (ii) effective January 1, 2022, Mr. Pollack shall be paid at a daily rate of $14,000 or an hourly rate of $1,000, as applicable (the "**Pollack Mediation Fee**").  The Pollack Mediation Fee shall be paid as follows: 50% by the Imerys Debtors and 50% by the Cyprus Debtor.  Any additional mediation fees with respect to Mr. Pollack's work will be subject to further approval of the Court.

- Messrs. Feinberg and Pollack are amenable to the forgoing arrangement and will work cooperatively together and with the Mediation Parties to implement an appropriate mediation structure.

5

• The term of the mediation process shall expire on February 28, 2022, which may be extended by order of the Court.

4. The Imerys Debtors and the Cyprus Debtor believe that the assistance of both mediators best positions them to reach a consensual resolution with respect to each of the Mediation Issues and to avoid costly, time-intensive and protracted litigation. The forgoing proposal maximizes efficiencies while ensuring that the Mediation Parties will benefit from the retention of two skilled mediators with differing expertise and experience. In addition, Mr. Pollack's experience with mediating other disputes in the Imerys Cases will greatly benefit the mediation process with relatively minimal incremental costs. The Imerys Debtors and the Cyprus Debtor believe that Mr. Pollack's skills and experience will complement Mr. Feinberg's to ensure a more efficient insurance mediation and to permit a critical review of the Cyprus Settlement from the perspective of the Cyprus TCC and Cyprus FCR, which did not have the opportunity to participate in Cyprus Settlement negotiations because they were not appointed in the Cyprus Case until several months later. In addition, the Imerys Debtors and Cyprus Debtor have agreed to cover the cost of the mediation so neither the Century Insurers or the Cyprus Historical Excess Insurers will incur any mediator expenses in connection with the proposed mediation process.

5. The forgoing proposal is memorialized in the revised proposed order attached hereto as **Exhibit A** (the "**Revised Proposed Order**"). Attached as **Exhibit B** is a redline of the Revised Proposed Order against the proposed order that was attached to the Imerys Motion as Exhibit A and attached as **Exhibit C** is a redline of the Revised Proposed Order against the proposed order that was attached to the Cyprus Motions as Exhibit A.

6

**WHEREFORE**, the Imerys Debtors and the Cyprus Debtor respectfully request that the

Court enter the Revised Proposed Order and grant such other and further relief as may be just and

proper.

Dated: November 8, 2021
      Wilmington, Delaware

*/s/ Amanda R. Steele*                                          /s/ Kurt F. Gwynne            

**RICHARDS, LAYTON & FINGER, P.A.**         **REED SMITH LLP**
Mark D. Collins (No. 2981)                          Kurt F. Gwynne (No. 3951)
Michael J. Merchant (No. 3854)                   Jason D. Angelo (No. 6009)
Amanda R. Steele (No. 5530)                     1201 North Market Street, Suite 1500
One Rodney Square                                   Wilmington, DE 19801
920 N. King Street                                     Telephone:  (302) 778-7500
Wilmington, Delaware 19801                   Facsimile:  (302) 778-7575
Telephone:    (302) 651-7700              E-mail:  kgwynne@reedsmith.com
Facsimile:    (302) 651-7701              E-mail:  jangelo@reedsmith.com
Email:          collins@rlf.com
                   merchant@rlf.com             -and-
                   steele@rlf.com

                                            Paul M. Singer (admitted pro hac vice)
- and -                                        Luke A. Sizemore (admitted pro hac vice)
                                            Reed Smith Centre
Jeffrey E. Bjork (*pro hac vice*)                 225 Fifth Avenue, Suite 1200
Kimberly A. Posin (*pro hac vice*)             Pittsburgh, PA 15222
Helena G. Tseregounis (*pro hac vice*)       Telephone:  (412) 288-3131
**LATHAM & WATKINS LLP**               Facsimile:  (412) 288-3063
355 South Grand Avenue, Suite 100          E-mail:  psinger@reedsmith.com
Los Angeles, California 90071               E-mail:  lsizemore@reedsmith.com
Telephone:    (213) 485-1234
Facsimile:    (213) 891-8763            *Counsel to Cyprus Mines Corporation, as*
Email:          jeff.bjork@lw.com         *Debtor and Debtor-in-Possession*
                   kim.posin@lw.com
                   helena.tseregounis@lw.com

- and -

Richard A. Levy (*pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:     (312) 876-7700
Facsimile:      (312) 993-9767
Email:           richard.levy@lw.com

*Counsel to the Imerys Debtors and Debtors-in-Possession*