# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: November 15, 2021 at 10:00 a.m. (ET) |
| | Docket Nos. 4291; 4290; 4295; 4292; 4313; 4315; 4331; 4332 |

### DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) APPOINTING MEDIATOR, (II) REFERRING CERTAIN MATTERS TO MEDIATION, AND (III) GRANTING RELATED RELIEF

The above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in these chapter 11 cases (the "**Imerys Cases**") hereby file this reply (the "**Reply**") in support of the *Debtors' Motion for Entry of an Order (I) Appointing Mediator, (II) Referring Certain Matters to Mediation, and (III) Granting Related Relief* [Docket No. 4291] (the "**Motion**") and in response to *Johnson & Johnson and LTL Management LLC's Omnibus Limited Objection to the Motions Referring Certain Matters to Mediation* [Docket No. 4331] (the "**J&J Limited Objection**"). In support of this Reply, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

1. In the J&J Limited Objection, Johnson & Johnson and LTL Management LLC (together, "**J&J**")[2] seek to categorically prevent mediation privilege from attaching to broad

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Although footnote 8 in the J&J Limited Objection is in no way relevant to the relief sought in the Motion or J&J's objection, for the avoidance of doubt, the Debtors dispute that the automatic stay applies to Johnson & Johnson, and reserve all rights, claims, and defenses in connection therewith.

categories of documents and to deem such documents "subject to discovery" even before any discovery requests are served.

2.  As an initial matter, J&J does not provide any legal basis for inclusion of language in the Debtors' mediation order precluding the assertion or application of the mediation privilege solely because documents exchanged in the mediation may involve matters that relate to the Trust Distribution Procedures (the "**TDP**"), refer to J&J, or may "impact the rights, defenses or obligations of any non-mediating party."[3]  J&J can point to no support for an argument that the topic of a particular document or the reference to a particular entity within such document is controlling as to whether the mediation privilege should attach.  Indeed, J&J's request is broad enough to potentially include mediation statements and other documents and information that may be requested by, or exchanged or discussed directly with, the Mediators.[4]

3.  There is also no support for J&J's apparent position that every document that mentions or refers to the TDP[5] or J&J is automatically relevant to a plan confirmation process and responsive to any future discovery requests that may be served by J&J or other parties with respect

---

[3]  This request is particularly vague and concerning.  Given the positions J&J and others have taken to date in the Imerys Cases, the Debtors expect such parties will argue for a broad interpretation of information that may be deemed to "impact" the rights, defenses or obligations of J&J or *any* other non-mediating party.

[4]  Capitalized terms not otherwise defined herein shall have the definition ascribed to such terms in the Motion or the *Imerys Debtors' and Cyprus Debtor's Joint Omnibus Response to Motions Seeking Appointment of Mediator and Referral of Certain Matters to Mediation* [Docket No. 4332] (the "**Response**"), as applicable.

[5]  J&J's assertion that the Plan Proponents have sought "to bind J&J to the TDP claims values and eligibility criteria" is not only irrelevant to the Motion, but entirely incorrect.  The Debtors have never argued that J&J will be bound by the claim values embodied in the TDP.  To the contrary, they have consistently taken the position that the neutrality provisions in the Plan mean that J&J is not bound by those values and explicitly preserves all relevant defenses.  In any event, neutrality is not being litigated now and will be discussed and considered by the Court in the context of the plan confirmation process.  J&J cannot ask this Court to prejudge the sufficiency of the neutrality provisions in the Plan when those issues are not currently before the Court.

to some as yet to be filed plan of reorganization. The Debtors don't dispute that clarity is beneficial to all parties, but carving out broad categories of documents from the mediation privilege without context or rationale is an overreach. It would also provide clarity to simply state that no documents are subject to the mediation privilege at all, but that would be equally absurd and equally at odds with Local Rules designed to protect the ability of mediation parties to engage in frank and candid conversations.[6] Artificially and prematurely restricting assertions of the mediation privilege will serve to curb such frank discussions, making a mediated resolution less likely to be achieved to the detriment of the Debtors' estates and creditors. The Debtors seek to continue their efforts to resolve open issues in an effort to clear the path for a consensual (or at least less contested) plan confirmation process, and J&J should not be permitted to interfere with that process by asking the Court to predetermine that communications about J&J or other identified issues are discoverable.[7]

4.   Whether the mediation privilege protects any documents from discovery should be decided after discovery is propounded and assertions of privilege are made as to discrete categories of documents. If and when specific discovery disputes arise, they can be presented to the Court for resolution. Those disputes would then be adjudicated, not in a vacuum, but in accordance with the Local Rules, applicable case law, and any relevant orders or prior rulings from

---

[6]   J&J notes that "the promotion of frank discussion is not a legitimate basis for denying discovery regarding issues addressed during the mediation that directly impact non-mediating parties," but there are no such discovery requests outstanding or at issue making it impossible for this Court to judge whether any party is purportedly using such rationale as "a basis to abuse the mediation privilege."

[7]   J&J's attempt to rely on Federal Rule of Evidence 408 to support its arguments is equally misplaced as such rule speaks only to the admissibility of documents and information.

this Court.[8]  There is nothing in the record or in the J&J Limited Objection to suggest the parties are not perfectly capable of addressing discovery disputes that may arise in the future consensually, or bringing any unresolved disputes to the Court's attention at the appropriate time.

5.   J&J's argument that the Court has discretion to "adjust its application of any Local Rule to accommodate the circumstances of a particular case" is unavailing.  J&J has identified no circumstances here that would support imposing a blanket exception to application of Local Rules simply because a given party to the case wants access to any document that it might find interesting or relevant to its own interests.[9]

6.   Any reliance by J&J on this Court's recent ruling in *In re Boy Scouts of America*, Case No. 20-10343 (LSS), is misplaced.  In that case, the mediation at issue was far more broad reaching and included virtually all participants in the debtors' bankruptcy proceeding.  Here, the proposed mediations are limited to clearly identified parties and discrete issues, including the mediation of (1) insurance coverage issues with respect to the Cyprus Historical Excess Insurers and separately with the Century Insurers, the latter of which have already participated in two days of mediation with Larry Pollack pursuant to orders entered by this Court that are substantially the

---

[8]   Even aside from the mediation privilege, communications regarding the maximization of assets, including as related to J&J and its indemnification obligations owed to the Debtors, may be covered by one or more separate privileges or protections.  *See, e.g.,* Docket No. 3004 at 11-12.  J&J's revisions to the mediation order seek to have this Court now decide – without any discovery disputes presently before it – that any mediation communications that "mention J&J or impact J&J's right, defenses or obligations" are "subject to discovery."  That is not only premature and unnecessary, but in direct conflict with the prior discovery rulings by this Court.

[9]   J&J has asserted that LTL intends to "utilize the mediation process to resolve all talc liability claims against J&J."  It remains to be seen whether J&J will voluntarily and categorically exclude from its mediation privilege in the context of any such mediation all documents and communications that relate or refer to its plan, trust distribution procedures, related negotiations and any documents that refer to or may affect the rights of any party to those proceedings, including the Debtors and their affiliates.  Given the many instances in which J&J has changed course and taken diametrically opposed positions in the Imerys Cases and thus far in the LTL bankruptcy case, it likely will not so volunteer.

same as the proposed mediation order filed by the Debtors as an exhibit to the Response (the "**Revised Proposed Order**"); and (2) issues with respect to the Cyprus settlement and related matters, which were also previously mediated with Larry Pollack under a substantially similar order (without issue) and is only being revisited because the Cyprus TCC and Cyprus FCR were not able to participate in the prior mediation.

7.  For all of the forgoing reasons, J&J's requested modifications to the Revised Proposed Order are unnecessary, untenable, improper and overreaching. The parties are well-aware of this Court's prior rulings in this case and others, and are fully capable of addressing discovery issues as they arise, including with respect to the appropriate scope of any mediation privilege. The Debtors offered to discuss with J&J language that could be added to the Revised Proposed Order to address any legitimate concerns they may have, but J&J was not available prior to the time for filing this reply. As the Debtors will communicate to J&J, the Debtors would be amenable to including in the proposed order a general reservation of rights with respect to any party's ability to assert that any particular document does not fall within the scope of the mediation privilege (or any other privilege) as follows: "All parties to the Mediation and other parties-in-interest in the Imerys Cases and the Cyprus Case reserve all rights with respect to the discoverability of information and documents exchanged in connection with the Mediation."

## CONCLUSION

8.  For the reasons stated herein, in the Motion and in the Omnibus Response, the Debtors respectfully request that the Court enter the Revised Proposed Order.

| | |
|---|---|
| Dated: November 10, 2021<br>       Wilmington, Delaware | */s/ Amanda R. Steele* |

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
One Rodney Square
920 North King Street
Wilmington, DE  19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701
E-mail:  collins@rlf.com
         merchant@rlf.com
         steele@rlf.com

- and -

**LATHAM & WATKINS LLP**

Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Helena G. Tseregounis (admitted *pro hac vice*)
355 South Grand Avenue, Suite 100
Los Angeles, California 90071-1560
Telephone:  (213) 485-1234
Facsimile:  (213) 891-8763
E-mail:  jeff.bjork@lw.com
         kim.posin@lw.com
         helena.tseregounis@lw.com

- and -

Richard A. Levy (admitted *pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  richard.levy@lw.com

*Counsel for Debtors and Debtors-in-Possession*

US-DOCS\127735330.2