## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** | Chapter 11 |
| **IMERYS TALC AMERICA, INC.**, *et al.*[1] | Case No. 19–10289 (LSS) |
| **Debtors.** | Jointly Administered |
| | **Ref. D.I. 4865** |

## STATEMENT OF JOHNSON & JOHNSON AND LTL MANAGEMENT LLC REGARDING MOTION (I) CONFIRMING AUTOMATIC STAY AND PRELIMINARY INJUNCTION DO NOT APPLY TO PUTATIVE CLASS ACTION, OR, IN THE ALTERNATIVE, (II) GRANTING RELIEF FROM THE AUTOMATIC STAY

Johnson & Johnson ("**J&J**") and LTL Management LLC ("**LTL**") hereby file this statement in connection with the *Motion by Non-Party Movants Daniel Edley and Roger Edley for an Order (I) Confirming that the Automatic Stay and Preliminary Injunction Do Not Apply to a Putative Class Action Against Johnson and Johnson and Other Nondebtor Defendants, or, in the Alternative, (II) Granting Relief From the Automatic Stay to Allow the Putative Class Action to Proceed* [D.I. 4865] (the "**Motion**") filed by Cohen, Placitella & Roth, P.C. ("**Cohen Placitella**") on behalf of David Edley and Roger Edley.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050), and Imerys Talc Canada Inc. (6748) (the "**Imerys Debtors**").  The Imerys Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

**STATEMENT**

1.        J&J/LTL agree with the Imerys Debtors' position that the Class Action (as defined below) is subject to the automatic stay in effect in the Imerys Debtors' chapter 11 cases.[2] They submit this statement to provide further information to aid the Court in resolving the Motion.

2.        Both the Motion and Class Action Complaint (as defined below) are replete with baseless legal theories, false factual allegations, and junk science.  This is merely another example of a plaintiffs' lawyer, stymied in bringing cosmetic talc lawsuits against J&J/LTL due to the filing of the LTL chapter 11 case in October 2021, [3]  looking for creative ways to continue to pursue claims against J&J.  Indeed, most of the purported evidence supporting the Class Action, including the exhibits attached to the Class Action Complaint, is the same evidence the plaintiffs' lawyers have submitted in the stayed cosmetic talc cases against both LTL and the Imerys Debtors. Further, the claims would fail on the merits whether brought by Cohen Placitella, the Imerys Debtors, or any other party, and J&J will seek dismissal of the claims and denial of class certification if the action is not stayed.  But the merits of the Class Action are not before the Court at this time.  Instead, this contested matter relates solely to the automatic stay.

3.        The Motion ostensibly is asserted on behalf of a putative class of plaintiffs who decades ago settled asbestos personal injury claims arising from their alleged exposure to industrial talc mined, milled, and manufactured by Windsor Minerals, Inc., which was a J&J subsidiary prior to 1989 and is now Debtor Imerys Talc Vermont, Inc., ("**Windsor/Imerys**" or "**Imerys Vermont**").[4]

---

[2]      J&J/LTL do not necessarily agree with all statements in the objection and reserve all rights with respect to the merits of any claims asserted in the Class Action or in any claim against J&J/LTL by any party relating to the subject matter of the Class Action Complaint.

[3]      *In re LTL Management LLC,* Case No. 21-30589 (Bankr. D.N.J.) (the "**LTL Chapter 11 Case**").

[4]      Motion at pp. 1-3.

4.      The Motion seeks a "comfort order" from the Court declaring the automatic stay does not apply to the putative class action (the "**Class Action**") Cohen Placitella already filed against J&J and other nondebtor John/Jane Doe defendants, which asserts claims of fraud, fraudulent concealment, and fraud upon the courts in connection with the claimants' industrial talc claims against Windsor/Imerys when J&J controlled it.  Alternatively, the Motion asks the Court to lift the automatic stay to allow the Class Action to proceed.

5.      Cohen Placitella filed its Class Action complaint, attached as Exhibit A to the Motion (the "**Class Action Complaint**"), in the Superior Court of New Jersey on May 9, 2022, before seeking relief from this Court in the Motion.  The Class Action Complaint asserts claims based primarily on alleged misrepresentations by officers and directors of, or individuals involved in key decision making at, Imerys Vermont, particularly the former President of Imerys Vermont, Roger Miller.[5]  For the reasons set forth in the Imerys Debtors' objection to the Motion, the automatic stay applies to such claims.  *See In re Linear Elec. Co., Inc.*, 852 F.3d 313, 317 (3d Cir. 2017) (the automatic stay is intended to be interpreted and applied "broadly").  Thus, Cohen Placitella has violated the automatic stay.

6.      Moreover, Cohen Placitella filed the Class Action Complaint with full knowledge of the Imerys Debtors' position (and, as explained below, a bankruptcy judge's concerns) that the Class Action filing would violate the Imerys Vermont automatic stay.

---

[5]      The fraud and fraudulent concealment alleged in the Class Action Complaint arise from exposure to industrial talc that was "mined, milled and manufactured before January 6, 1989, by J&J's then wholly owned subsidiary, Windsor Materials, Inc. [i.e., Windsor/Imerys]."  Motion at 2.  In fact, it is not disputed that the only entity alleged to have mined and sold the industrial talc referenced in the Class Action Complaint is Windsor/Imerys, which is Debtor Imerys Vermont.  The most prominent allegedly misleading statements on which the Motion and Class Action Complaint rely are those of the President of Windsor/Imerys, Roger Miller.  The supposedly new evidence supporting the filing of the Class Action lawsuit (more than 30 years after the underlying settlements were finalized) was testimony from a 2019 deposition where a J&J witness allegedly "admitted" that an affidavit from the Windsor/Imerys President relating to asbestos in Windsor/Imerys talc "was false."  Motion at p. 8, Class Action Complaint at p. 2.

WEIL:\98693206\14\54966.0222

Therefore, the stay violation was willful.  *See Montgomery Ward, LLC v. Wiseknit Factory, Ltd. (In re Montgomery Ward, LLC)*, 292 B.R. 49, 57 (Bankr. D. Del. 2003) ("A willful violation occurs where the defendant (1) knows about the automatic stay, and (2) the defendant's actions that violate the stay are intentional." (citing *Cuffee v. Atl. Bus. & Cmty. Dev. Corp. (In re Atl. Bus & Cmty. Dev. Corp.*), 901 F.2d 325, 329 (3d Cir. 1990)).

7.    Cohen Placitella, which is also counsel to a member of the Imerys Tort Claimants' Committee, is no novice when it comes to the automatic stay.  To the contrary, on March 14, 2022, Cohen Placitella filed a motion in the in the LTL Chapter 11 Case before the Bankruptcy Court for the District of New Jersey (the "**New Jersey Bankruptcy Court**"), seeking an order confirming that the LTL automatic stay and preliminary injunction do not apply to the Class Action[6] -- the same relief it now requests in the Motion as to Imerys Vermont.  It attached to its motion a draft Class Action Complaint substantially similar to the version ultimately filed.

8.    On April 5, 2022, the Imerys Debtors filed a ten-page limited objection to the LTL motion[7] stating that the filing of the Class Action complaint would violate the Imerys Vermont automatic stay:

> [T]the filing of the Complaint by Movants – which directly implicates Windsor/Imerys Talc Vermont talc and attributes allegedly fraudulent statements to Windsor/Imerys Talc Vermont – would constitute a direct action against Imerys Talc Vermont and an action to recover a claim against Imerys Talc Vermont in violation of the automatic stay imposed in the Imerys Chapter 11 Cases.[8]
>
> \*        \*        \*
>
> [C]laims against J&J arising from the facts alleged in the Complaint – *i.e.*, tainted talc from Windsor/Imerys Talc Vermont and misrepresentations

---

[6]    LTL Chapter 11 Case [D.I. 1722].

[7]    LTL Chapter 11 Case [D.I. 1973] ("**Imerys Objection**").  LTL also filed an objection making similar points. [D.I. 1975].

[8]    Imerys Objection ¶ 9.

WEIL:\98693206\14\54966.0222

made by Windsor/Imerys Talc Vermont directors and officers – may give rise to alter ego claims against J&J (or similar derivative theories of liability) on the part of Windsor/Imerys Talc Vermont . . . The alter ego claims against J&J existed as of the commencement of the Imerys Chapter 11 Cases, are property of the Windsor/Imerys Talc Vermont estate, and can only be brought by the Imerys Debtors for the benefit of their estates. Any attempt by the Movants to pursue these causes of action is an attempt to 'exercise control over property of the estate' in violation of the automatic stay under section 362(a)(3) of the Bankruptcy Code.[9]

9.    Similarly, at the hearing on the motion before the New Jersey Bankruptcy Court on April 12, 2022, counsel for the Imerys Debtors made explicit statements on the record that the Class Action implicating Windsor/Imerys talc and statements by Windsor/Imerys's former officers and directors would violate the Imerys Vermont automatic stay even though Windsor/Imerys is not named as a defendant.[10] While Judge Kaplan of the New Jersey Bankruptcy Court granted Cohen Placitella's motion with respect to the LTL automatic stay and preliminary injunction,[11] as relates to the Imerys stay issue, Judge Kaplan stated that he had "concerns and reservations" that the Class Action would violate the automatic stay in the Imerys Vermont chapter 11 case, but expressly left this issue for this Court to decide.[12]

10.    Notwithstanding the Imerys Debtors' unambiguous position and the New Jersey court's expressed concern that filing the Class Action may violate the Imerys Debtors' stay,

---

[9]    Imerys Objection ¶¶ 9-10.

[10]    For example:  "To the extent the movants argue that J&J was the alter ego of ITV prior to 1989, such that statements made by ITV can be attributed to J&J, any such alter ego claims belong to the Imerys debtors' estates. Likewise, to the extent the movants are attempting instead to argue that their claims against ITV should be indemnified by J&J pursuant to J&J's indemnification obligations to the Imerys debtors, those claims likewise belong to the Imerys debtors' estates." LTL Chapter 11 Case [D.I. 2211] at 83.

[11]    *Id.* at 90; *Order Granting Relief from Automatic Stay to Allow a Class Action against Johnson and Johnson to Proceed.* LTL Chapter 11 Case [D.I. 2092].

[12]    "But let me be clear what the Court is not ruling upon, whether or not the punitive [*sic*] class action would violate the automatic stay in the Imerys talc bankruptcy. . . [T]he Court has concerns and reservations as to whether it does, but my ruling on that would not be binding on Judge Silverstein or the Delaware court unless it would be simply advisory, and I have enough problem with giving my rulings that aren't advisory[.]" LTL Chapter 11 Case, April 12, 2022 Hearing Transcript [D.I. 2211] at 90.

WEIL:\98693206\14\54966.0222

Cohen Placitella chose to file the Class Action Complaint in the Superior Court of New Jersey rather than seek relief from this Court similar to the relief Cohen Placitella sought in *LTL*. Only after Imerys Vermont filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings in the Class Action on June 7, 2022 did Cohen Placitella file the Motion in this Court. The Motion states that before Imerys Vermont filed that notice, Cohen Placitella saw "no apparent need" to seek relief from this Court in spite of the fact that it was already aware of the Imerys Debtors' chapter 11 cases.[13]

11.    J&J/LTL also agree with the Imerys Debtors that the stay should not be lifted. Given that the settlements at issue took place more than thirty years ago, any prejudice to the putative plaintiffs of the stay continuing to apply is no greater what the tens of thousands of other claimants of Imerys Vermont are subject to – waiting for a chapter 11 plan to be confirmed to pursue their claims. Moreover, the Imerys Debtors, LTL, J&J, and the talc claimants' representatives should have the opportunity to attempt to address the claims as part of a global settlement in connection with one or both of the pending chapter 11 cases, which would obviate the need for any parties to spend money on litigating the claims in the tort system.

12.    Finally, the Court should not reward Cohen Placitella's intentional disregard of the automatic stay, "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l. Bank v. N.J. Dep't of Env't. Prot.*, 474 U.S. 494, 503 (1986) (citation omitted). In light of the uncertainty as to whether the stay applied, Cohen Placitella should have sought this Court's permission before commencing the Class Action, as it did with the New Jersey Bankruptcy Court. Other bankruptcy courts have harshly chastised parties that decided to take action that entailed at least some "legal uncertainty" as to whether the action may

---

[13]    Motion p. 2, fn 3.

WEIL:\98693206\14\54966.0222

violate the automatic stay (with knowledge the debtor would view the action as a stay violation), and to seek comfort from the bankruptcy court that the controversial action was not a stay violation only after the fact. *See, e.g., Bank of America, N.A. v. Lehman Bros. Holdings Inc.* (*In re Lehman Bros. Holding Inc.*), 439, B.R. 811, 836-37 (Bankr. S.D.N.Y. 2010) ("This background makes it even more astonishing that [the creditor] would make the premeditated tactical decision to deliberately seize the collateral without first moving the Court for stay relief. Given the importance of the automatic stay and the adverse consequences for knowingly violating it, that is a decision not lightly made. Nonetheless, [the creditor] brazenly elected to violate the stay with apparent disregard for the consequences of its actions, seeking comfort after the fact by commencing an adversary proceeding. . . . It is difficult to understand how [the creditor] could have thought that taking the money was the right thing to do without first seeking permission from the Court. . . . . [T]he actions taken were surprising and, quite frankly, disappointing. . .").

13.      Because of Cohen Placitella's actions, it comes to this Court with unclean hands, a fact this Court should consider in making its decision on this issue.[14]

---

[14]   *See Karpenko v. Leendertz*, 619 F.3d 259, 267 (3d Cir. 2010) ("[T]he equitable doctrine of unclean hands is not a matter of defense to the defendant. Rather, in applying it[,] courts are concerned primarily with their own integrity, and with avoiding becoming the abettor of iniquity.") (citation omitted) (alteration in original); *see also Monsanto Co. v. Rohm & Haas Co.,* 456 F.2d 592, 598 (3d Cir. 1972) ("For if an equity court properly uses the maxim to withhold its assistance in such a case it not only prevents a wrongdoer from enjoying the fruits of his transgression but averts an injury to the public.").

WEIL:\98693206\14\54966.0222

Dated:   July 6, 2022
         Wilmington, Delaware

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Patrick A. Jackson*
Patrick A. Jackson (Del Bar No. 4976)
222 Delaware Ave., Ste. 1410
Wilmington, Delaware 19801-1621
Telephone:  (302) 467-4200
Facsimile:  (302) 467-4201
Patrick.Jackson@faegredrinker.com

-and-

**WEIL, GOTSHAL & MANGES LLP**

Diane P. Sullivan *(pro hac vice)*
Gary Holtzer *(pro hac vice)*
Ronit J. Berkovich *(pro hac vice)*
Theodore E. Tsekerides *(pro hac vice)*
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007

*Attorneys for Johnson & Johnson and
LTL Management LLC*