# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| IMERYS TALC AMERICA, INC., *et al.*,[1] | Case No. 19-10289 (LSS) |
| Debtors. | Jointly Administered |
| | Ref. Docket No. 6376 |

**DECLARATION OF THE IMERYS FCR IN
SUPPORT OF THE JOINT MOTION OF THE IMERYS DEBTORS AND THE
CYPRUS DEBTOR FOR AN ORDER (I) APPROVING THE SETTLEMENT
AGREEMENT BETWEEN THE IMERYS DEBTORS, THE CYPRUS DEBTOR,
JOHNSON & JOHNSON, AND THE OTHER PARTIES THERETO, AND
<u>(II) APPROVING THE SALE OF CERTAIN RIGHTS</u>**

I, James L. Patton, Jr. (the "<u>Imerys FCR</u>"), the legal representative appointed in the above-captioned jointly administered cases of all persons that will assert talc-related personal injury claims against the Imerys Debtors after the confirmation of a plan but who have not presently done so (collectively, the "<u>Imerys Future Claimants</u>"), pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I submit this declaration in support of the *Joint Motion of the Imerys Debtors and the Cyprus Debtor for an Order (I) Approving the Settlement Agreement Between the Imerys Debtors, the Cyprus Debtor, Johnson & Johnson, and the Other Parties Thereto, and (II) Approving the Sale of Certain Rights* [Case No. 19-10289 (LSS) Docket No. 6376; Case No. 21-10398 (LSS) Docket No. 2361] (the "<u>Motion</u>").[2] More specifically, I submit this declaration in support of the Estate Allocation (defined below).

---

[1] The Debtors in these cases, together with the last four digits of each Debtor's federal taxpayer identification number, are: Imerys Talc America, Inc. (6358), Imerys Talc Vermont, Inc. (9050) and Imerys Talc Canada Inc. (6748). The Debtors' address is 100 Mansell Court East, Suite 300, Roswell, Georgia 30076.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

2. This declaration is based upon my personal knowledge and experience in the Imerys Cases, my review of various documents, discussions with my advisors, and other due diligence. This declaration describes my recollection and analysis at this time based on the information currently available to me. It does not attempt to capture every detail of every topic addressed. I reserve the right to revise, amend, and/or supplement my declaration as appropriate in my judgment to address other matters or to the extent additional or updated information becomes available to me.

3. On February 27, 2019, the Imerys Debtors filed a motion to appoint me as the Imerys FCR *nunc pro tunc* to the Petition Date, and the Court approved the motion on June 3, 2019. I have served as the Imerys FCR throughout the Imerys Cases.

4. On February 11, 2021, the Cyprus Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court (the "Cyprus Case"). Similar to the Imerys Cases, the Cyprus Case was filed to address Talc Personal Injury Claims by channeling them to a trust created under sections 105 and 524(g) of the Bankruptcy Code.[3]

5. I am a signatory to and fully support Court approval of the Settlement Agreement.

6. Since my engagement as the Imerys FCR, my professionals and I have become intimately familiar with the complex web of issues and parties associated with the Imerys Cases and Cyprus Case. Based on this knowledge and experience, in combination with my professionals' participation in the extensive negotiations that resulted in the Settlement Agreement, and my understanding of such negotiations, I believe that the Estate Allocation in the Settlement Agreement is fair and equitable and is in the best interests of the Imerys Future Claimants.

---

[3] Decl. of D.J. (Jan) Baker, Independent Director of the Debtor, in Support of Chapter 11 Petition and First Day Pleadings ¶ 57, *In re Cyprus Mines Corp.*, Case NO. 21-10398 (LSS) [Docket No. 7].

7. As explained in the Motion, various complex disputes existed between the Imerys Debtors' estates, on the one hand, and the Cyprus Debtor's estate, on the other, regarding potentially competing rights to recovery on potential claims against J&J and its affiliates (collectively, including any successors thereto, "J&J") for indemnity arising under the J&J Agreements. The Imerys Debtors and Cyprus Debtor's Plans, if confirmed, fully resolves those disputes. But, considering the complexity and potential attendant costs of litigating such disputes if the Plans are not confirmed or do not become effective, the Imerys Debtors, the Cyprus Debtor, and the Claimant Fiduciaries determined it was prudent to ensure that such disputes were resolved through the Settlement Agreement. Accordingly, as a component of the overall Settlement Agreement, to the extent payments are made by J&J with respect to the J&J Payment Obligations prior to the Plans' Effective Date, the Imerys Debtors and the Cyprus Debtor have agreed to direct J&J to pay 50% of such funds to the Imerys Designated Account and 50% of such funds to the Cyprus Designated Account (the "Estate Allocation").

8. I believe that the Estate Allocation, an even split between the two estates, is fair and equitable considering the Imerys and Cyprus estates' competing claims under the J&J Agreements. Both estates have consistently asserted that they have broad direct indemnity rights against J&J arising from the historical agreements, and both commenced adversary proceedings with detailed allegations in support of their claims. My conclusion regarding the Estate Allocation is based on my and my advisors' evaluation of the J&J Agreements and the relative strength of the Imerys and Cyprus estates' potential claims under the J&J Agreements.

9. In the event that the Settlement Agreement is approved, but the Plans do not become effective, I believe that it is in the best interests of Imerys Future Claimants for the Imerys Debtors' estates to have access to the funds provided for pursuant to the Estate Allocation

without the need to engage in litigation, which would consume significant time and resources to the detriment of Imerys Future Claimants.

10. Based on the above, under the circumstances, the Estate Allocation provided for in the Settlement Agreement is fair and equitable, is in the best interests of the Imerys Future Claimants, and should be approved as part of the Court's consideration of the Motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: September 23, 2024          /s/ *James L. Patton, Jr.*

                                                                                                                James L. Patton, Jr.